UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ZOOM SECURITIES LITIGATION. | Case No. 20-cv-02353-JD<br><br>**ORDER RE CONSOLIDATION** |

*Drieu v. Zoom Video Communications, Inc.* (No. 20-cv-02353-JD) and *Brams v. Zoom Video Communications, Inc.* (No. 20-cv-02396-JD) are related putative class actions with substantially similar allegations of securities fraud against Zoom Video Communications, Inc. and two of its officers. The cases involve common questions of law and fact. Consequently, as has been requested without opposition, the cases are consolidated for all purposes, including trial. Fed. R. Civ. P. 42(a).

The cases are consolidated into the lowest-numbered case, No. 20-cv-02353-JD, which is re-captioned as *In re Zoom Securities Litigation*. All filings must be made in that case. The other case will be closed.

If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all purposes. This order will apply to every subsequently related action without a further order of the Court. A party that objects to consolidation, or to any other provision of this order, must file an application for relief from this order within ten (10) days after the date on which the party's counsel receives a copy of the order.

The parties must file a Notice of Related Cases pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this

District.  If the Court determines that the case is related, the Clerk of the Court will:

    a.    file a copy of this order in the separate file for such action;

    b.    serve on plaintiff's counsel in the new case a copy of this order;

    c.    direct that this order be served upon defendants in the new case; and

    d.    make the appropriate entry in the master docket sheet (No. 20-cv-02353-JD).

If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

Pending appointment of a lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and the filing of a consolidated amended complaint, defendants do not need to respond to the current complaint.  Defendants are not deemed to have waived any defenses available to them under the Federal Rules of Civil Procedure or any other statute or common law.

Counsel are directed to file by May 29, 2020, a proposed schedule for appointment of lead plaintiff, the filing of the consolidated complaint, and motion to dismiss briefing.

**IT IS SO ORDERED.**

Dated:  May 18, 2020

JAMES DONATO
United States District Judge