Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE ZOOM SECURITIES LITIGATION. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-cv-02353-JD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE ZOOM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**<br><br>CLASS ACTION<br><br>JUDGE: Hon. James Donato<br>Hearing Date: July 16, 2020<br>Time: 10:00 a.m.<br>Ctrm: 11 – 19th Floor |

The Zoom Investor Group[1] respectfully submits this memorandum of points and authorities in further support of its motion for appointment as lead plaintiff and approval of

[1] All capitalized terms are defined in the Zoom Investor Group's motion brief (Dkt. No. 38), unless otherwise specified herein.

counsel (Dkt. No. 38); and in opposition to the competing motion of Adam M. Butt (Dkt. No. 38).[2]

## I. INTRODUCTION

Under the PSLRA, courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

Movants have triggered the PSLRA's "most adequate plaintiff" presumption. First, the Zoom Investor Group has the largest financial interest in this litigation; indeed, one member of the group, Dr. Tony D. Pham, individually has a larger financial interest in this matter than Butt, the only remaining competing movant. The table below sets forth the respective financial interests of the Zoom Investor Group compared to Mr. Butt.

| Movant | Losses |
|---|---|
| **1. Zoom Investor Group** | **1. $708,760** |
| **1a. Tony D. Pham** | **1a. $327,300** |
| **1b. Kwan Sin Ng** | **1b. $202,105** |
| **1c. Michael Bens** | **1c. $94,893** |
| **1d. Bhadresh Shah** | **1d. $84,462** |
| **2. Adam M. Butt** | **2. $209,500** |

Second, as set forth in the Zoom Investor Group's moving papers, the Zoom Investor Group has made a *prima facie* showing of its adequacy and typicality under Rule 23. *See Cendant*, 264 F.3d at 264 (investors "with large losses will, more often than not, satisfy the typicality and adequacy requirements.").

Having alleged the greatest financial interest in the litigation and made the requisite *prima facie* showing of adequacy and typicality within the meaning of the PSLRA, the Zoom Investor Group has established that it is the presumptive "most adequate plaintiff" of the Class. This presumption in favor of the Zoom Investor Group "may be rebutted only upon proof." 15

[2] Another putative class member, Lawrence Jarnes, initially filed a competing motion. Dkt. No. 34. On June 19, 2020, Mr. Jarnes filled a notice stating his non-opposition to the competing lead plaintiff motions before the Court. Dkt. No. 42.

U.S.C. §78u-4(a)(3)(B)(iii)(II). Because the only remaining competing movant, Mr. Butt, can offer no proof to rebut the presumption in favor of the Zoom Investor Group, the Court should grant the Zoom Investor Group's motion in its entirety and deny Mr. Butt's competing Lead Plaintiff motion.

## ARGUMENT

## II. THE ZOOM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Zoom Investor Group Is The Presumptive "Most Adequate Plaintiff" Within The Meaning Of The PSLRA

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that the Zoom Investor Group is the presumptive lead plaintiff and that the Court should grant the Zoom Investor Group's motion.

The Zoom Investor Group has triggered the PSLRA's "most adequate plaintiff" presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Zoom Investor Group, as well as its member with the greatest losses, has the largest losses of any movants before the Court. Therefore, the Zoom Investor Group has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, the Zoom Investor Group alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about Zoom's business. The Zoom Investor Group purchased Zoom securities at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, the Zoom Investor Group satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Moreover, the members of the Zoom Investor Group have demonstrated their adequacy as class representatives by submitting sworn certifications affirming to their willingness to serve as, and carry out the responsibilities of, class representatives. (Dkt. No. 39-3). The Zoom Investor Group's members further attested to their shared commitment to fulfilling in a Joint Declaration filed with their moving papers ("Opening Joint Declaration") (*see generally* Dkt. No. 39-4) and, as discussed in greater detail *infra* at Section II.C., a second Joint Declaration further attesting to their adequacy ("Response Joint Declaration"). *See* Declaration of Laurence M. Rosen in Further Support of The Zoom Investor Group's Motion and in Opposition to Competing Motion ("Rosen Decl."), Ex. 1, filed herewith.

