ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ZOOM SECURITIES LITIGATION | ) | Case No. No. 2:20-cv-02353-JD |
| | ) | |
| | ) | REPLY TO COMPETING MOTIONS FOR |
| This Document Relates To: | ) | APPOINTMENT OF LEAD PLAINTIFF |
| | ) | AND APPROVAL OF SELECTION OF |
| ALL ACTIONS. | ) | COUNSEL |
| | ) | |

DATE: July 16, 2020
TIME: 10:00 a.m.
CTRM: 11, 19TH FLOOR
JUDGE: HON. JAMES DONATO

4840-5991-8273.v1

## I.   INTRODUCTION

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") has been narrowed down to Adam M. Butt and the loosely-constructed group of four individuals hailing from separate continents without pre-existing relationships called the Zoom Investor Group.[1]  Only one motion is substantively unopposed: Mr. Butt's.

By failing to oppose Mr. Butt's motion, the Zoom Investor Group effectively concedes that Mr. Butt is entirely typical and adequate, and is not subject to any defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii).   Indeed, unlike the Zoom Investor Group, Mr. Butt meets all of the statutory requirements as he filed a timely motion, suffered a substantial loss of more than $209,000, satisfies the Rule 23 requirements, and is not subject to any defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

In stark contrast to the lack of opposition to Mr. Butt's motion, the Zoom Investor Group cannot be appointed lead plaintiff as its eagerness to abandon the group to appoint just Dr. Tony D. Pham, the group member claiming the largest individual loss, "betray[s] a lack of cohesion." *McDermid v. Inovio Pharm.*, *Inc.*, 2020 WL 3288189, at \*5 (E.D. Pa. June 18, 2020).  Moreover, such a "willingness to abandon the group only suggests how loosely it was put together," *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at \*4 (D. Ariz. Apr. 7, 2008), which confirms that the group is, as Mr. Butt suspected, an artificial amalgamation consisting of individuals "whose relationship and group status were forged only by [its] lawyer[s]." *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835 (N.D. Cal. 2019) (Donato, J.).

Recognizing its failure to meet the requisite evidentiary showing that it is not a lawyer-driven artificial amalgamation, the Zoom Investor Group submits yet another joint declaration in an attempt to justify its aggregation (the "Second Joint Declaration").  ECF No. 44-1.  But despite granting itself a mulligan, the Zoom Investor Group's Second Joint Declaration falls woefully short of rehabilitating its motion.  *Infra* at §B.  Nor should the Court accept the Zoom Investor Group's *post hoc* invitation to appoint Dr. Pham individually because "under the plain text of the [PSLRA], the

---

[1]   On June 19, 2020, Lawrence Jarnes filed a notice of non-opposition to the competing lead plaintiff motions.  *See* ECF No. 42.

Court can only consider the individual that has . . . made the motion," and he did not file a motion seeking individual appointment, let alone request individual appointment by the statutory deadline. *Kinney v. Capstone Turbine Corp.*, 2016 WL 5341948, at *3 n.3 (C.D. Cal. Feb. 29, 2016); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).  And, even were the Court to consider Dr. Pham individually, he cannot satisfy the Rule 23 requirements as he is subject to unique defenses.  *Infra* at §B.

In short, regardless of the Zoom Investor Group's claimed losses, it cannot be appointed lead plaintiff.  Mr. Butt should thus be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.").

## II.      ARGUMENT

### A.      The Zoom Investor Group Effectively Conceded That Mr. Butt Is Adequate and Typical

While the Zoom Investor Group's brief is partially titled an "***Opposition*** to Competing Motion," it actually consists of nine pages of statements in further support of its own motion.  *See* ECF No. 43.  Indeed, the Zoom Investor Group's brief made no significant "argument against [Mr. Butt] other than pointing out [his] relatively low[er] financial stake in the litigation."  *Tsirekidze*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see* ECF No. 43 at 2, 9 (failing to make any substantive argument against Mr. Butt's motion).

