# EXHIBIT 1

from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## **PROPOSED PLAN OF ALLOCATION**

46.  The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged violations of the federal securities laws, as opposed to losses caused by market, industry, or company-specific factors or factors unrelated to the alleged violations of law. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.  The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period in which Lead Plaintiff alleges corrective information was entering the market place. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between April 18, 2016 through and including February 8, 2018, which had the effect of artificially inflating the price of Quantum common stock.

48.  In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Quantum common stock.  Lead Plaintiff alleges, among other things, that artificial inflation was removed from the price of Quantum common stock as a result of the alleged corrective disclosures that occurred on August 9, 2017 and February 8, 2018.[3]

49.  To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

---

[3] Any transactions in Quantum common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

15

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

50.  Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Quantum common stock that was publicly traded on the NYSE during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number or zero, that Recognized Loss Amount shall be zero.

51.  For all Quantum common stock that were purchased during the period from April 8, 2016 through and including August 9, 2017, that were:

    a.   sold prior to August 10, 2017, the Recognized Loss is $0;

    b.   sold during the period from August 10, 2017 through February 7, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $7.41, minus (b) the greater of the sale price and $5.38; and

    c.   still held on February 8, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $7.41, minus (b) the greater of the sale price and $3.90.

52.  For all Quantum common stock that were purchased during the period from August 10, 2017 through February 8, 2018, that were:

    a.   sold prior to February 8, 2018, the Recognized Loss shall be $0; and

    b.   still held on February 8, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $5.57, minus (b) the greater of the sale price and $3.90.[4]

---

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Quantum common stock during the 90-day look-back period. The mean (average) closing price for Quantum common stock during this 90-day look-back period was $3.87.

16

Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses
Case No. 3:18-cv-00923-RS