# EXHIBIT 2

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

56.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

57.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of RH common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

58.    In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in RH common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation in RH common stock is stated in Tables A-1 and A-2 at the end of this Notice.

59.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of RH common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between March 26, 2015 and June 8, 2016, inclusive, which had the effect of artificially inflating the price of RH common stock.  Lead Plaintiffs further allege that corrective information was released to the market on:  December 10, 2015 (after the close of trading), February 24, 2016 (after the close of trading), March 17, 2016 (before the opening of trading), and June 8, 2016 (after the close of trading), which partially removed the artificial inflation from the prices of RH common stock on:  December 10-14, 2015, February 25, 2016, March 17, 2016, and June 9-10, 2016.[4]

60.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of RH common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired RH common stock prior to the first corrective disclosure, which occurred after the close of the financial markets on December 10, 2015, must have held his, her, or its shares of RH common stock through at least the opening of trading on December 11, 2015.  A Class Member who purchased or otherwise acquired RH common stock from December 11, 2015 through and including the close of trading on June 8, 2016

---

[4] With respect to the partial corrective disclosure that occurred on December 10, 2015, the alleged artificial inflation was removed from the price of RH common stock over the following two days: Friday, December 11, 2015 and Monday, December 14, 2015.  With respect to the partial corrective disclosure that occurred on June 8, 2016, the alleged artificial inflation was removed from the price of RH common stock over the following two days: Thursday, June 9, 2016 and Friday, June 10, 2016.

must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of RH common stock.

61. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

62. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

63. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

64. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form post-marked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 28 above) against the Defendants' Releasees (as defined in ¶ 29 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

65. Participants in and beneficiaries of an RH employee benefit plan covered by ERISA ("RH ERISA Plan") should NOT include any information relating to their transactions in RH common stock held through the RH ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY shares they purchased outside of the Plan.

66. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

67. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

68. Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

69. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of RH common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

70. For each share of RH common stock purchased or otherwise acquired during the period from March 26, 2015 through and including the close of trading on June 8, 2016, and:

A.    Sold before December 11, 2015, the Recognized Loss Amount will be $0.00;

B.    Sold from December 11, 2015 through and including June 8, 2016, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 minus the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions);

C.    Sold from June 9, 2016 through and including the close of trading on September 6, 2016, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 minus the amount of artificial inflation per share on the date of sale as stated in Table A-2; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the average closing price between June 9, 2016 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions); or

D.    Held as of the close of trading on September 6, 2016, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus $29.86.[5]

## ADDITIONAL PROVISIONS

71.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to RH common stock.

72.    **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of RH common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.   Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

[5]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of RH common stock during the "90-day look-back period," June 9, 2016 through and including September 6, 2016.  The mean (average) closing price for RH common stock during this 90-day look-back period was $29.86.

17