# EXHIBIT 6

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on February 1, 2019. Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Class Counsel assert, and believe the Class would present supporting evidence at trial establishing, liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted or that may be asserted by Defendants.

In light of the foregoing, Class Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Class Counsel have determined that the Settlement is in the best interests of the Class.

**The Release**

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge and dismiss with prejudice all claims and causes of action of any nature whatsoever that have been or could have been asserted in the Action that arise out of, are based upon, or relate to in any way any of the allegations in the Action or otherwise arise out of, or relate to, the purchase, acquisition, or sale of Thoratec stock during the Class Period as against each and all of the Defendants and other released parties, without costs to any party except as provided herein ("Released Claims"), upon the Effective Date, as defined in §1(i) of the Stipulation of Settlement. Lead Plaintiffs and all Class Members, whether or not any such Person submits a Proof of Claim and Release Form or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Defendants and other released parties from any and all of the Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against Defendants or any of the released parties.

### III. PROPOSED PLAN OF ALLOCATION

The $11,900,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Claim Forms ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member

NOTICE OF PROPOSED SETTLEMENT
14-CV-00360-CW
-4-

lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation takes into consideration the limitation on damages provision of the PSLRA, 15 U.S.C. § 78u-4(e), the advice of Plaintiffs' experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1. **There is no Recognized Loss for shares purchased prior to May 11, 2011.**

2. **For shares purchased on or between May 11, 2011 and November 28, 2013**, and

   (a) sold on or before November 28, 2013, the Recognized Loss per share is $0.00.

   (b) sold on or between November 29, 2013 and August 6, 2014, the Recognized Loss per share is the lesser of

      • $2.64; or

      • the purchase price minus the sale price (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per share is $0.

   (c) sold on or between August 7, 2014 and November 4, 2014, the Recognized Loss per share is the lesser of

      • $12.19; or

      • the purchase price minus the sale price (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per share is $0; or

      • the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.

   (d) held through the close of trading on November 4, 2014, the Recognized Loss is the lesser of

      • $12.19; or

      • the purchase price (excluding all fees, taxes and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $25.66 . If this calculation results in a negative number, then the Recognized Loss per share is $0.

3. **For shares purchased on or between November 29, 2013 and August 6, 2014**, and

   (a) sold on or before August 6, 2014, the Recognized Loss per share is $0.

   (b) sold on or between August 7, 2014 and November 4, 2014, the Recognized Loss per share is the lesser of

- $9.55; or

- the purchase price minus the sale price (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per share is $0; or

- the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

(c) held through the close of trading on November 4, 2014, the Recognized Loss is the lesser of

- $9.55; or

- the purchase price (excluding all fees, taxes and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $25.66.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

4. **There is no Recognized Loss for shares purchased on or after August 7 , 2014.**

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 8/7/2014 | $22.74 | 9/8/2014 | $24.25 | 10/7/2014 | $25.35 |
| 8/8/2014 | $23.01 | 9/9/2014 | $24.30 | 10/8/2014 | $25.38 |
| 8/11/2014 | $23.02 | 9/10/2014 | $24.36 | 10/9/2014 | $25.40 |
| 8/12/2014 | $23.06 | 9/11/2014 | $24.42 | 10/10/2014 | $25.42 |
| 8/13/2014 | $23.12 | 9/12/2014 | $24.48 | 10/13/2014 | $25.43 |
| 8/14/2014 | $23.17 | 9/15/2014 | $24.54 | 10/14/2014 | $25.44 |
| 8/15/2014 | $23.25 | 9/16/2014 | $24.60 | 10/15/2014 | $25.45 |
| 8/18/2014 | $23.32 | 9/17/2014 | $24.65 | 10/16/2014 | $25.45 |
| 8/19/2014 | $23.43 | 9/18/2014 | $24.71 | 10/17/2014 | $25.45 |
| 8/20/2014 | $23.55 | 9/19/2014 | $24.76 | 10/20/2014 | $25.47 |
| 8/21/2014 | $23.62 | 9/22/2014 | $24.85 | 10/21/2014 | $25.49 |
| 8/22/2014 | $23.68 | 9/23/2014 | $24.90 | 10/22/2014 | $25.50 |
| 8/25/2014 | $23.73 | 9/24/2014 | $24.96 | 10/23/2014 | $25.52 |
| 8/26/2014 | $23.80 | 9/25/2014 | $25.01 | 10/24/2014 | $25.53 |
| 8/27/2014 | $23.85 | 9/26/2014 | $25.06 | 10/27/2014 | $25.55 |
| 8/28/2014 | $23.91 | 9/29/2014 | $25.12 | 10/28/2014 | $25.56 |
| 8/29/2014 | $23.97 | 9/30/2014 | $25.16 | 10/29/2014 | $25.57 |
| 9/2/2014 | $24.02 | 10/1/2014 | $25.20 | 10/30/2014 | $25.58 |
| 9/3/2014 | $24.09 | 10/2/2014 | $25.23 | 10/31/2014 | $25.61 |
| 9/4/2014 | $24.14 | 10/3/2014 | $25.28 | 11/3/2014 | $25.64 |
| 9/5/2014 | $24.20 | 10/6/2014 | $25.32 | 11/4/2014 | $25.66 |

**General Provisions:**

1.     There shall be no Recognized Loss attributed to any Thoratec securities other than Thoratec common stock.

2.     The date of a purchase or sale of Thoratec common stock is the "trade" date, and not the "settlement" date.

3.     The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4.     The date of purchase covering a "short sale" is deemed to be the date of purchase of Thoratec common stock; and the date of a "short sale" is deemed to be the date of sale of Thoratec common stock.  Shares originally sold short will have a Recognized Loss of zero.

5.     Exercise of option contracts into Thoratec common stock will be considered to be purchases or sales of Thoratec common stock as of the date of the exercise.

6.     No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Defendants or any of the Released Parties.

7.     The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

8.     No Person shall have any claim against Class Counsel, the Settlement Administrator or other agent designated by Class Counsel, or any Defendant or any Defendants' Counsel, or any of the Released Parties based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9.   Class Members who do not submit valid Claim Forms will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid Claim Form will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

## IV.     REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked no later than June 11, 2019,** addressed to the Claims Administrator at: Thoratec Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd. P.O. Box 170500. Milwaukee, WI 53217. Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Thoratec common stock during the period May 11, 2011 through November 4, 2014, including the

NOTICE OF PROPOSED SETTLEMENT
14-CV-00360-CW

-7-