# EXHIBIT 9

**CORRECTED [PROPOSED] PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

Here, the Net Settlement Fund, subject to approval by the Court, shall be distributed to Class Members who timely submit valid Claim Forms ("Authorized Claimants") pursuant to the proposed Plan of Allocation set forth below:

**A. Calculation of Recognized Losses on Purchases of Avinger Common Stock in Avinger's IPO Through and Including May 5, 2016**

Publicly tradable shares of common stock of Avinger, Inc. ("Avinger") purchased in the initial public offering dated January 29, 2015 or purchased between January 30, 2015 and May 5, 2016 inclusive are potentially eligible for damages under the Securities Act of 1933 (the "1933 Act Eligible Shares") based on their Recognized Losses (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth at ¶¶ (1)-(3) below. The total number of 1933 Act Eligible Shares is estimated to be 6.9 million. Persons that sold such 1933 Act Eligible Shares on or before July 12, 2016 shall not be credited with any Recognized Losses due to loss-limitation rules, as such shares would have been sold prior to the first corrective disclosure date (July 12, 2016) alleged in the Complaint. In addition, no shares purchased after May 5, 2016 (the date that Avinger published its financial statements covering the first quarter of 2016) shall be deemed to be 1933 Act Eligible Shares, as §11(a) of the 1933 Act would require individualized proof of each such purchaser's actual reliance on the allegedly defective portions of the January 2015 Offering Documents (for the reason that, here, an "earnings statement covering a period of at least twelve months beginning after the effective date of the registration statement" within the meaning of §11(a) became available after the close of business on May 5, 2016).

(1) For each 1933 Act Eligible Share purchased on or before September 4, 2015, the Recognized Loss for each such share shall be based on the date of sale as set forth in the following Table A:

**Table A:  Recognized Losses on 1933 Act Eligible Shares Based on Date of Sale[1]**

| Period | Begin Date | End Date | Recognized Loss (per share) |
|---|---|---|---|
| 1 | January 29, 2015 | July 12, 2016 | $ 0.00 |
| 2 | July 13, 2016 | July 13, 2016 | $ 4.53 |
| 3 | July 14, 2016 | July 31, 2016 | $ 4.95 |
| 4 | August 1, 2016 | January 5, 2017 | $ 5.07 |
| 5 | January 6, 2017 | March 6, 2017 | $ 5.23 |
| 6 | March 7, 2017 | April 10, 2017 | $ 5.37 |
| 7 | April 11, 2017 | until current date | $ 5.72 |

(2) For each 1933 Act Eligible Share purchased on or between September 5, 2015, and November 24, 2015, the Recognized Loss for each such share shall be **50%** of the recognized loss amount based on the date of sale, as set forth in Table A.[2]

(3) For each 1933 Act Eligible Share purchased on or between November 25, 2015, and May 5, 2016, the Recognized Loss for each such share shall be **30%** of the recognized loss amount based on the date of sale as set forth in Table A.[3]

---

[1] Except for the relative stock price declines on July 13 and 14, 2016, Recognized Loss associated with the other disclosure events alleged in the Complaint were discounted or weighted to reflect the consulting expert's assessment of the probable portion of each identified stock price decline reasonably attributable to the allegations in the Complaint.

[2] The lesser weight reflects a discount based on Plaintiffs' Counsel's assessment of the uncertainty and potential difficulties of establishing tracing of such shares to the IPO (*i.e*, of showing that such shares had been issued in the IPO, as opposed to being non-IPO shares that entered the market after September 5, 2015)

[3] The lesser weight reflects a discount based on Plaintiff's Counsel's assessment of the further uncertainty and difficulties of establishing tracing such shares to the IPO.

