# EXHIBIT 14

## IF YOU DO NOTHING

**22.     What Happens if I Do Nothing at All?**

If you do nothing, all of your claims against Defendants and the Released Persons will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

**23.     Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation. The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.FitBitSecuritiesLitigation.com or by contacting the Settlement Administrator toll-free at 1-866-846-7286. You can also access the Court docket in this case through the Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. You can also contact class counsel at:

| | |
|---|---|
| Brian P. Murray | Jeremy A. Lieberman |
| Garth A. Spencer | Murielle Steven Walsh |
| GLANCY PRONGAY & MURRAY LLP | POMERANTZ LLP |
| 230 Park Avenue, Suite 530 | 600 Third Avenue, Floor 20 |
| New York, NY 10169 | New York, NY 10016 |
| Telephone: (212) 682-5340 | Telephone: (212) 661-1100 |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

## THE PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement Administrator's website: www.FitBitSecuritiesLitigation.com.

The general objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misconduct, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged misconduct. The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Fitbit Class A common stock ("Fitbit Common Stock") purchased or otherwise acquired during the Exchange Act Class Period (*i.e.*, June 18, 2015

12

through May 19, 2016, both dates inclusive), including Fitbit Common Stock acquired pursuant and/or traceable to Fitbit's initial public offering on or about June 18, 2015 (the "IPO"), and Fitbit Common Stock acquired pursuant and/or traceable to Fitbit's follow-on public offering on or about November 13, 2015 (the "SPO").

The calculation of Recognized Loss will depend upon several factors, including when shares of Fitbit Common Stock were purchased or otherwise acquired, and for what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, though Class Counsel's determinations of litigation risk may inform the calculation of Recognized Loss in order to achieve an equitable distribution of the Net Settlement Fund. The Recognized Loss is not intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Fitbit Common Stock was artificially inflated during part of the Exchange Act Class Period. The computation of the estimated alleged artificial inflation in the price of Fitbit Common Stock during the Exchange Act Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the decline in the price of Fitbit Common Stock, net of market- and industry-wide factors, in reaction to public announcements that allegedly corrected the alleged misrepresentations. Lead Plaintiff and Plaintiffs' Counsel have determined that such price declines occurred on January 5, 2016 and February 23, 2016 (the "Corrective Disclosure Dates").[1]

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Fitbit Common Stock purchased or otherwise acquired during the Exchange Act Class Period must have been held until such time when its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Accordingly, if Fitbit Common Stock was sold before January 5, 2016 (the earliest Corrective Disclosure Date), the Recognized Loss for such shares is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if Fitbit Common Stock was both purchased and sold between the two Corrective Disclosures Dates (*i.e.*, January 5, 2016 and February 23, 2016), the Recognized Loss for such shares is $0.00.

---

[1] Due to the timing of the corrective disclosures alleged with respect to January 5, 2016, only part of that day's total Company-specific price decline was used to estimate artificial price inflation. Due to the heightened litigation risk associated with demonstrating loss causation with respect to the February 23, 2016 (including the difficulty of disaggregating confounding factors) as determined by Class Counsel, only part of that day's total Company-specific price decline was used to estimate artificial price inflation.

Fitbit Common Stock purchased pursuant and/or traceable to Fitbit's IPO or Fitbit's SPO are the only securities eligible for a claim under §11(e) of the Securities Act of 1933 ("Section 11"). All purchases of Fitbit Common Stock made directly from an underwriter or its agent in the IPO, as well as all purchases of Fitbit Common Stock made in the open market prior to November 13, 2015, shall be considered a purchase pursuant and/or traceable to Fitbit's IPO.[2] No other purchases of Fitbit Common Stock shall be considered a purchase pursuant or traceable to Fitbit's IPO. All purchases of Fitbit Common Stock made directly from an underwriter or its agent in the SPO shall be considered a purchase pursuant and/or traceable to Fitbit's SPO.[3] No other purchases of Fitbit Common Stock shall be considered a purchase pursuant or traceable to Fitbit's SPO.

