# EXHIBIT 17

be filed with the Court no later than _____, 201__ and available from Class Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at *Advanced Micro Devices, Inc. Securities Litigation,* c/o Epiq Systems, Inc., P.O. Box _____, ____; or visiting the websites: www.amdsecuritieslitigation.com, www.labaton.com, or www.motleyrice.com where you will find answers to common questions about the Settlement, download copies of the Stipulation or Claim Form, and locate other information.

**Please do not Call the Court with Questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.     Preliminary Matters**

The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.  The Court may approve this Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the case website at: www.amdsecuritieslitigation.com, and at www.labaton.com, or www.motleyrice.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Class Counsel have conferred with their damages expert. This Plan is intended to be consistent generally with an assessment of, among other things, the damages that Class Counsel and Class Representatives believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. An individual Class Member's recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Class Member purchased or acquired AMD publicly traded common stock; and (c) whether and when the Class Member sold his, her, or its shares of AMD common stock.

This Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of AMD common stock. In this case, Class Representatives allege that Defendants issued false statements and omitted material facts from April 4, 2011 through October 18, 2012, inclusive, (the Class Period) which artificially inflated the price of AMD common stock. It is alleged that the corrective information released to the market after market hours on September 28, 2011, July 9, 2012, July 19, 2012, October 11, 2012, and October 18, 2012, impacted the market price of AMD common stock in a statistically significant manner and removed the alleged artificial inflation from AMD common stock prices on September 29, 2011, July 10, 2012, July 20, 2012, October 12, 2012, and October 19, 2012. Accordingly, in order to have a compensable loss, AMD common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Class Representatives, Class Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.     Calculation of Recognized Loss Amounts**

For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of AMD common stock will first be matched on a First In/First Out ("FIFO") basis as set forth below.

A "Recognized Loss Amount" will be calculated as set forth for each purchase or acquisition of AMD publicly traded common stock during the Class Period from April 4, 2011 through October 18, 2012, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

For each share of AMD publicly traded common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on January 16, 2013, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase or acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes,

Case 4:14-cv-00226-YGR   Document 53-18   Filed 10/19/20   Page 5 of 7

and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

For each share of AMD publicly traded common stock purchased or otherwise acquired from April 4, 2011 through and including October 18, 2012 and:

1. Sold before the close of trading on September 28, 2011, the Recognized Loss Amount for each such share shall be zero.

2. Sold after the close of trading on September 28, 2011, and before the close of trading on October 18, 2012, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page ___, below, ***minus*** the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1, on page ___, below; or

    ii. the Out of Pocket Loss.

3. Sold after the close of trading on October 18, 2012, and before the close of trading on January 16, 2013,[3] the Recognized Loss Amount for each such share shall be ***the lesser of:***

    i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page ___, below; or

    ii. the actual purchase/acquisition price of each such share ***minus*** the average closing price from October 19, 2012, up to the date of sale as set forth in Table 2, on page ___, below; or

    iii. the Out of Pocket Loss.

---

[3] October 19, 2012 through January 16, 2013 is the "90-day look-back period" after the end of the Class Period. Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with this requirement, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of AMD common stock during the 90-day look-back period (October 19, 2012 through January 16, 2013). The mean (average) closing price for AMD common stock during this 90-day look-back period was $2.26.

FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 4:14-CV-00226-YGR                                                                 22

    4. Held as of the close of trading on January 16, 2013, the Recognized Loss Amount for each such share shall be *the lesser of*:

        i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page ___, below; or

        ii. the actual purchase/acquisition price of each such share *__minus__* $2.26.

## C.    __Additional Provisions__

Publicly traded AMD common stock is the only security eligible for recovery under the Plan of Allocation.  With respect to AMD common stock purchased or sold through the exercise of an option, the purchase/sale date of the AMD common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

If a Class Member has more than one purchase/acquisition or sale of AMD common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

Purchases or acquisitions and sales of AMD shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition or sale of shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.  Any claimant that sold AMD common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after claims have been processed.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

In the previously mailed Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased AMD common stock during the period from April 4, 2011 through October 18, 2012, inclusive, must either: (1) request from the Claims Administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (2) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION
FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 4:14-CV-00226-YGR                                                                24