# EXHIBIT 18

websites of the Claims Administrator or Lead Counsel at www._____, www.labaton.com, or www.rgrdlaw.com where you will find answers to common questions about the Settlement, download copies of the Stipulation or Claim Form, and locate other information.

**Please do not Call the Court with Questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.      Preliminary Matters**

The Settlement Amount and the interest it earns is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Loss according to the Plan of Allocation approved by the Court. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: _____, and at www.labaton.com or www.rgrdlaw.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert. This Plan is intended to be consistent generally with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. An individual Settlement Class Member's recovery will depend on, for example: (a) the total

number of claims submitted; (b) when the Settlement Class Member purchased or acquired Ubiquiti publicly traded common stock; and (c) whether and when the Settlement Class Member sold his, her, or its shares of Ubiquiti common stock.

The prices and dates of your purchases and sales of Ubiquiti publicly traded common stock are needed to calculate your claim under this Plan of Allocation. Settlement Class members must report on their Claim Forms all their purchases and sales of Ubiquiti publicly traded common stock from October 14, 2011 through April 25, 2013. (April 25, 2013 is when Ubiquiti's stock price rebounded to $15.00, the IPO offering price.) Transactional information about purchases and sales after the IPO is needed in order to apply properly the formulas in the Plan, which generally follow how damages are calculated under the 1933 Act. However, you cannot recover for purchases after May 3, 2012, because they were not pursuant or traceable to the IPO, and you cannot recover for shares sold after April 25, 2013, because under the 1933 Act, a purchaser cannot recover based on a share sold for a price greater than or equal to the IPO offering price.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiffs, Lead

Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.      Calculation of Recognized Loss Amounts**

For Ubiquiti publicly traded common stock purchased or acquired pursuant and/or traceable to the Company's IPO on or about October 14, 2011 (namely, during the period from October 14, 2011 through May 3, 2012), and:

(1) sold prior to the close of trading on September 7, 2012,[3] the Recognized Loss per share is:

     a.   the purchase price per share, not to exceed the $15.00 per share IPO price,

     *minus*

     b.   the sales price per share;

(2) sold after the close of trading on September 7, 2012 and before the close of trading on April 25, 2013, the Recognized Loss per share is:

     a.   the purchase price per share, not to exceed the $15.00 per share IPO price,

     *minus*

     b.   the greater of the sales price per share or $12.03 per share (September 7, 2012 closing price).

(3) held as of the close of trading on April 25, 2013, the Recognized Loss per share is zero.

**C.      Additional Provisions**

If a Settlement Class Member made multiple purchases, acquisitions, or sales of Ubiquiti common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's purchases and acquisitions to their sales using the first-in-first out (the "FIFO") method. Under the FIFO method, sales will be matched against

---

[3] September 7, 2012 is the date this Action was started, which is one of the elements for calculating damages under the 1933 Act.

purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Class Period.

Purchases or acquisitions and sales of Ubiquiti shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition or sale of shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment. The conversion of Ubiquiti's Series A preferred stock to common stock does not constitute a purchase or acquisition of Ubiquiti common stock pursuant and/or traceable to the Company's IPO. Any claimant that sold Ubiquiti common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Losses will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, re-distribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These re-distributions shall be repeated until the balance in the Net Settlement Fund is no longer

feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased the publicly traded common stock of Ubiquiti during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such shares during such time period; or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and WITHIN SEVEN (7) CALENDAR DAYS mail the Notice and Proof of Claim form directly to the beneficial owners of that security.   If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed.  Upon timely compliance with the above requirements, you are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator: