# EXHIBIT 21

**7.   What does the Settlement provide?**

**a.   What is the Gross Settlement Fund?**

The proposed Settlement will create a Gross Settlement Fund in the amount of $6,200,000.00 (Six Million Two Hundred Thousand Dollars and Zero Cents), plus all interest earned thereon. The Settlement is subject to Court approval.  Also, subject to the Court's approval, a portion of the Gross Settlement Fund will be used to pay Class Counsel's Attorneys' Fees and Expenses and any Award to Plaintiffs.  A portion of the Gross Settlement Fund also will be used to pay (i) Taxes and Tax Expenses in respect of the Gross Settlement Fund; (ii) Notice and Administration Expenses as authorized by the Stipulation; and (iii) other fees and expenses authorized by the Court.  After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.   What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on, among other things: (i) the number of claims filed; (ii) the dates you purchased and sold MagnaChip Securities; (iii) the prices of your purchases and sales; (iv) the amount of Notice and Administration Expenses; and (v) the amount of Attorneys' Fees and Expenses awarded to Class Counsel by the Court and the amount of any Award to Plaintiffs approved by the Court.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market-or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each MagnaChip Security purchased or otherwise acquired during the Class Period.[1]   The calculation of Recognized Loss will depend upon several factors, including when the MagnaChip Securities were purchased or otherwise acquired during the Class Period; in what amounts; whether those securities were sold; and if sold, when they were sold and for what amounts.  The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the prices of MagnaChip Securities were artificially inflated throughout the Class Period.  The estimated, alleged artificial inflation in the prices of MagnaChip Securities during the

---

[1] During the Class Period, MagnaChip common stock was listed on the New York Stock Exchange (NYSE) under the ticker symbol "MX."

Class Period is reflected in Table 1 below. The computation of the estimated, alleged artificial inflation in the prices of MagnaChip Securities during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the security, net of market-and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, MagnaChip Securities purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Class Counsel have determined that such price declines occurred on January 28, 2014 and March 12, 2014 (the "Corrective Disclosure Dates"). Accordingly, if a MagnaChip Security was sold before January 28, 2014 (the earliest Corrective Disclosure Date), the Recognized Loss for that security is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a MagnaChip Security was both purchased and sold between the two Corrective Disclosure Dates, the Recognized Loss for that security is $0.00.

| Table 1 Artificial Inflation in MagnaChip Securities[2,3] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| February 1, 2012 | January 27, 2014 | $1.98 |
| January 28, 2014 | March 11, 2014 | $0.45 |
| March 12, 2014 | Thereafter | $0.00 |

For purposes of this Plan of Allocation, any purchase of MagnaChip common stock that took place during the period between July 29, 2013 and August 6, 2013, inclusive, will be deemed eligible for treatment as a Section 20A claim, and consequently will be calculated differently than other purchases.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for MagnaChip Securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on MagnaChip Securities purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such securities and the average price of the MagnaChip Securities during the 90-Day Lookback Period. The Recognized Loss on MagnaChip Securities purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the

[2] If the price inflation reflected in Table 1 exceeds the purchase price paid for a MagnaChip Security, then the price inflation shall be equal to the purchase price paid for such security, excluding all fees, taxes and commissions.

[3] Any transactions in MagnaChip Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

