# EXHIBIT 22

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

### A.   Preliminary Matters

As discussed in this Notice, a settlement has been reached in this Action, which provides $9 million in cash for the benefit of the Settlement Class.   The Settlement Amount and the interest earned thereon is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss and are approved by the Court (Authorized Claimants). Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: www.vocerasecuritieslitigation.com and at www.labaton.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law.  For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action.  The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are

not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of the Claims Administrator making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly inflated the prices of Vocera publicly traded securities.

The Vocera securities for which a claimant may be eligible to receive a distribution from the Net Settlement Fund consist of Vocera's publicly traded common stock and exchange-traded call and put options[3] on Vocera common stock (collectively, the "eligible securities"). Exchange-traded options are traded in units called "contracts." Each option contract entitles the holder to 100 shares of the underlying stock upon exercise or expiration, in this case Vocera common stock. At least 95% of the Net Settlement Fund will be allocated to Vocera common stock and no more than 5% will be allocated to Vocera options on the common stock.

In order for the Authorized Claimant to share in the distribution of the Net Settlement Fund, the market price of Vocera publicly traded common stock and/or call options must have declined (or increased in the case of put options) due to disclosure of the alleged false and misleading statements and omissions. In order for an Authorized Claimant to share in the distribution, the shares of the Vocera publicly traded common stock and/or call options must

---

[3] Excludes those options that expired before February 28, 2013, the date of the price reaction to the first alleged corrective disclosure.

have been purchased during the Class Period (or sold in the case of put options) and held at least until the close of trading on February 27, 2013 (the last trading period before an alleged corrective disclosure); and the Authorized Claimant must have suffered a Net Trading Loss, as described below.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiffs, Lead Counsel, and their agents, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.     Calculation of Recognized Loss Amounts**

  **1.     Publicly Traded Common Stock**

For each share of Vocera publicly traded common stock purchased or otherwise acquired during any of the periods shown in the left column of Table-1 (below), and:

a.   sold within the same period, the Recognized Loss per share is zero.

b.   sold in a subsequent period, the Recognized Loss per share is the lesser of:

  i. the alleged artificial inflation per share on the sale date shown below in Table-1; or

  ii. the purchase price per share less the sales price per share.

c.   retained beyond May 2, 2013 but sold on/or before August 1, 2013, the Recognized Loss per share is the lesser of:

  i. the alleged artificial inflation per share shown in Table-1; or

  ii. the difference between the purchase price and the sales price; or

  iii. the purchase price per share less the average closing price per share identified in Table-2 (below) for the date the share(s) were sold.[4]

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $14.37 was the mean (average) daily closing trading price of Vocera common stock during the 90-day period beginning on May 3, 2013 and ending on August 1, 2013.

d.  retained at the close of trading on August 1, 2013, the Recognized Loss per share is the lesser of:

    i.     the alleged artificial inflation per share shown in Table-1; or

    ii.    the difference between the purchase price per share and $14.37 per share.

**2.      Exchange-Traded Call Options**

For exchange-traded call options on Vocera common stock purchased or otherwise acquired from March 28, 2012 to February 27, 2013, inclusive, and:

a.  closed (through sale, exercise or expiration) before February 28, 2013, the Recognized Loss per call option is zero; or

b.  held at the end of February 28, 2013, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract.

For exchange-traded call options on Vocera common stock purchased or otherwise acquired from February 28, 2013 to May 2, 2013, inclusive, and:

a.  closed (through sale, exercise or expiration) before May 3, 2013, the Recognized Loss per call option is zero; or

b.  held at the end of May 3, 2013, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract.

For exchange-traded call options on Vocera common stock written from March 28, 2012 to May 2, 2013, inclusive, the claim per call option is zero.

**3.      Exchange-Traded Put Options**

For exchange-traded put options on Vocera common stock written from March 28, 2012 to February 27, 2013, inclusive, and:

a.  closed (through purchase, assignment, or expiration) prior to February 28, 2013, the Recognized Loss per put option is zero; or

b.  held at the end of February 28, 2013, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

For exchange-traded put options on Vocera common stock written from February 28, 2013 to May 2, 2013, inclusive, and:

a.  closed (through purchase, assignment, or expiration) prior to May 3, 2013, the Recognized Loss per put option is zero; or

b.  held at the end of May 3, 2013, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

For exchange-traded put options on Vocera common stock purchased or otherwise acquired from March 28, 2012 to May 2, 2013, inclusive, the claim per put option is zero.

## C.   Additional Provisions

If a Settlement Class Member held eligible Vocera securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of eligible Vocera securities during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, eligible securities sold during the Class Period will be matched, in chronological order, first against eligible securities held at the beginning of the Class Period.  The remaining sales of eligible securities during the Class Period will then be matched, in chronological order, against eligible securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of eligible Vocera securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of eligible securities during the Class Period shall not be deemed a purchase, acquisition or sale of eligible securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares of eligible securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of eligible securities; and (iii) it is specifically so provided in the instrument of gift or assignment.  Any claimant that sold Vocera common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.  If a Recognized Loss amount calculates to a negative number, the Recognized Loss amount shall be zero.