# EXHIBIT 25

## APPENDIX A

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS MEMBERS

1.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to date to that end, including a review of publicly available information regarding HP and statistical analysis of the price movements of publicly traded HP common stock ("HP Common Stock") and the price performance of relevant market and peer indices during the Settlement Class Period. The Plan of Allocation, however, is not a formal damages analysis that has been adjudicated or fully developed during discovery in the Action.

2.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.  The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from August 19, 2011 through and including November 19, 2012, which had the effect of artificially inflating the price of HP Common Stock. Alleged corrective disclosures that resulted in a statistically significant change in market price and removed the artificial inflation from the price of HP common stock occurred on August 22, 2012 and November 20, 2012. Accordingly, in order to have a Recognized Loss, the HP Common Stock must have been purchased/acquired during the Class Period and held through at least one of the alleged disclosures.

4.  In addition, the Plan of Allocation takes into account the fact that the Court's November 26, 2013 Order dismissed all claims related to allegedly false and misleading statements made between August 19, 2011 and May 22, 2012, inclusive. Because of the dismissal of these claims, it is far less likely that Lead Plaintiff could prevail on those claims. Accordingly, Recognized Losses resulting from purchases/acquisitions during this time period calculated pursuant to paragraph 8 below shall be multiplied by fifteen (15%) percent to reflect the increased litigation risk on the dismissed claims.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.      For purposes of determining whether a Claimant has a "Recognized Claim", purchases, acquisitions, and sales of HP Common Stock will first be matched on a First In/First Out ("FIFO") basis as set forth in paragraph 9 below.

6.      For each share of HP Common Stock purchased or otherwise acquired during the Settlement Class Period and sold on or before February 15, 2013,[1] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number thereby reflecting a gain on the transaction, that number shall be set to zero.

7.      A "Recognized Loss Amount" will be calculated as set forth below for each HP Common Stock share purchased or otherwise acquired during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

8.      For each share of HP Common Stock purchased or acquired during the Settlement Class Period, and

   A.      Sold prior to the release of corrective information on August 22, 2012[2], the Recognized Loss Amount for each share shall be zero.

---

[1] February 15, 2013 represents the last day of the 90-day period subsequent to the Settlement Class Period (the "90-day look back period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes a statutory limitation on recoverable damages using the 90-day look back period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the HP common stock and the average price of HP common stock during the 90-day look back period subsequent to the Settlement Class Period if the share was held through February 15, 2013, the end of the 90-day look back period. Losses on HP common stock purchased/acquired during the Settlement Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the HP common stock and the average price of HP common stock during the portion of the 90-day look back period elapsed as of the date of sale, as set forth in Table 2 below.

[2] Given that documentation may not exist setting forth the exact time of each such transaction, the price at which the transaction took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased/acquired or sold on August 22, 2012 at any price equal to or greater than $19.00, shall be deemed to have been purchased/acquired or sold prior to the release of corrective information on August 22, 2012 for purposes of this Plan. Shares purchased/acquired or sold on August 22, 2012 at any price less than $19.00, shall be deemed to have been purchased/acquired or sold after the release of corrective information on August 22, 2012 for purposes of this Plan.

**EXHIBIT A-1**

B.    Sold after the release of corrective information on August 22, 2012[3] and prior to the release of corrective information on November 20, 2012[4], the Recognized Loss for each share shall be *the lesser of*:

  (i)    the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

  (ii)    the Out of Pocket Loss.

C.    Sold after the release of corrective information on November 20, 2012[5], and prior to the close of trading on February 15, 2013, inclusive, the Recognized Loss Amount for each share shall be *the lesser of*:

  (i)    the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

  (ii)    the purchase/acquisition price of each such share (excluding all fees, taxes and commissions) *minus* the average closing price set forth in **Table 2** below on the date of sale; or

  (iii)    the Out of Pocket Loss.

D.    Held through the close of trading on February 15, 2013, the Recognized Loss Amount for each share shall be *the lesser of*:

  (i)    the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

  (ii)    the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* $15.16 (the average closing price of HP Common Stock between November 20, 2012, and February 15, 2013, as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

---

[3] *See* fn. 2.

[4] Given that documentation may not exist setting forth the exact time of each such transaction, the price at which the transaction took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased/acquired or sold on November 20, 2012 at any price equal to or greater than $13.00, shall be deemed to have been purchased/acquired or sold prior to the release of corrective information on November 20, 2012 for purposes of this Plan. Shares purchased/acquired or sold on November 20, 2012 at any price less than $13.00, shall be deemed to have been purchased/acquired or sold after the release of corrective information on November 20, 2012 for purposes of this Plan.

[5] *See* fn. 4.