# EXHIBIT 28

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.      Preliminary Matters**

As discussed in this Notice, a settlement has been reached in this Action, which provides $12.5 million in cash for the benefit of the Settlement Class.   The Settlement Amount and the interest earned thereon is the "Settlement Fund."   The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."   The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Claim and are approved by the Court ("Authorized Claimants").   Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement.   The Court may approve this Plan of Allocation, or modify it without additional notice to the Settlement Class.   Any order modifying the Plan of Allocation will be posted on the settlement website at www._____.com as well as the website of Lead Counsel at www.barrack.com and www.branstetter.com.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the

23 - Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses
Case No.:  5:11-cv-05235-RMW

alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert and others. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.

The formulas described below for calculating Recognized Losses and Recognized Claims are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants.

The Plan of Allocation establishes a Settlement Class Member's loss for the purpose of a pro rata allocation of the Net Settlement Fund to Authorized Claimants. For losses to be compensable under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the period from August 27, 2010 until November 6, 2011, which buoyed or inflated the price of OmniVision publicly traded common stock. It is alleged that certain corrective disclosures that occurred on August 25, 2011, October 14, 2011 and November 6, 2011 caused the market price of OmniVision publicly traded common stock to decline on August 25, 2011, October 14, 2011 and November 7, 2011, respectively, in a statistically significant manner.

A damages expert retained by Lead Plaintiffs determined that the market prices of OmniVision Common Stock declined in a statistically significant manner as a result of the newly disclosed information that Plaintiffs allege affected the price of the stock on these dates. The analysis of the alleged corrective disclosure dates by lead Plaintiffs' damages expert also

revealed that on certain of the alleged corrective disclosure dates, other negative news in addition to the corrective information caused the stock price fall, and therefore the inflation revealed by the stock price declines on those days.  The Plan of Allocation reflects Lead Plaintiffs' damages expert's analysis, including a review of publicly available information regarding OmniVision and statistical analysis of the price movements of OmniVision Common Stock and the price performance of relevant market and peer indices during the Settlement Class Period.

In order to have a "Recognized Loss Amount" under the Plan of Allocation, OmniVision Common Stock must have been purchased/acquired during the Class Period and held through at least one of the alleged disclosures that resulted in a statistically significant negative change in price inflation.  Furthermore, the calculation of the Recognized Loss Amount takes into account that the inflation paid at the time of purchase/acquisition must exceed the inflation at the time of sale for an investor to have suffered a loss as a result of the alleged fraud.

A Recognized Loss Amount will be calculated by the Claims Administrator as set forth below for each purchase or other acquisition of OmniVision Common Stock from August 27, 2010, through and including November 4, 2011, that is listed in the Claim Form and for which adequate documentation is provided. November 4, 2011 was the last trading day before the corrective disclosure on Sunday, November 6, 2011.  To the extent that a calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

**B.      Recognized Loss Calculations**

1.      For each share of Common Stock purchased or otherwise acquired from August 27, 2010 through and including August 25, 2011, and:

A.      Sold before the opening of trading on August 26, 2011, the Recognized Loss Amount for each such share shall be zero.

B.      Sold after the opening of trading on August 26, 2011 and before the close of trading on October 13, 2011, the Recognized Loss Amount for each such share shall be the lesser of:

i.      $2.52; or

25 - Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses
Case No.:  5:11-cv-05235-RMW

ii.     the actual purchase/acquisition price minus the actual sale price.

C.     Sold after the close of trading on October 13, 2011 and before the close of trading on October 19, 2011, the Recognized Loss Amount for each such share shall be the lesser of:

i.     $4.27; or

ii.     the actual purchase/acquisition price minus the actual sale price.

D.     Sold after the close of trading on October 19, 2011 and before the close of trading on November 4, 2011, the Recognized Loss Amount for each such share shall be the lesser of:

i.     $2.33; or

ii.     the actual purchase/acquisition price minus the actual sale price.

E.     Sold after the close of trading on November 4, 2011 and before the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

i.     (i)     $3.14; or

ii.     the actual purchase/acquisition price of each such share minus the average closing price from November 7, 2011, up to the date of sale as set forth in Table A below.

F.     Held as of the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

i.     (i)     $3.14; or

ii.     actual purchase/acquisition price of each such share minus $12.70.

2.     For each share of Common Stock purchased or otherwise acquired from August 26, 2011 through and including October 13, 2011, and:

A.     Sold before the opening of trading on October 14, 2011, the Recognized Loss Amount for each such share shall be zero.

B. Sold after the opening of trading on October 14, 2011 and before the close of trading on October 19, 2011, the Recognized Loss Amount for each such share shall be the lesser of:

    i. $1.76; or

    ii. the actual purchase/acquisition price minus the actual sale price.

