# EXHIBIT 29

**7. I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help. You can call 1-800-447-7657 or visit www.oclarosettlement.com for more information; or, you can call Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, at 1-800-449-4900 for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8. What does the settlement provide?**

Oclaro has agreed to pay or cause to be paid $3,700,000 in cash (the "Settlement Fund"). The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund. <u>The Net Settlement Fund is estimated to be $2,392,000.</u>

**9. How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of Oclaro common stock you purchased and/or acquired during the relevant period and when you purchased, acquired and/or sold them. You can estimate the payment you might receive if all Class Members submit claims by inputting your transactions in Oclaro's common stock in a calculator at www.oclarosettlement.com.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's counsel conferred with their damages consultants and the Plan of Allocation reflects their judgment regarding the relative strengths of the claims at issue in light of the order issued by the District Court that they believe could have been recovered had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If,

however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

The allocation below is based on the following Inflation Amounts[2] as well as the statutory PSLRA 90-day look-back amount of $11.53.[3]

1. For shares of Oclaro common stock *purchased or acquired, on or between May 6, 2010 through October 27, 2010*, the claim per share shall be as follows:

(a) If sold on or between May 6, 2010 through October 27, 2010, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase less the inflation in Table A at the time of sale; and (ii) the difference between the purchase price and the selling price.

---

[2] The Inflation Amounts which are listed in Table A are based on the July 30, 2010 and October 28, 2010 price declines in Oclaro common stock that plaintiffs allege resulted from Oclaro correcting earlier false and misleading statements. A market adjusted dollar decline of $1.11 was used for the July 30, 2010 price decline. For the October 28, 2010 price decline, the market adjusted price decline of $5.16 was reduced by 90% to $0.52 per share because plaintiffs believe that the claims related to the October 28, 2010 decline were significantly weaker than the claims associated with the July 30, 2010 decline as reflected in the Court's May 30, 2013 Order. As a result, the $1.63 inflation amount for the time period May 6, 2010 to July 29, 2010 listed in Table A reflects both the inflation amounts for the adjusted price declines on July 30, 2010 ($1.11) and on October 28, 2010 ($0.52). The inflation amount for the time period July 30, 2010 to October 27, 2010 listed in Table A reflects the adjusted price decline of $0.52.

[3] The statutory PSLRA 90-day look-back amount of $11.53, reflects that the PSLRA, the statute this case was brought under, provides that the award of damages to the plaintiffs shall not exceed the difference between the purchase or sale price paid or received for the stock at issue, here Oclaro common stock and the average trading price of Oclaro common stock during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated, in this case October 28, 2010. Consistent with the requirements of the PSLRA, claims are reduced by taking into account the closing prices of Oclaro's common stock during the 90 day period. The average closing price for Oclaro's common stock at the end of the 90 day period was $11.53.

(b) If retained at the end of October 27, 2010 and sold prior to January 25, 2011, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(c) If retained at the close of trading on January 24, 2011, or sold on January 25, 2011 or thereafter, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; and (ii) the difference between the purchase price per share and $11.53 per share.

2. For shares of Oclaro common stock *purchased or acquired, on October 28, 2010*, the claim per share shall be $0.00.[2][4]

**TABLE A**

| Time Period | Inflation |
|---|---|
| May 6, 2010 – July 29, 2010 | $1.63 |
| July 30, 2010 – October 27, 2010 | $0.52[3] |

**TABLE B**

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 28-Oct-10 | $8.60 | $8.60 |
| 29-Oct-10 | $8.41 | $8.51 |
| 1-Nov-10 | $8.62 | $8.54 |
| 2-Nov-10 | $9.00 | $8.66 |
| 3-Nov-10 | $9.51 | $8.83 |
| 4-Nov-10 | $9.89 | $9.01 |
| 5-Nov-10 | $9.97 | $9.14 |

---

[2][4] Please note that although the Class Period includes October 28, 2010, shares of Oclaro common stock that were purchased and/or acquired on October 28, 2010 are not eligible for a recovery under the Plan of Allocation because the disclosure made on October 28, 2010 that Lead Plaintiff alleges corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

[3] Class Members' allowed claim related to the October 28, 2010 market adjusted price decline will be limited to a maximum of $0.52 (10 percent of $5.20) because the claim related to this price decline is significantly weaker than the claim related to the July 30, 2010 price decline as reflected in the Court's May 30, 2013 Order.

