# EXHIBIT 30

Los Angeles, California 90067
1-888-773-9224
settlements@glancylaw.com

or the Claims Administrator:

Garden City Group, Inc.
*Curry v. Hansen Medical, Inc.*
P.O. Box 35067
Seattle, WA 98124-3508
888-985-9896

or by visiting www.HansenMedicalSecuritiesLitigation.com.

You can also obtain a copy from the Clerk's office during regular business hours:

Clerk of the Court
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489.

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Class Members who submit acceptable Proofs of Claim ("Authorized Claimants") in the following manner:

a. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Class Members. The Recognized Loss formula, which is also known as the Plan of Allocation, is not an estimate of what a Class Member would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

b. A Class Member's actual share of the Net Settlement Fund will be determined by the ratio of the Class Member's Recognized Loss divided by the aggregate of the Recognized Loss of all Class Members who submit valid Proof of Claim and Release forms.

c.   This Plan of Allocation is based on the following principles applicable to Class Members:

i.   Plaintiffs asserted claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)").  Damages under Section 10(b) are calculated, among other things, by determining the stock price drop caused by the disclosure of information correcting prior materially false and misleading statements or reflecting materializations of risks which were a foreseeable consequence of the alleged concealment.

d.   For shares of common stock purchased or otherwise acquired between February 19, 2008 and October 18, 2009:

i.   For shares held at the end of trading on January 15, 2010, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)   the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)   the difference between the purchase price per share and $2.82.[1]

ii.   For shares sold between February 19, 2008 and October 18, 2009, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)   the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   $2.82 was the mean closing price of Hansen Medical common stock during the 90-day period beginning on October 19, 2009 and ending on January 15, 2010.

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS'
FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

(2)      the difference between the purchase price per share and the sales price per share.

   iii.      For shares sold between October 19, 2009 and January 15, 2010, the Recognized Loss shall be the lesser of:

(1)      the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)      the difference between the purchase price per share and the average closing price between June 25, 2009 and the date of sale.[2]

**Table A**
Artificial Inflation

| Purchase or Sale Date Range | Per Share |
| --- | --- |
| 02/19/2008 – 07/06/2009 | $1.86 |
| 07/07/2009 – 10/18/2009 | $0.36 |

   e.      A purchase or sale of Hansen common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

   f.      The receipt or grant by gift, devise or operation of law of Hansen common stock during the Class Period shall not be deemed a purchase or sale of Hansen common stock shares for the calculation of an Authorized Claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase of such securities.  The grantor of the gift or devise, who purchased Hansen common stock during the Class Period, shall retain the right to

---

[2] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

file a claim in this Litigation unless that right to file a claim was specifically transferred in the instrument of gift or assignment.

g.    The receipt of Hansen common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Hansen common stock.

h.    Any gains on sales of Hansen common stock shall be offset against losses in calculating the Recognized Loss.    To the extent a Claimant had an overall gain from transactions in Hansen common stock during the Class Period, the value of the Recognized Loss will be zero.

i.    Because of the relative size of the cost of such distributions, no Authorized Claimant whose proportionate share of the Net Settlement Fund is less than $10.00 shall receive a distribution from the Net Settlement Fund.    Such accounts shall be distributed among all remaining Authorized Claimants.

j.    Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims, will not share in the recovery, but nevertheless will be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation.

k.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS'
FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING