COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
TIJANA M. BRIEN (286590) (tbrien@cooley.com)
ADDISON M. LITTON (305374) (alitton@cooley.com)
JENNA C. BAILEY (319302) (jbailey@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CRAIG E. TENBROECK (287848) (ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:     +1 858 550 6000
Facsimile:     +1 858 550 6420

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan,*
*Kelly Steckelberg*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ZOOM SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS. | Case No.: 3:20-cv-02353-JD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO DESIGNATE OPERATIVE COMPLAINT SHOULD LEAD PLAINTIFF ORDER BE VACATED, AND IN THE ALTERNATIVE, TO SUSPEND RESPONSE DEADLINES PENDING RESOLUTION OF MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF** |

Pursuant to Civil Local Rule 7-11, Defendants Zoom Video Communications, Inc., Eric S. Yuan, and Kelly Steckelberg (collectively, "Defendants") file this administrative motion requesting that the Court designate the Class Action Complaint For Violation of the Federal Securities Laws ("CAC") (Dkt. 63) as the operative complaint in this action should the Court vacate its November 4, 2020 Order re Lead Plaintiff and Lead Counsel in response to the Zoom Investor Group's Motion

for Reconsideration of the same.  Alternatively, Defendants seek relief from the deadline to respond to the CAC pending the resolution of the Zoom Investor Group's Motion for Reconsideration.

This application is based on the following:

1.    On November 4, 2020, the Court entered an Order re Lead Plaintiff and Lead Counsel appointing Adam Butt as lead plaintiff and appointing Robbins Geller Rudman & Dowd LLP ("Robbins Gellar") as lead counsel in this consolidated action.  (Dkt. 56.)

2.    On November 18, 2020, Michael Bens, Bhadresh Shah, Kwan Sin Ng, and Tony D. Pham (collectively the "Zoom Investor Group"), represented by Pomerantz LLP, filed a Motion for Leave of Court to File a Motion for Reconsideration of the Court's November 4, 2020 Order.  (Dkt. 58.)

3.    On November 24, 2020, the Court entered an Order setting the following schedule for lead plaintiff Butt to file his consolidated complaint and for Defendants to respond to the consolidated complaint:

a.  Lead plaintiff's consolidated complaint is due by December 23, 2020;

b.  Defendants' response thereto is due by February 8, 2021; and

c.  If defendants move to dismiss the consolidated complaint, lead plaintiff's opposition is due by March 25, 2021, and defendants' reply is due by April 26, 2021

(Dkt. 59.)

4.    On December 23, 2020, pursuant to the above schedule, lead plaintiff Butt filed the CAC. (Dkt. 63.)  Defendants intend to move to dismiss the CAC.

5.    On January 5, 2020, the Court granted the Zoom Investor Group's Motion for Reconsideration and set a deadline of February 2, 2021 for lead plaintiff Butt to respond to the Motion for Reconsideration.  (Dkt. 58.)  The Court did not amend the schedule for Defendants' response to the CAC.

6.    Given the proximity of lead plaintiff Butt's deadline to respond to the Motion for Reconsideration (February 2, 2021) and Defendants' deadline to file their Motion to Dismiss (February 8, 2021), the Motion for Reconsideration is not likely to be resolved before the deadline for  Defendants to file their Motion to Dismiss.

7. In light of the above, should the Court vacate its November 4, 2020 Order and appoint a new lead plaintiff while Defendants' motion to dismiss is pending, it would be in the interests of efficiency and the timely resolution of this action for the Court to order that the new lead plaintiff step into the case as it stands, and for the Court to move forward with ruling on the pending motion to dismiss. Doing so would ensure that the case moves forward in a timely manner, whether or not the Court ultimately reconsiders its Order appointing Butt as lead plaintiff. It would also avoid the unfairness and inefficiency of requiring Defendants to engage in duplicative motion to dismiss briefing should the Court appoint a new lead plaintiff. Confirming that the CAC will remain the operative complaint for purposes of the current round of motion to dismiss briefing, regardless of who is ultimately appointed as lead plaintiff, is within the Court's general case management powers. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (noting the "well established principle that district courts have inherent power to control their dockets"); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) ("[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively").

8. If the court is not inclined at this time to require any new lead plaintiff to proceed under the CAC as requested above, Defendants request, in the alternative, that the Court vacate the current schedule to respond to the CAC, and suspend any deadlines for Defendants to respond to the CAC until the resolution of the Zoom Investor Group's Motion for Reconsideration, in order to avoid unnecessary briefing of a motion to dismiss a complaint that may soon be superseded. Defendants request that, should a new complaint be filed, their deadline to respond should be 45 days from the filing of such new complaint. Should Butt remain lead plaintiff, the deadline to respond should be 25 days from the date the Court enters an order confirming Butt as lead plaintiff.

For the reasons discussed above, Defendants respectfully request that the Court designate the CAC as the operative complaint irrespective of the outcome of the Motion for Reconsideration, or alternatively to vacate the current deadline for Defendants to respond to the CAC, and set a new

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DFTS' ADMIN. MTN TO DESIGNATE
OPERATIVE COMPL. 2:20-CV-02353-JD

response deadline once the Court rules on the Motion.[1]

Dated: January 15, 2021

COOLEY LLP

By: */s/ Tijana M. Brien*
    Tijana M. Brien

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan, Kelly Steckelberg*

241988235

---

[1] Pursuant to Civil Local Rule 7-11(a), Counsel for Defendants reached out to counsel for lead plaintiff Adam Butt and counsel for the Zoom Investor Group in an attempt to reach an agreement regarding the Motion and was unable to obtain a stipulation. *See* Declaration of Tijana M. Brien in Support of the Motion ("Brien Decl." ¶¶ 2-5).