ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
MATTHEW S. MELAMED (260272)
JOHN H. GEORGE (292332)
ARMEN ZOHRABIAN (230492)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
mmelamed@rgrdlaw.com
jgeorge@rgrdlaw.com
azohrabian@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ZOOM SECURITIES LITIGATION | ) ) ) | Case No. 3:20-cv-02353-JD |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) | OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO DESIGNATE OPERATIVE COMPLAINT SHOULD LEAD PLAINTIFF ORDER BE VACATED, AND IN THE ALTERNATIVE, TO SUSPEND RESPONSE DEADLINES PENDING RESOLUTION OF MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF |

4852-5129-2632.v1

Lead Plaintiff Adam M. Butt ("Lead Plaintiff") hereby opposes Defendants' Administrative Motion to Designate Operative Complaint Should Lead Plaintiff Order Be Vacated, and in the Alternative, to Suspend Response Deadlines Pending Resolution of Motion for Reconsideration of Order Appointing Lead Plaintiff ("Motion").[1]  ECF No. 67.

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On June 8, 2020, Lead Plaintiff and the Zoom Investor Group filed competing motions to be appointed lead plaintiff in this action. ECF Nos. 28, 38.  On November 4, 2020, the Court issued an order appointing Lead Plaintiff and directing the parties to file by November 16, 2020, a stipulated schedule for the filing of an amended complaint and responding thereto.  ECF No. 56 ("Lead Plaintiff Order").  On November 12, 2020, pursuant to the Lead Plaintiff Order, Lead Plaintiff and Defendants filed a stipulation setting out deadlines for the amended complaint and motion to dismiss briefing.  ECF No. 57.  On November 18, 2020, the Zoom Investor Group moved the Court for leave to file a motion for reconsideration of the Lead Plaintiff Order.  ECF No. 58 ("Reconsideration Motion").  Six days later, on November 24, 2020, the Court entered the parties' stipulation, which set December 23, 2020, as Lead Plaintiff's deadline to file an amended complaint and required Defendants to respond by February 8, 2021.  ECF No. 59.  On December 23, 2020, Lead Plaintiff filed the Consolidated Complaint.[2]  ECF No. 63.  On January 5, 2021, the Court ordered Lead Plaintiff to respond to the Zoom Investor Group's Reconsideration Motion by February 2, 2021. ECF No. 64.

On January 15, 2021 – 52 days after the Court granted the parties' stipulation setting deadlines for the Consolidated Complaint and motion to dismiss (ECF No. 59) and 23 days after Lead Plaintiff filed the Consolidated Complaint (ECF No. 63) – Defendants moved to suspend the deadline to respond unless the Court agrees to bind an alternative lead plaintiff to the Consolidated Complaint. ECF No. 67 at 3.  Defendants' Motion seeks to enlarge the deadline for them to respond to the Consolidated Complaint but fails to address, let alone satisfy, Civil Local Rule 6-3, which

---

[1]    "Defendants" refers to Zoom Video Communications, Inc., Eric S. Yuan and Kelly Steckelberg.

[2]    "Consolidated Complaint" refers to Plaintiff's Consolidated Class Action Complaint for Violation of the Federal Securities Laws.

requires them to identify substantial harm or prejudice that would occur without an extension. Nor do Defendants attempt to show good cause for modifying the briefing schedule they agreed to, or try to meet the legal standard for suspending all deadlines pending the Court's resolution of the Reconsideration Motion. Defendants' Motion, which is devoid of any basis to extend or suspend the schedule, should be denied.

## II.     ARGUMENT

### A.     Defendants Fail to Identify a Substantial Harm Under Civil Local Rule 6-3 or Show Good Cause for Modifying the Schedule

Defendants fall far short of satisfying Civil L.R. 6-3(a)(3), which requires the moving party to identify "substantial harm or prejudice that would occur" if the court does not extend a deadline. Civil L.R. 6-3; *see Wilson v. Frito-Lay N. Am., Inc.*, 2015 WL 846546, at \*2 (N.D. Cal. Feb. 25, 2015) (denying Rule 6-3 motion that did not identify a substantial harm). Indeed, Defendants' Motion ignores Civil L.R. 6-3. Regardless, no harm or prejudice will result from complying with the current schedule.

The allegations against Defendants are already very specific and include the facts that Zoom Investor Group previously alleged.[3] Defendants' Motion does not explain how the facts concerning their alleged fraud would change or how responding to the Consolidated Complaint on February 8 will harm them. Because the allegations in the Consolidated Complaint would form the core of any potential alternative lead plaintiff's complaint, Defendants will need to respond to them regardless. Defendants' assertion that complying with the current schedule will require "unnecessary briefing of a motion to dismiss a complaint that may soon be superseded" is therefore unfounded. *See* ECF No. 67 at 3. Even in the unlikely event the Court vacates the Lead Plaintiff Order and a new lead plaintiff files a new complaint, the facts alleged in the Consolidated Complaint are certain to remain and Defendants will have to answer those facts irrespective of who the lead plaintiff is.

---

[3] The Consolidated Complaint names the same Defendants, has the same class period and makes the same Exchange Act claims as the initial complaint filed by the Zoom Investor Group. *Compare* ECF No. 1 at ¶¶1, 15-17, 77-92 *with* ECF No. 63 at ¶¶1, 21-23, 127-133. Both complaints also allege corrective disclosures on July 8, 2019, as well as on March 26 through April 6, 2020. *Compare* ECF No. 1 at ¶¶35-36, 49-66 *with* ECF No. 63 at ¶¶35-36, 48-78.