In sum, based on its financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, the Zoom Investor Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**B. The Competing Movant Cannot Rebut The Statutory Presumption In Favor Of The Zoom Investor Group**

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

The Zoom Investor Group is aware of no facts that Butt could adduce that could satisfy the high standard of "proof" required by the PSLRA, and respectfully submits that any arguments to the contrary should be rejected as mere speculation.

**C. The Zoom Investor Group is a Proper Group**

In an effort to rebut the presumption in favor of the Zoom Investor Group, competing movant, Mr. Butt, may argue that the Zoom Investor Group is not a proper group. However, the PSLRA expressly permits a group of investors to serve as lead plaintiff and to aggregate the losses sustained by members of appropriate movant groups for purposes of evaluating the competing lead plaintiff motions. See 15 U.S.C. §78u-4(a)(3)(B)(iii) (noting that a "group of persons" can be the "most adequate plaintiff"). Grouping is a non-issue here because the Zoom Investor Group member with the greatest individual loss, Dr. Pham, has a larger loss than any other competing movant before the Court, including Mr. Butt. *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. Oct. 21, 2009) ("it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement – one of its members could meet that requirement by herself."); *Sabbagh v. Cell Therapeutics, Inc.*, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 2, 2010) ("The Court's confidence…is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial

5

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE ZOOM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION—3:20-cv-02353-JD

interests of any of the other applicants. In actuality, two of the members…have *individual* losses...which exceed the financial interests of all other applicants. …") (emphasis in original); *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at * 5 (S.D. Cal. Jan. 5, 2004) (appointing group as lead plaintiff where one movant within group had largest losses as compared to competing movants: "[i]t makes no practical difference if Spear Capital [movant with largest losses in group] chooses to associate with other shareholders in order to further distance itself from the next proposed lead plaintiff"); *Petrie v. Electronic Game Card, Inc.*, 2010 WL 2292288, at * 2 (C.D. Cal. June 4, 2010) (appointing group of three individual investors lead plaintiff where constituent member had largest loss as to any other competing individual: "This is not a case where individual investors use aggregation to push ahead of an individual investor whom, taken individually, who have a greater financial loss than them.").

Moreover, Courts in the Ninth Circuit and throughout the country have been receptive to appointing small groups of unrelated investors where its members have demonstrated their cohesiveness, ability to work together, and that the proposed group is capable of actively overseeing the litigation and monitoring its counsel. *See Cook v. Atossa Genetics, Inc.*, 2014 WL 585870, at * 6 (W.D. Wash. Feb. 14, 2014) (citing cases); *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581 at *6 (N.D. Cal. Nov. 8, 2019) ("[C]ourts in the Ninth Circuit have allowed small groups that lack a pre-litigation relationship to serve as lead plaintiff, so long as the Court determines that the proposed group is capable of actively overseeing the litigation and monitoring its counsel."); *Bruce v. Suntech Power Holdings Co. Ltd.*, 2012 WL 5927985 at *2 (N.D. Cal. Nov. 13, 2012) ("While a pre-litigation relationship amongst lead plaintiffs is preferred, it is not required").

*In re Molycorp, Inc. Sec. Litig.*, No. 12-CV-0292-WJM-KMT, 2012 WL 13013602, at *3 (D. Colo. May 29, 2012) is particularly illustrative. There, the court held that aggregation was appropriate when the movants signed declarations demonstrating their cooperative intentions and cohesiveness. *Id.*, at *8-9. The court then explained:

> there are significant public policy advantages to appointing a small, cohesive group of investors as Lead Plaintiff, as opposed appointing to single individual. A

> small, cohesive group can best represent the interests of the absent class members in the event that a Lead Plaintiff later withdraws, or if defendants successfully challenge one of the group during the pendency of the litigation. … Further, a small group of investors are more likely to diligently monitor counsel, and more likely to make consensus decisions that protect the interests of absent class members, rather than simply protecting the financial interests of a single individual.

*Id*., at *10 (citing cases) (emphasis added).

In *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019), this Court denied a group of investors lead plaintiff status because they were a group of unrelated investors. In *Stitch Fix*, however, no individual in the movant investor group had the single greatest loss of all the lead plaintiff movants. Here, by contrast, Dr. Pham of the Zoom Investor Group has the greatest loss of any individual movant, losing $327,300 as a result of his transaction in Zoom securities. Furthermore, in *In re InvenSense, Inc. Securities Litigation*, Case No. 3:15-cv-00084, this Court appointed as lead plaintiff a group of individuals who did not have a preexisting relationship prior to the lawsuit. *See* Case No. 3:15-cv-00084, Dkt. 59.