Instead, on the final page of its brief, the Zoom Investor Group declared – without citing any authority – that it "does not concede that Mr. Butt has made a *prima facie* showing of adequacy and/or typicality" and that it was "reserv[ing] its right to address Mr. Butt's adequacy and/or typicality, should the Court reach those motions through the iterative process."  *Id.* at 9.  The undersigned counsel is unaware of any authority that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules.  Indeed, the Court's Local Civil Rules required the Zoom Investor Group to file its opposition by June 15, 2020.  *See*

REPLY TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - No. 2:20-cv-02353-JD

- 2 -

4840-5991-8273.v1

Civ. L.R. 7.3(a). The Zoom Investor Group failed to do so. Consequently, irrespective of its *ipse dixit* "reservation," the Zoom Investor Group's failure to oppose Mr. Butt's motion is a sufficient basis to grant his motion. *See, e.g.*, *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Cristo v. U.S. Sec. & Exch. Comm'n*, 2020 WL 2735175, at *6 (S.D. Cal. May 26, 2020) ("[b]ecause Plaintiff has failed to oppose the arguments, they are conceded and waived").[2]

Mr. Butt is the only candidate that satisfies all of the PSLRA's requirements and his motion should thus be granted.

**B.      The Zoom Investor Group's Opposition and Second Joint Declaration Fail to Rehabilitate Its Motion and Exacerbate Its Deficiencies**

Recognizing that its initial Joint Declaration does nothing to change its status as a lawyer-driven group, the Zoom Investor Group submitted an additional declaration which only further demonstrates the group's ***in***adequacy. ECF No. 44-1. For example, hollow platitudes aside, the Second Joint Declaration remains entirely silent as to: ***how*** the group consisting of members hailing from separate continents was formed, ***how*** the group plans to communicate across varying time zones, ***how*** the class would benefit from the added expense and logistical challenges of having four individuals serve as lead plaintiff, and ***why*** the group was unable or unwilling to agree to a single law firm to serve as lead counsel. *See generally id.* Such dearth of information, once again, falls woefully short of the Zoom Investor Group's necessary evidentiary showing that it is not a lawyer-driven artificial amalgamation. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1023, 1026 (N.D. Cal. 1999) ("'If the proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion should be denied or modified as the court sees fit.'") (citation omitted).

Further evidencing the Zoom Investor Group's artificial construction is its members' (or proposed lead counsel's) new-found eagerness to disband the group altogether. ECF No. 44-1 at ¶8

---

[2]      The Zoom Investor Group should not be permitted to oppose Mr. Butt's motion for the first time in its reply brief. *See Morrow v. City of Oakland*, 2015 WL 982910, at *1 (N.D. Cal. Mar. 3, 2015) (Donato, J.) ("[T]he Court finds that these are new arguments which have been raised for the first time in a reply brief and as to which Mr. Morrow has had no opportunity to respond. Such arguments are not permitted, and Mr. Wilson's motion to dismiss is denied on that basis.").

REPLY TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF COUNSEL - No. 2:20-cv-02353-JD
4840-5991-8273.v1

- 3 -

("[I]f the Court is not inclined to appoint a group of investors as Lead Plaintiff, we are each ready, willing and able to be considered and serve as sole Lead Plaintiff."); ECF No. 43 at 8 ("If the Court is inclined to appoint only one individual rather than a group as the Lead Plaintiff, Dr. Pham should be appointed."). As Mr. Butt's Opposition forewarned, however, the Zoom Investor Group's "willingness to abandon the group only suggests how loosely it was put together." *Tsirekidze*, 2008 WL 942273, at \*4; ECF No. 46 at 9. And, as Judge Chen aptly recognized in *Isaacs v. Musk*, the ***mere suggestion*** that a group should be broken apart "suggests that the group is artificial and should not have been brought in the first place." 2018 WL 6182753, at \*3 (N.D. Cal. Nov. 27, 2018).