4

**B. Calculation of Recognized Losses on Purchases of Avinger, Inc. Common Shares on or between May 6, 2016 and April 10, 2017**

In addition, publicly tradable shares of Avinger common stock purchased on or between May 6, 2016 and April 10, 2017 [DELETED: ~~and held until at least the close of trading on March 2, 2016~~] shall be entitled to damages under the Securities Exchange Act of 1934 ("1934 Act Eligible Shares") based on their Recognized Losses (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below at ¶ (4). The total net number of 1934 Act Eligible Shares is estimated to be 20.6 million.

(4) For each 1934 Eligible Share purchased on or after May 6, 2016, the Recognized Loss for each such share shall be 20%[4] of the lesser of: (a) the Recognized Loss based on the difference (if a positive number) between the Recognized Loss for the Period covering the date of sale as set forth in Table A *minus* the Recognized Loss for the Period covering the date of purchase as set forth in Table A above; or (b) the purchase price (excluding fees and commissions) *minus* (i) the sale price (excluding fees and commissions) if sold on or prior to April 10, 2017 or (ii) $0.60 if such shares were held through the close of trading April 10, 2017.

Note: Although Class Members also have claims under the 1934 Act with respect to Avinger shares that they purchased prior to May 6, 2016, under the Plan of Allocation the value of the claims associated with such shares is already taken into account when treating such shares as "1933 Act Eligible Shares" under §A above.

---

[4] The lesser weight reflects a discount based on Plaintiffs' Counsel's assessment that claims under the 1934 Act are materially more difficult to prove than claims under the 1933 Act, given that the 1934 Act claims alleged here (unlike the 1933 Act claims) would have required Lead Plaintiffs to also affirmatively prove, among other things, that: (a) the Avinger Defendants acted with *scienter* (*i.e* acted with intent to defraud, or with deliberate recklessness); (b) Avinger shares traded on an efficient market; and (c) that the allegedly false or misleading statements caused the losses alleged; while also taking into account that (d) Item 303 of SEC Regulation S-K is not available in the Ninth Circuit as a basis for imposing liability for material omissions under the 1934 Act.

5

## C. Additional Provisions

For Class Members who made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Avinger common stock during the Class Period will be matched, in chronological order, starting with shares of common stock purchased in the IPO. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the balance of the Class Period.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Avinger common stock during the Class Period shall not be deemed a purchase or sale of Avinger common stock for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

Gains on short sales of Avinger (if any) made on or between January 29, 2015, and April 10, 2017, will be used to offset losses. The date of covering a "short sale" is deemed to be the date of purchase of the Avinger common stock. The date of a "short sale" is deemed to be the date of sale of the Avinger common stock. Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

Option contracts are not securities eligible to participate in the Settlement. With respect to Avinger common stock purchased or sold through the exercise of an option, the purchase/sale date of the Avinger common stock is the exercise date of the option and the purchase/sale price of the Avinger common stock is the exercise price of the option.

## D. Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be (a) the sum of his, her or its Recognized Loss or gain amounts for their 1933 Act Eligible Shares, plus (b) the sum of

6

his, her, or its Recognized Loss or gain amounts for their 1934 Act Eligible Shares, as determined in accordance with §§ A-C above.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Avinger common stock described above during the Class Period are subtracted from all losses. To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Avinger common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Avinger common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Avinger common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the "Total Purchase Amount"[5] and (ii) the sum of the "Total Sales Proceeds"[6] (for shares sold during the Class Period)

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Avinger common stock purchased or acquired during the Class Period.

[6] The Claims Administrator shall match any sales of Avinger common stock during the Class Period, first against the Claimant's opening position in Avinger common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (continued...)

7

and (for shares not sold but still held as of the end of the Class Period) the "Holding Value."[7] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Avinger common stock during the Class Period.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

---

(...continued from previous page)

(excluding commissions and other charges) for the remaining sales of Avinger common stock sold during the Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a value of $0.60 per share for Avinger common stock purchased or acquired during the Class Period and still held as of the close of trading on April 10, 2017, and the resulting total value of such shares using that per share value shall be the "Holding Value."

8