Fitbit Common Stock purchased directly from an underwriter or its agent in Fitbit's IPO shall be considered a purchase of Fitbit Common Stock at a price of $20.00 per share (the IPO offering price). Fitbit Common Stock purchased directly from an underwriter or its agent in Fitbit's SPO shall be considered a purchase of Fitbit Common Stock at a price of $29.00 per share (the SPO offering price).

For shares with a claim under both Section 11 and Section §10(b) of the Securities Exchange Act of 1934 ("Section 10(b)"), the Recognized Loss shall be the sum of: (i) the Recognized Loss amount calculated under Section 10(b) as described below and (ii) the Recognized Loss amount calculated under Section 11 as described below. This approach to calculating Recognized Losses is intended to reflect the determination of Class Counsel that, although the damages alleged to be actionable under Section 10(b) and Section 11 generally relate to similar alleged misconduct and the same stock price declines, the Section 11 claims add value to the overlapping Section 10(b) claims because they would be easier to prove and therefore more likely to prevail if litigated to a conclusion.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**Calculation of Recognized Loss per Share of Fitbit Common Stock under Section 10(b)**

For each share of Fitbit Common Stock purchased during the Exchange Act Class Period (*i.e.*, June 18, 2015 through May 19, 2016, both dates inclusive), the Recognized Loss per share under Section 10(b) shall be calculated as follows:

i.  For each share of Fitbit Common Stock purchased prior to January 5, 2016:

    a.  For each share of Fitbit Common Stock sold prior to January 5, 2016, the Recognized Loss per share is $0.00.

---

[2] The underwriters of the IPO were: Morgan Stanley; SunTrust Robinson Humphrey; Barclays Capital; Bank of America Merrill Lynch; Deutsche Bank Securities, Inc.; William Blair & Co., LLC; Stifel Nicolaus & Co., Inc.; Raymond James & Associates; and Piper Jaffray & Co.

[3] The underwriters of the SPO were: Morgan Stanley; Citigroup Global Markets, Inc.; Barclays Capital; Bank of America Merrill Lynch; Deutsche Bank Securities, Inc.; Stifel Nicolaus & Co., Inc.; RBC Dominion Securities; Piper Jaffray & Co.; and SunTrust Robinson Humphrey.

b.  For each share of Fitbit Common Stock sold during the period January 5, 2016 through February 22, 2016, both dates inclusive, the Recognized Loss per share is $1.79.

c.  For each share of Fitbit Common Stock sold or retained on or after February 23, 2016, the Recognized loss per share is $2.27.

ii.  For each share of Fitbit Common Stock purchased between January 5, 2016 and February 22, 2016, both dates inclusive:

a.  For each share of Fitbit Common Stock sold during the period January 5, 2016 through February 22, 2016, both dates inclusive, the Recognized Loss per share is $0.00.

b.  For each share of Fitbit Common Stock sold or retained on or after February 23, 2016, the Recognized Loss per share is $0.48.

iii.  For each share of Fitbit Common Stock purchased on or after February 23, 2016, the Recognized Loss per share is $0.00.

### Calculation of Recognized Loss per Share of Fitbit Common Stock under Section 11

For each share of Fitbit Common Stock purchased pursuant and/or traceable to the Company's IPO, the Recognized Loss per share under Section 11 shall be calculated as follows:

i.  For each share of Fitbit Common Stock sold prior to January 5, 2016, the Recognized Loss per share is $0.

ii.  For each share of Fitbit Common Stock sold or retained on or after January 5, 2016, the Recognized Loss per share is $0.23.

For each share of Fitbit Common Stock purchased pursuant and/or traceable to the Company's SPO, the Recognized Loss per share under Section 11 shall be calculated as follows:

i.  For each share of Fitbit Common Stock sold prior to January 5, 2016, the Recognized Loss per share is $0.

ii.  For each share of Fitbit Common Stock sold or retained on or after January 5, 2016, the Recognized Loss per share is $0.23.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Fitbit common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. Any transactions in Fitbit common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.