purchase price paid for such securities and the rolling average price of the MagnaChip Securities during the portion of the 90-Day Lookback Period elapsed as of the date of sale as provided in Table 2 below.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/12/2014 | $13.93 | 4/10/2014 | $14.14 | 5/12/2014 | $14.10 |
| 3/13/2014 | $13.87 | 4/11/2014 | $14.12 | 5/13/2014 | $14.09 |
| 3/14/2014 | $13.96 | 4/14/2014 | $14.10 | 5/14/2014 | $14.07 |
| 3/17/2014 | $13.99 | 4/15/2014 | $14.08 | 5/15/2014 | $14.05 |
| 3/18/2014 | $14.08 | 4/16/2014 | $14.06 | 5/16/2014 | $14.03 |
| 3/19/2014 | $14.15 | 4/17/2014 | $14.05 | 5/19/2014 | $14.01 |
| 3/20/2014 | $14.25 | 4/21/2014 | $14.04 | 5/20/2014 | $13.99 |
| 3/21/2014 | $14.29 | 4/22/2014 | $14.05 | 5/21/2014 | $13.96 |
| 3/24/2014 | $14.32 | 4/23/2014 | $14.07 | 5/22/2014 | $13.93 |
| 3/25/2014 | $14.35 | 4/24/2014 | $14.09 | 5/23/2014 | $13.91 |
| 3/26/2014 | $14.34 | 4/25/2014 | $14.11 | 5/27/2014 | $13.89 |
| 3/27/2014 | $14.33 | 4/28/2014 | $14.11 | 5/28/2014 | $13.86 |
| 3/28/2014 | $14.35 | 4/29/2014 | $14.11 | 5/29/2014 | $13.84 |
| 3/31/2014 | $14.32 | 4/30/2014 | $14.11 | 5/30/2014 | $13.81 |
| 4/1/2014 | $14.28 | 5/1/2014 | $14.11 | 6/2/2014 | $13.78 |
| 4/2/2014 | $14.25 | 5/2/2014 | $14.11 | 6/3/2014 | $13.75 |
| 4/3/2014 | $14.23 | 5/5/2014 | $14.12 | 6/4/2014 | $13.73 |
| 4/4/2014 | $14.20 | 5/6/2014 | $14.13 | 6/5/2014 | $13.71 |
| 4/7/2014 | $14.18 | 5/7/2014 | $14.13 | 6/6/2014 | $13.70 |
| 4/8/2014 | $14.17 | 5/8/2014 | $14.12 | 6/9/2014 | $13.68 |
| 4/9/2014 | $14.16 | 5/9/2014 | $14.11 | | |

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**Calculation of Recognized Loss Per Share For All Purchases
Except Those Made Between July 29, 2013 through August 6, 2013, Inclusive**

For each MagnaChip Security purchased or otherwise acquired during the Class Period (i.e., February 1, 2012 through March 11, 2014, inclusive), the Recognized Loss per security shall be calculated as follows:

7

i. For each MagnaChip Security purchased during the Class Period that was sold prior to January 28, 2014, the Recognized Loss per security is $0.

ii. For each MagnaChip Security purchased during the Class Period that was subsequently sold during the period January 28, 2014 through March 11, 2014, inclusive, the Recognized Loss per security is *the lesser of*:

    a. the amount of per-security price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-security price inflation on the date of sale as appears in Table 1 above; or

    b. the purchase price *minus* the sale price.

iii. For each MagnaChip Security purchased during the Class Period that was subsequently sold during the period March 12, 2014 through June 9, 2014, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per security is *the lesser of*:

    a. the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

    b. the purchase price *minus* the sale price; or

    c. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 above.

iv. For each MagnaChip Security purchased during the Class Period and still held as of the close of trading on June 9, 2014, the Recognized Loss per security is *the lesser of*:

    a. the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

    b. the purchase price *minus* the average closing price for MagnaChip Securities during the 90-Day Lookback Period, which is $13.68.

**Calculation of Recognized Loss Per Share For All Purchases
Made Between July 29, 2013 through August 6, 2013, Inclusive**

For each MagnaChip Security purchased or otherwise acquired during the period July 29, 2013 through August 6, 2013, inclusive, the Recognized Loss per security shall be calculated as follows:

i. For each MagnaChip Security purchased during the period July 29, 2013 through August 6, 2013, inclusive, that was subsequently sold prior to March 12, 2014, the Recognized Loss per security is *the lesser of*:

    a. the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

    b. the purchase price *minus* the sale price.

8

ii.   For each MagnaChip Security purchased during the period July 29, 2013 through August 6, 2013, inclusive, that was subsequently sold during the period March 12, 2014 through June 9, 2014, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per security is *the lesser of*:

   a.   the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price *minus* the sale price; or

   c.   the purchase price *minus* the "90-Day Lookback Mean Trading Price" on the date of sale as appears in Table 2 above.

iii.   For each MagnaChip Security purchased during the period July 29, 2013 through August 6, 2013, inclusive, that was still held as of the close of trading on June 9, 2014, the Recognized Loss per security is *the lesser of*:

   a.   the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price *minus* the average closing price for MagnaChip Securities during the 90-Day Lookback Period, which is $13.68.

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

A purchase or sale of MagnaChip Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired MagnaChip Securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that MagnaChip Securities were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of MagnaChip Securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of MagnaChip Securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order by trade date, first against MagnaChip Securities held as of the close of trading on January 31, 2012 (the last day before the Class Period begins) and then against the purchases of MagnaChip Securities during the Class Period.

9