C. Sold after the close of trading on October 19, 2011 and before the close of trading on November 4, 2011, the Recognized Loss Amount for each such share shall be zero.

D. Sold after the close of trading on November 4, 2011 and before the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

    i. $0.63; or

    ii. the actual purchase/acquisition price of each such share minus the average closing price from November 7, 2011, up to the date of sale as set forth in Table A below.

E. Held as of the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

    i. $0.63; or

    ii. the actual purchase/acquisition price of each such share minus $12.70.

3. For each share of Common Stock purchased or otherwise acquired from October 14, 2011 through and including October 19, 2011, the Recognized Loss Amount for each such share shall be zero

4. For each share of Common Stock purchased or otherwise acquired from October 20, 2011 through and including November 4, 2011, and:

A. Sold before the close of trading on November 4, 2011, the Recognized Loss Amount for each such share shall be zero.

27 - Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses
Case No.: 5:11-cv-05235-RMW

B.      Sold after the close of trading on November 4, 2011 and before the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

      i.      $0.82; or

      ii.      the actual purchase/acquisition price of each such share minus the average closing price from November 7, 2011, up to the date of sale as set forth in Table A below.

C.      Held as of the close of trading on February 3, 2012, the Recognized Loss Amount for each such share shall be the lesser of:

      i.      $0.82; or

      ii.      the actual purchase/acquisition price of each such share minus $12.70.

| Date | Average Closing Price Between November 7, 2011 and Date Shown | Date | Average Closing Price Between November 7, 2011 and Date Shown |
|---|---|---|---|
| 11/7/2011 | $14.26 | 12/21/2011 | $12.23 |
| 11/8/2011 | $14.35 | 12/22/2011 | $12.24 |
| 11/9/2011 | $14.15 | 12/23/2011 | $12.25 |
| 11/10/2011 | $13.88 | 12/27/2011 | $12.26 |
| 11/11/2011 | $13.75 | 12/28/2011 | $12.26 |
| 11/14/2011 | $13.65 | 12/29/2011 | $12.25 |
| 11/15/2011 | $13.54 | 12/30/2011 | $12.25 |
| 11/16/2011 | $13.48 | 1/3/2012 | $12.26 |
| 11/17/2011 | $13.36 | 1/4/2012 | $12.26 |
| 11/18/2011 | $13.26 | 1/5/2012 | $12.26 |
| 11/21/2011 | $13.12 | 1/6/2012 | $12.27 |
| 11/22/2011 | $12.97 | 1/9/2012 | $12.28 |
| 11/23/2011 | $12.82 | 1/10/2012 | $12.29 |
| 11/25/2011 | $12.64 | 1/11/2012 | $12.31 |
| 11/28/2011 | $12.58 | 1/12/2012 | $12.33 |
| 11/29/2011 | $12.50 | 1/13/2012 | $12.33 |
| 11/30/2011 | $12.39 | 1/17/2012 | $12.33 |
| 12/1/2011 | $12.34 | 1/18/2012 | $12.35 |
| 12/2/2011 | $12.31 | 1/19/2012 | $12.38 |
| 12/5/2011 | $12.30 | 1/20/2012 | $12.40 |
| 12/6/2011 | $12.29 | 1/23/2012 | $12.42 |
| 12/7/2011 | $12.31 | 1/24/2012 | $12.45 |
| 12/8/2011 | $12.32 | 1/25/2012 | $12.48 |
| 12/9/2011 | $12.36 | 1/26/2012 | $12.50 |
| 12/12/2011 | $12.38 | 1/27/2012 | $12.54 |

| Date | Average Closing Price Between November 7, 2011 and Date Shown | | Date | Average Closing Price Between November 7, 2011 and Date Shown |
|---|---|---|---|---|
| 12/13/2011 | $12.38 | | 1/30/2012 | $12.56 |
| 12/14/2011 | $12.36 | | 1/31/2012 | $12.57 |
| 12/15/2011 | $12.33 | | 2/1/2012 | $12.61 |
| 12/16/2011 | $12.31 | | 2/2/2012 | $12.65 |
| 12/19/2011 | $12.27 | | 2/3/2012 | $12.70 |
| 12/20/2011 | $12.25 | | ---- | ---- |

**C.   Additional Provisions**

If a Settlement Class Member has more than one purchase, acquisition or sale of OmniVision publicly traded common stock during the Class Period, all purchases, acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Class Period.

Purchases or acquisitions and sales of OmniVision publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of OmniVision publicly traded common stock during the Class Period shall not be deemed a purchase acquisition or sale of these shares of OmniVision publicly traded common stock for purposes of the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of OmniVision publicly traded common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of OmniVision publicly traded common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, or the decedent, or by anyone else with respect to such shares of OmniVision publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the OmniVision publicly traded common stock.  The date of a "short sale" is deemed to be the