| Date | | |
|---|---|---|
| 8-Nov-10 | $9.96 | $9.25 |
| 9-Nov-10 | $9.28 | $9.25 |
| 10-Nov-10 | $9.48 | $9.27 |
| 11-Nov-10 | $9.48 | $9.29 |
| 12-Nov-10 | $9.70 | $9.33 |
| 15-Nov-10 | $9.38 | $9.33 |
| 16-Nov-10 | $9.15 | $9.32 |
| 17-Nov-10 | $9.11 | $9.30 |
| 18-Nov-10 | $9.43 | $9.31 |
| 19-Nov-10 | $9.78 | $9.34 |
| 22-Nov-10 | $9.90 | $9.37 |
| 23-Nov-10 | $9.63 | $9.38 |
| 24-Nov-10 | $9.85 | $9.41 |
| 26-Nov-10 | $9.71 | $9.42 |
| 29-Nov-10 | $9.79 | $9.44 |
| 30-Nov-10 | $9.70 | $9.45 |
| 1-Dec-10 | $10.16 | $9.48 |
| 2-Dec-10 | $11.07 | $9.54 |
| 3-Dec-10 | $12.18 | $9.64 |
| 6-Dec-10 | $11.71 | $9.72 |
| 7-Dec-10 | $11.57 | $9.79 |
| 8-Dec-10 | $11.58 | $9.85 |
| 9-Dec-10 | $12.05 | $9.92 |
| 10-Dec-10 | $12.65 | $10.01 |
| 13-Dec-10 | $12.26 | $10.08 |
| 14-Dec-10 | $12.12 | $10.14 |
| 15-Dec-10 | $12.14 | $10.20 |
| 16-Dec-10 | $12.63 | $10.27 |
| 17-Dec-10 | $12.58 | $10.33 |
| 20-Dec-10 | $12.43 | $10.39 |
| 21-Dec-10 | $12.50 | $10.45 |
| 22-Dec-10 | $12.35 | $10.50 |
| 23-Dec-10 | $12.40 | $10.54 |
| 27-Dec-10 | $12.41 | $10.59 |
| 28-Dec-10 | $12.50 | $10.63 |
| 29-Dec-10 | $12.59 | $10.68 |
| 30-Dec-10 | $13.04 | $10.73 |
| 31-Dec-10 | $13.15 | $10.79 |
| 3-Jan-11 | $13.38 | $10.84 |
| 4-Jan-11 | $13.10 | $10.89 |
| 5-Jan-11 | $13.64 | $10.95 |
| 6-Jan-11 | $13.65 | $11.00 |
| 7-Jan-11 | $14.10 | $11.07 |
| 10-Jan-11 | $14.22 | $11.13 |
| 11-Jan-11 | $13.96 | $11.18 |
| 12-Jan-11 | $14.33 | $11.24 |
| 13-Jan-11 | $14.39 | $11.30 |
| 14-Jan-11 | $14.70 | $11.36 |
| 18-Jan-11 | $14.33 | $11.41 |
| 19-Jan-11 | $12.94 | $11.44 |
| 20-Jan-11 | $12.83 | $11.46 |
| 21-Jan-11 | $12.76 | $11.49 |

| | | |
|---|---|---|
| 24-Jan-11 | $13.11 | $11.51 |
| 25-Jan-11 | $12.60 | $11.53 |

For Class Members who held Oclaro common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Oclaro common stock during the Class Period will be matched, in chronological order, first against common stock held at the beginning of the Class Period. The remaining sales of Oclaro common stock during the Class Period will then be matched, in chronological order, against Oclaro common stock purchased or acquired during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Oclaro common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of Oclaro common stock which have been matched against Oclaro common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

If there is sufficient money left in the Net Settlement Fund after six months from the initial date of distribution of the Net Settlement Fund to Class Members to make a second distribution, a second distribution from the Net Settlement Fund will be made to Authorized Claimants who cashed their check in the initial distribution. The second distribution would be based on the percentage of the Net Settlement Fund that each such Authorized Claimant bears to the total of the claims of all Authorized Claimants who cashed their check in the initial distribution.

A second distribution will not be made to an Authorized Claimant if the second distribution would be less than one dollar. Furthermore, a second distribution will not be made if the Net Settlement Fund after six months from the initial date of distribution is less than $10,000, in which case the remaining funds would be distributed to the Bay Area Legal Aid pursuant to ¶5.6 of the Stipulation.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, any Plaintiffs' counsel, any claims administrator or other Person designated by Lead Plaintiff's counsel or Defendants and/or the Related Parties and/or the Released Persons and/or their counsel based on distributions made pursuant to the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10. How will I get a payment?**

To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11. When would I get my payment?**

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the settlement. If Judge Chen approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing. Please be patient.

**12. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders – including the Final Order and Judgment – will apply to you and legally bind you and you will release your Released Claims in this case against Defendants and their Related Parties.

927425_1     NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION - C11-02448-EMC          - 12 -