Similarly, Defendants' Motion also fails to satisfy Federal Rule of Civil Procedure 16's good cause requirement. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause."); *Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, 2015 WL 5675861, at *15 (N.D. Cal. Sep. 28, 2015) ("the stipulated deadline as 'so ordered,'" therefore "it was not only a stipulation, but also a scheduling order."). "Good cause requires diligence by the moving party," but Defendants waited nearly two months to seek relief from the Court's November 24, 2020 scheduling order, which was entered *after* the Zoom Investor Group filed the Reconsideration Motion. *Hofstetter v. Chase Home Fin., LLC*, 2011 WL 2462235, at *1 (N.D. Cal. June 21, 2011). As noted above, Plaintiff adhered to the schedule and filed the Consolidated Complaint the day before Christmas Eve. Defendants have neither attempted to show nor shown good cause for suspending or delaying the deadlines set on November 24, 2020. *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2019 U.S. Dist. LEXIS 98861, at *2 (N.D. Cal. June 12, 2019) (denying motion to modify schedule that did not establish good cause).

**B.      Suspending the Motion to Dismiss Deadlines Is Not Justified**

Defendants request the Court "suspend any deadlines for Defendants to respond" to the Complaint until the Court determines whether to vacate the Lead Plaintiff Order, at which point Defendants will have 45 days from the filing of a new complaint if a new lead plaintiff is appointed or 25 days from the date the Court enters an order leaving Lead Plaintiff in place. ECF No. 67 at 3. Though they do not label the Motion as such, Defendants' request is properly understood as seeking a stay pending the Court's order resolving the Motion.

"In considering whether a stay is appropriate, the Court weighs three factors: '[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014). Defendants' Motion fails to address, or satisfy the standards for seeking a stay or modifying the Court's November 24, 2020 scheduling order. *See* ECF No. 67. Regardless, none of the stay factors militate in favor of granting Defendants' Motion.

As set out above, Defendants will not face any harm from responding to the Consolidated Complaint and no efficiencies are gained by suspending the schedule.  Even if the Court appoints a new lead plaintiff who amends the complaint to add unique allegations, complying with the current deadlines will not result in duplicative work, as additional briefing can be limited to the new allegations.  For example, Judge Gonzalez Rogers' recent ruling in *Apple* – where the Court did not suspend briefing on the motion to dismiss even though there existed the potential that the court would appoint a different lead plaintiff – shows that the Court should not suspend Defendants' deadlines and can efficiently control this litigation.  *In re Apple Sec. Litig.*, 2020 WL 2857397, \*27-\*28 (N.D. Cal. June 2, 2020).  There are, therefore, no efficiencies to be gained.  In fact, contrary to Defendants' conclusory statement that suspending all deadlines is necessary for "efficiency," the most efficient path to move the litigation forward is for Defendants to move to dismiss or to file an answer to the Consolidated Complaint.

On the other hand, any delay in the progression and ultimate resolution of this litigation prejudices Lead Plaintiff and the class he seeks to represent.  *Olberding v. Avinger, Inc.*, 2017 WL 3141889, at \*3 (N.D. Cal. July 21, 2017) ("a stay would delay adjudication in the proper forum, prejudicing Plaintiffs."); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").  Accordingly, a stay is inappropriate.

### C.    Binding a Newly Appointed Lead Plaintiff to a Complaint They Did Not Draft Is Contrary to Law

Defendants provide no authority for their request that the Zoom Investor Group be bound by a complaint they did not draft, which contravenes the well-established rule that a plaintiff is the master of its complaint.  *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 611 n.32 (S.D. Tex. 2003) ("Plaintiff is the master of its complaint and may assert or not assert claims against its defendants as it chooses."); *see also Litvinova v. City & Cty. of S.F.*, 2019 WL 4674336, at \*2 (N.D. Cal. July 12, 2019) ("The plaintiff is the master of her case, and she may prosecute it as she sees fit within the confines of the law."); *Foster v. A-Para Transit Corp.*, 2019 WL 323764, at \*1 (N.D. Cal. Jan. 25, 2019) (same) (citing *Caterpillar Inc. v. Williams*, 482 U.S.

386, 392 (1987)).  Neither of the two cases they cite – which stand for the general proposition that district courts have power to control their dockets – support their argument.  ECF No. 67 at 3 (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) and *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004)).  Defendants' request should be rejected.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

DATED:  January 19, 2021                     Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
MATTHEW S. MELAMED
JOHN H. GEORGE
ARMEN ZOHRABIAN

JOHN H. GEORGE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
mmelamed@rgrdlaw.com
jgeorge@rgrdlaw.com
azohrabian@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JOHN H. GEORGE
JOHN H. GEORGE

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  jgeorge@rgrdlaw.com

OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION **No. 3:20-cv-02353-JD**
4852-5129-2632.v1

# Mailing Information for a Case 3:20-cv-02353-JD Drieu v. Zoom Video Communications, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jenna C. Bailey**
  jbailey@cooley.com,jcorrell@cooley.com

- **Tijana Martinovic Brien**
  tbrien@cooley.com,emadrigal@cooley.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Reza John Harris**
  rjharris@cooley.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,ealdo@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Addison Mills Litton**
  alitton@cooley.com,emadrigal@cooley.com

- **Matthew Seth Melamed**
  mmelamed@rgrdlaw.com,smorris@rgrdlaw.com,e_file_SD@rgrdlaw.com,smorris@ecf.courtdrive.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Tamar A Weinrib**
  taweinrib@pomlaw.com,egoodman@pomlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Armen Zohrabian**
  AZohrabian@rgrdlaw.com,azohrabian@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)