Here, the Zoom Investor Group has submitted its Opening Joint Declaration (Dkt. No. 39-4) attesting to, *inter alia*, its members' respective backgrounds and demonstrating their agreement to file a motion jointly seeking appointment as co-lead plaintiffs, their understanding of the significance of filing the lead plaintiff motion, and their desire to achieve the best possible recovery for the Class. The Zoom Investor Group also submits herewith its Response Joint Declaration, which further reiterates and demonstrates that the group members: (a) agreed to work together as a group and retain Rosen Law and Pomerantz as Co-Lead Counsel; (b) are aware of their fiduciary duties as Lead Plaintiffs; (c) are committed to protecting the interests of the class; (d) have communication mechanisms in place; (e) have an agreed method to resolve disputes; and (f) have participated in a group conference call. *See* Rosen Decl., Ex. 1. Courts have approved groups that have submitted similar declarations. *See, e.g., In re Nature's Sunshine Products, Inc*., 2006 WL 2380965, at * 1 (D. Utah Aug. 16, 2006) (submitted affidavits "demonstrat[ed] the cooperative intentions and efforts of the group."); *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, 2009 WL 2710413, at *9-10 (N.D. Cal.

Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submit[ting] declarations attesting that they will work together to monitor the litigation and to ensure that the litigation is efficiently prosecuted."); *Goldstein v. Puda Coal, Inc.*, 827 F.Supp.2d 348, 356 (S.D.N.Y. 2011) (same); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at * 4 (E.D.N.Y. Dec. 15, 2017) (same).

### D. If the Court is Not Inclined to Appoint a Group, Movant Dr. Pham Should Be Appointed as Lead Plaintiff

Although the Zoom Investor Group has moved to be appointed Lead Plaintiff and believe it is appropriate, the group members understand that the Court may not be inclined to appoint a group as Lead Plaintiff. Joint Declaration ¶8. If so, the appropriate remedy is not to reject the group's motion *in toto*. Rather, if the Court declines to appoint the Zoom Investor Group as Lead Plaintiff for any reason, each member of the group stands ready to be considered and serve as sole lead plaintiff. *Id*. If the Court is inclined to appoint only one individual rather than a group as the Lead Plaintiff, Dr. Pham should be appointed. As discussed herein, Dr. Pham suffered the greatest loss of any individual movant at $327,300 – over $100,000 more than competing movant Mr. Butt's claimed losses of $209,500 in connection with his purchases of Zoom securities.

As such, given Dr. Pham's largest individual loss, the Zoom Investor Group respectfully requests that, if the group cannot be granted lead plaintiff status, Dr. Pham be named lead plaintiff.

## III. THE ZOOM INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, the Zoom Investor Group selected Rosen Law and Pomerantz as Co-Lead Counsel. As demonstrated in their moving papers (*See* Dkt. No. 38, at 11), both firms have the resources and expertise to litigate this action efficiently and aggressively. Additionally, both firms have worked cooperatively in a number of securities litigations and can work together efficiently and avoid duplication.

**IV. THE COMPETING MOTION OF MR. BUTT SHOULD BE DENIED**

The competing motion of Mr. Butt should be denied because the Zoom Investor Group has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analysis.

In acknowledging that the financial interest inquiry alone suffices to mandate denial of Mr. Butt's competing motion, the Zoom Investor Group does not concede that Mr. Butt has made a *prima facie* showing of adequacy and/or typicality within the meaning of Rule 23. The Zoom Investor Group reserves its right to address Mr. Butt's adequacy and/or typicality, should the Court reach those motions through the iterative process under *Cavanaugh*.

**V. CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing the Zoom Investor Group as Lead Plaintiff of the class; (2) approving Rosen Law and Pomerantz as Co-Lead Counsel; and (3) denying the competing Lead Plaintiff Motion of Mr. Butt.

Dated: June 22, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

10

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE ZOOM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION—3:20-cv-02353-JD

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On June 22, 2020, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE ZOOM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on June 22, 2020.

/s/ Laurence M. Rosen
Laurence M. Rosen