Here, the Zoom Investor Group's willingness to abandon "such [a] marriage[] of convenience" at the alter illustrates the union's true purpose – to achieve the largest financial interest designation. *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621-22 (S.D.N.Y. 2015). To be blunt, when they did not know who the movants would be (*i.e.,* before the motions were file), the group's counsel sought the safety of numbers; when they knew only Mr. Butt would mount a serious challenge (*i.e.*, after the motions were filed), they were content to jettison the rest of the group in favor of Dr. Pham. That is a quintessential example of a group that was "created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel" and should be "disqualifi[ed]" on that basis alone. *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001).

Moreover, the Zoom Investor Group's "eleventh-hour willingness to discard" its union not only evidences "a lack of cohesion," *Inovio*, 2020 WL 3288189, at \*5, it renders its authority finding sufficient cohesion when movants submit a joint declaration entirely inapplicable. ECF No. 43 at 6-7. Indeed, none of these cases involved a willingness to disband the group or the other indicia of a lawyer-driven amalgamation present here. *Id.* at 7-8; *In re Nature's Sunshine Prods., Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (out-of-circuit case involving a smaller group seeking to appoint a single firm as lead counsel); *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, 2009 Wl 2710413 (N.D. Cal. Aug. 26, 2009) (unopposed motion where court expressly found that the two-person group came together in response to the original lead plaintiff's standing issues rather than to manufacture the largest financial interest); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (out-of-circuit case involving smaller group); *In re Blue Apron Holdings, Inc. Sec.*

*Litig.*, 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) (out-of-circuit case involving two dueling groups seeking to serve as lead plaintiff).

Finally, the Zoom Investor Group's assertion that one of its members claims the largest individual loss cannot save its motion. *See* ECF No. 43 at 5. The Third Circuit, in requiring district courts to consider the way in which a lead plaintiff movant group was formed, held that if "a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner." *Cendant*, 264 F.3d at 267. Accordingly, the determination of whether a group is lawyer-driven must be based upon information about the group ***when the group was created***. The cases relied upon by the Zoom Investor Group here stand for the purported proposition that groups whose members include the individual with the largest individual financial interest cannot be lawyer-driven. *See* ECF No. 43 at 5 (citing cases). Such a holding must, however, be premised on the assumption that the groups' members knew ***when the group was created*** that one of its members would ultimately assert the largest individual financial interest. Yet, when the Zoom Investor Group was formed, neither its members nor its counsel could have known any of the other movants' claimed financial interests because the motions disclosing the competing movants' losses had not yet been filed. *Compare* ECF No. 39-4 at 5 (joint declaration signed by Zoom Investor Group member at 1:37 PM PDT) *with* Declaration of Danielle S. Myers in Support of Reply to Competing Motions for Appointment of Lead Plaintiff and Approval of Selection of Counsel Ex. A (ECF notification indicating that Mr. Butt's motion was filed at 9:47 PM PDT).

Simply put, there is simply ***no*** evidence that the Zoom Investor Group was formed for any other purpose than for its counsel to be able to assert the largest possible financial interest in an attempt to ensure its appointment as lead counsel. Consequently, despite the proffer of the Second Joint Declaration, there remains no defensible reason to appoint the Zoom Investor Group as it is an unrelated cobbled-together group of individuals that has failed: (i) to adequately explain why the

lead plaintiff role should be splintered among them; and (ii) to make the *prima facie* showing of adequacy required of a proper lead plaintiff group.[3]

### C.    The Court Should Decline The Zoom Investor Group's *Post Hoc* Invitation to Break Up the Group

Dr. Pham, the Zoom Investor Group's member with the single largest alleged loss, did not individually file a lead plaintiff motion, separate and apart from the rest of the group members.  *See* ECF No. 38 at 1 (motion expressly filed seeking "the entry of an Order: (1) appointing the Zoom Investor Group as Lead Plaintiff").  Consequently, and as outlined in Mr. Butt's Opposition, any consideration of Dr. Pham "for appointment as lead plaintiff rises and falls with the group." *Marcus v. J.C. Penney Co.*, 2014 WL 11394911, at \*6 (E.D. Tex. Feb. 28, 2014); *see also Stitch Fix*, 393 F. Supp. 3d at 836 (declining to consider the group members' individual losses); *Kinney*, 2016 WL 5341948, at \*3 n.3 ("[U]nder the plain text of the statute, the Court can only consider the individual that has filed the complaint or made the motion. Here, that entity is the Capstone Investor Group, not Van Fossen."); *Tsirekidze*, 2008 WL 942273, at \*4 (D. Ariz. Apr. 7, 2008) ("At one point, the group suggests that we pluck one of its top-two constituents to serve as lead plaintiff . . . .  We decline to do so.  The Farrukh Group moved for lead plaintiff as a group and will be evaluated as such."); ECF No. 46 at 8-9 (collecting cases).

The Court should thus reject the Zoom Investor Group's *post hoc* invitation to retroactively amend their motion to seek Mr. Pham's individual appointment, particularly considering that the PSLRA required all motions to be filed by June 8 and Mr. Pham did not so move by that date.

### D.    Dr. Pham Cannot Trigger the "Most Adequate Plaintiff" Presumption

Even if the Court was inclined to allow the Zoom Investor Group to disband to consider Dr. Pham's individual appointment, Dr. Pham would be unable to satisfy the Rule 23 requirements as he

---

[3]    The Zoom Investor Group's attempt to distinguish the Court's holding in *Stitch Fix* is unavailing as individual group member losses played no role in the Court's ruling that "the clear consensus in our district is that a group of investors who had no pre-existing relationship with one another, ***and whose relationship and group status were forged only by a lawyer***, is not appropriate to be lead plaintiff based on their aggregated losses."  393 F. Supp. 3d at 835 (emphasis added); ECF No. 43 at 7.  Similarly unpersuasive is the Zoom Investor Group's reliance on *In re InvenSense, Inc. Sec. Litig.*, No. 3:15-cv-00084 (N.D. Cal.), as the case involved an ***unopposed*** motion.  *See* ECF No. 59 (granting the movants' stipulation).

REPLY TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - No. 2:20-cv-02353-JD
4840-5991-8273.v1

- 6 -

is subject to unique defenses that will become a significant focus of the litigation. *See* ECF No. 46 at 9-10. As outlined in Mr. Butt's Opposition, Dr. Pham sold all of his Zoom shares nearly three months **before** the market learned that Zoom's video conferencing software was not, in fact, end-to-end encrypted along with other security-related disclosures that caused Zoom's stock price to fall precipitously. *See id.* at 10. Thus, to maintain Dr. Pham's financial interest, the Court would have to reject any anticipated challenge by defendants as to loss causation and must uphold the two earlier corrective disclosures: (1) July 8, 2019, which allegedly caused a 1.22% stock price drop; and (2) July 11, 2019, which allegedly caused a similar drop of 1.44%, for Dr. Pham to have standing to assert a claim in this case. That reality based on the timing of his sales renders Dr. Pham vulnerable to a serious challenge by defendants pursuant to the Supreme Court's holding in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). ECF No. 46 at 10.

Moreover, Dr. Pham's adequacy is further impugned by the fact that his Certification failed to represent that he "[a]dopts" the underlying complaint's allegations or "[s]pecif[y] the allegations [he] intends to assert" as mandated in this District. *See* Civil L.R. 3-7(c); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"); ECF No. 39-3 at 2-3.

Accordingly, Dr. Pham cannot satisfy the Rule 23 typicality and adequacy requirements because he will be subject to unique defenses that will become a major focus of the litigation.

**III.    CONCLUSION**

Mr. Butt is the only movant that meets all of the PSLRA's requirements, and as such, he should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

DATED:  June 29, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


                          s/ Danielle S. Myers
                    DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 29, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

4840-5991-8273.v1

## Mailing Information for a Case 3:20-cv-02353-JD Drieu v. Zoom Video Communications, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jenna C Bailey**
  jbailey@cooley.com,jcorrell@cooley.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Reza John Harris**
  rjharris@cooley.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,ealdo@faruqilaw.com,smarton@faruqilaw.com,ecf@faruqilaw.com,bgiacalone@faruqilaw.com,tpeter@faruqilaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,efiling-notice@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)