COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
JENNA C. BAILEY (319302)
(jbailey@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CRAIG E. TENBROECK (287848) (ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:     +1 858 550 6000
Facsimile:     +1 858 550 6420

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan, and*
*Kelly Steckelberg*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ZOOM SECURITIES LITIGATION,<br><br><br>This Document Relates To:<br>ALL ACTIONS. | Case No.: 3:20-cv-02353-JD<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:         August 26, 2021<br>Time:        10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:       Hon. James Donato |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

REQUEST FOR JUDICIAL NOTICE
3:20-CV-02353-JD

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Zoom Video Communications, Inc. ("Zoom"), Eric Yuan, and Kelly Steckelberg (together, "Defendants") respectfully request that this Court incorporate by reference and take judicial notice of the documents identified below in support of Defendants' Motion to Dismiss Plaintiff's Consolidated Class Action Complaint ("Motion to Dismiss").  All of the documents are attached to the supporting Declaration of Tijana M. Brien ("Brien Declaration"), filed concurrently herewith.  Eight of the twenty-one exhibits are referenced in the Consolidated Class Action Complaint (the "Complaint") and form the basis of Plaintiff's claims, such that they are properly deemed incorporated by reference.  The remaining thirteen exhibits are the proper subject of judicial notice: websites discussing Zoom and/or encryption practices, one analyst report regarding Zoom, two Zoom earnings call transcripts, two publications from federal government agencies, and a chart of Zoom's opening and closing stock prices.  The Court is required under *Tellabs* to consider these documents in evaluating the adequacy of the Complaint.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A chart identifying the Exhibits that are subject to this request and the bases for considering them is included below.

I.    **DOCUMENTS SUBJECT TO THIS REQUEST**[1]

| Exhibit | Description | Basis | ¶¶ |
|---------|-------------|-------|-----|
| 1 | Relevant excerpts of a research memorandum written by Paul Baran and published by the Rand Corporation for the United States Air Force Project Rand, dated August 1964, entitled *On Distributed Communications: IX. Security, Secrecy, and Tamper-Free Considerations* | JN | N/A |
| 2 | Relevant excerpts of the Internet Engineering Task Force's Internet Security Glossary, Version 2, Request for Comments ("RFC") 4949, written by R. Shirey, dated August 2007 | JN | N/A |
| 3 | Article written by Michael Vegas Mussman, and published by Vsee.com on October 30, 2014 (and | JN | N/A |

---

[1] "Exhibit" refers to the exhibits to the Brien Declaration.  "Basis" refers to the reason the document should be considered: either incorporated by reference ("IBR") or judicial notice ("JN").  "¶" refers to the paragraphs of the Complaint that quote from, or refer to information contained in, the referenced document.

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
|  | updated on February 1, 2015), entitled *Zoom is Not HIPAA Compliant* |  |  |
| 4 | Zoom Security Guide, March 2016 | IBR; JN | 6 |
| 5 | Article written by István Lám, and published by the Tresorit Blog on May 20, 2016, entitled *What is Zero-Knowledge Encryption* | JN | N/A |
| 6 | Article written by Michelle Gretes, and published by the Civil Liberties Defense Center on May 14, 2018, entitled *Choose Wire for conference calls* | JN | N/A |
| 7 | Article written by Eric DeGrove, and published by Telehealth.training on October 11, 2018, entitled *Is Zoom HIPAA Compliant?* | JN | N/A |
| 8 | Zoom Privacy Policy, March 19, 2019 | IBR; JN | 8, 9, 28, 29, 34, 46, 48, 49, 69, 70, 94, 100 |
| 9 | Relevant excerpts of of Zoom's Prospectus and Registration Statement, filed with the Securities and Exchange Commission ("SEC") on Form 424B on April 18, 2019 (referred to in the Motion to Dismiss as the "Prospectus") | IBR; JN | 6, 10, 26, 27, 30 |
| 10 | Zoom Security Guide, June 2019 | IBR; JN | 32, 34, 42 |
| 11 | Security Tip (ST04-019) published by the Cybersecurity & Infrastructure Security Agency, a federal government agency, on January 13, 2010, and revised on September 27, 2019, entitled *Understanding Encryption* | JN | N/A |
| 12 | Article written by Michelle Gretes, and published by the Civil Liberties Defense Center, on May 14, 2018, entitled *Recommendations for Secure Video and Conference Calls* | JN | N/A |
| 13 | Transcript of Zoom's Earnings Call for the fourth quarter and fiscal year of 2020, which occurred on March 4, 2020, published by Motley Fool Transcribers | JN | N/A |
| 14 | Analyst Report by Baird Equity Research dated May 4, 2020, entitled *Zoom Video Communications, Inc. (ZM): Buyers on Weakness; Rare Blend of Hypergrowth and Strong Profitability* | JN | N/A |
| 15 | Blog post published by Zoom on Zoom's blog on March 27, 2020, entitled *Zoom's Use of Facebook's SDK in iOS Client.* | IBR; JN | 50 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

REQUEST FOR JUDICIAL NOTICE
3:20-CV-02353-JD

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 16 | Blog post published by Zoom on Zoom's blog on April 1, 2020, entitled *The Facts Around Zoom and Encryption for Meetings/Webinars* | IBR; JN | 13, 62, 63 |
| 17 | Article written by Bill Marczak and John Scott-Railton, and published by the Citizen Lab on April 3, 2020, entitled *Move Fast and Roll Your Own Crypto: A Quick Look at the Confidentiality of Zoom Meetings* | IBR; JN | 13, 71, 72, 73, 74, 111, 112 |
| 18 | Analyst Report by Credit Suisse dated April 6, 2020, entitled *Zoom Video Communications, Inc.: Social Distancing Expands TAM & Accelerates Share Gains but Priced for Perfection; Tactical Downgrade to Underperform* | IBR; JN | 76, 114 |
| 19 | Transcript of Zoom's Earnings Call for the first quarter and fiscal year of 2021, which occurred on June 2, 2020, published by Motley Fool Transcribers | JN | N/A |
| 20 | Relevant excerpts of Federal Standard 1037C, *Telecommunications: Glossary of Telecommunication Terms*, published by the Institute for Telecommunication Sciences, the research laboratory of the National Telecommunications and Information Administration, a federal agency, dated August 23, 1996 | JN | N/A |
| 21 | Chart containing Zoom's opening and closing stock prices on the NASDAQ stock exchange from April 18, 2019 to May 19, 2021 | JN | N/A |

## II.    ARGUMENT

In his Complaint, Plaintiff Adam Butt ("Plaintiff") alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  This request for judicial notice accompanies Defendants' Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure § 12(b)(6) for, among other reasons, failing to (1) allege a materially false or misleading statement, (2) plead facts with particularity giving rise to a strong inference of scienter that is at least as compelling as an innocent inference, and (3) plead that the alleged misstatements caused Plaintiff's losses.

In deciding the Motion to Dismiss, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322.  The Court here should consider **Exhibits 1**

**through 21** in deciding the Motion to Dismiss because they are either incorporated by reference into the Complaint, they are the proper subject of judicial notice, or both.

Plaintiff references or quotes portions of **Exhibits 4, 8-10, and 15-18**, which he relies on for his claims and allegations. As explained in more detail below, these exhibits should be deemed incorporated by reference in the Complaint and considered by the Court in ruling on Defendants' Motion to Dismiss.

The remaining exhibits are properly considered under Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available information that is "not subject to reasonable dispute . . . ." These exhibits include articles and memoranda (**Exhibits 1, 3, 5-7, & 12**), glossaries (**Exhibits 2 & 20**) on publicly available websites, government publications (**Exhibits 11 & 20**), two earnings-call transcripts (**Exhibit 13 & 19**), an investor-analyst report (**Exhibit 14**), and Zoom's stock chart (**Exhibit 21**). These documents are publicly available, not subject to reasonable dispute, and are offered primarily to show what information was available to the market and to Zoom's investors. Courts routinely take judicial notice of such documents and consider their contents when deciding a motion to dismiss claims under Section 10(b).

Further, although the Court need not reach this analysis, all of the documents that are incorporated by reference into the Complaint are also the proper subject of judicial notice, as they are also publicly available documents that are not subject to reasonable dispute.

**A.      The Court Should Deem the Documents Plaintiff Relies Upon To Be Incorporated by Reference into the Complaint.**

Incorporation by reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. *Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)). Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Khoja*, 899 F.3d at 1002. Considering these documents in their

entirety "prevent[s] plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones,* 400 F. Supp. 3d at 905. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

The Court should consider **Exhibits 4, 8-10, and 15-18** under the incorporation by reference doctrine because the contents of each document are quoted in the Complaint and they form the basis for Plaintiff's claims. *See Ritchie*, 342 F.3d at 908. These documents are iterations of Zoom's Security Guide and Privacy Policy (**Exhibits 4, 8, and 10)**, Zoom's Prospectus **(Exhibit 9),** Zoom's blog posts **(Exhibits 15 and 16)**, media articles (**Exhibits 17)**, and an analyst report regarding Zoom (**Exhibit 18)**. Indeed, Plaintiff himself admits these documents form the basis of his claims, as the Complaint expressly references a "review of [Zoom's] press releases, website, [SEC] filings, analyst reports, [and] media reports" (¶ 1.) Defendants provide the full text (or substantial, relevant excerpts) of each document so the Court may consider Plaintiff's citations and allegations in context. *See, e.g.*, *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

Plaintiff brings his primary claim under Section 10(b) and Rule 10b-5, which require that Plaintiff "allege: (1) a material misrepresentation or omission (falsity); (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation."[2] *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1057 (9th Cir. 2014) (citations omitted). Here, Plaintiff relies extensively on **Exhibits 4, 8-10, and 15-18** in an attempt to plead the elements of falsity and loss causation.

---

[2] Plaintiff also brings claims under Section 20(a), which are based on the same allegations as the section 10(b) claim.

Sources of alleged false and misleading statements: **Exhibits 4 and 8-10** contain the statements that Plaintiff contends are false and misleading.

- **Exhibit 8** is Zoom's March 19, 2019 Privacy Policy posted as of that date on its public website. Plaintiff alleges this document contained false and misleading statements regarding user data collection. (¶¶ 28-29, 45-47.)

- **Exhibit 9** contains relevant excerpts from Zoom's Prospectus filed with the SEC on April 18, 2019. Plaintiff claims that Zoom misstated its "end-to-end encryption" security capabilities in this document. (¶ 27.)

- **Exhibits 4 and 10** are two versions of Zoom's Security Guide that Plaintiff alleges contain misstatements regarding "end-to-end encryption." (¶ 32.)

In ruling on a motion to dismiss under Rule 12(b)(6) for claims under Section 10(b), the Court must consider the allegedly false and misleading statements in context. *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). Because these documents contain they allegedly false and misleading statements, the documents are incorporated by reference into the Complaint and should be considered by the Court in their entirety. *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents that contained allegedly false and misleading statements).

Sources to support loss causation: Plaintiff also relies on certain documents in support of the loss causation element. To plead loss causation, plaintiff must allege that, following the purchase of stock, "(1) the truth became known, and (2) the revelation caused the fraud-induced inflation in the stock's price to be reduced or eliminated." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789-90 (9th Cir. 2020) (citation omitted). **Exhibits 15 through 18** contain the purported corrective disclosures that Plaintiff claims "revealed" facts that Defendants allegedly concealed, causing Zoom's stock price to decline. (¶ 13.)

- **Exhibits 15 and 16** are Zoom blog posts. Plaintiff alleges that Defendants made certain admissions in these documents about Zoom's collection of user information via Facebook's software development kit ("SDK") and its encryption. (¶¶ 13, 62-63)

- **Exhibit 17** is one of the articles that Plaintiff alleges revealed the "truth" about Zoom's encryption on its platform. (¶¶ 13, 56-60, 71-74, 103, 111-112.)

- **Exhibit 18** is a Credit Suisse analyst report dated April 6, 2020, which discusses alleged curtailed customer use of Zoom's platform due to purported "encryption concerns." (¶ 76.)

Because Plaintiff relies on these documents for the element of loss causation, **Exhibits 15 through 18** form the basis for Plaintiff's claim and they are incorporated by reference into the Complaint.

### B.    The Court Should Take Judicial Notice of All of the Exhibits.

A court may take judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Unlike documents incorporated by reference, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (emphasis added).  All of the documents, including those which Defendants ask the Court to incorporate by reference, are also properly subject to judicial notice.

**Websites, Blogs Posts, and Articles.**  Websites, blog posts, and online articles are proper subjects of judicial notice to show that the market was aware of the information contained therein. *See In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014); *Oracle Am., Inc. v. CedarCrestone, Inc.*, 938 F. Supp. 2d 895, 901 (N.D. Cal. 2013).  Defendants ask the Court to judicially notice and consider these websites, blog posts, and articles to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**Exhibits 1, 3, 5-7, 12, and 17** are online articles containing information about end-to-end encryption generally and specific to certain features of Zoom's platform.  Courts have taken judicial notice of similar internet articles "as indication of what was in the public realm." *Adobe*, 66 F. Supp. 3d at 1207 n.2; *see also Oracle Am.,* 938 F. Supp. 2d at 901 (taking judicial notice of online article).  *In re Google Assistant Privacy Litigation* is instructive.  457 F. Supp. 3d 797, 813 (N.D.

Cal. 2020). There, defendants asked the court to judicially notice an article that "appear[ed] on [a] publicly accessible website." *Id*. at 814. The court agreed, noting that it would take judicial notice of the fact that the article "published each of the allegations contained in the article, but not of the truth of those allegations." *Id*. at 813. The same result is warranted here, and the Court should take judicial notice that these articles and the information contained therein were published and therefore "in the public realm." *Id*.; *Adobe*, 66 F. Supp. 3d at 1207 n.2.

**Exhibits 2 and 20** are publicly-available glossaries. **Exhibit 2** is comprised of relevant excerpts of a true and correct copy of the Internet Engineering Task Force's ("IETF") Internet Security Glossary, which is publicly available on the IETF website. The IETF is the premier standards-setting body whose mission is to "make the Internet work better by producing high quality, relevant technical documents that influence the way people design, use, and manage the internet."[3] **Exhibit 20** is a glossary published by the Institute for Telecommunication Sciences ("ITS"), the research laboratory of a federal agency—the National Telecommunications and Information Administration—titled Federal Standard 1037C, *Glossary of Telecommunication Terms*. **Exhibit 20** is available on the ITS website at https://www.its.bldrdoc.gov/fs-1037/fs-1037c.htm. Defendants rely on **Exhibits 2 and 20** to demonstrate those entities' published definitions of end-to-end encryption. The Court may take judicial notice of **Exhibits 2 and 20** as they are publicly available webpages that contains information that was available to the public at the time of the alleged misstatements. *Garcia v. J2 Glob., Inc*., 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021) ("tak[ing] judicial notice of the fact that the information contained in [webpage] was reported publicly as of the publication date or date portrayed on the Wayback Machine").[4]

**Exhibits 15 and 16** are Zoom's blog posts that are publicly-available on Zoom's website, https://blog.zoom.us/. Zoom made clear to its investors that it "announces material information to the public through a variety of means" including by using "its blog (blog.zoom.us) . . . to communicate with investors and the public about the Company, its products and services and other matters." *See, e.g.*, Zoom Form 8-K, dated June 6, 2019, available at

---

[3] https://www.ietf.org/about/.
[4] **Exhibit 20** is also a proper subject of judicial notice as a government publication and a verifiable matter of public record, as discussed below, *infra* at 10-11.

https://investors.zoom.us/static-files/7cd2b7ab-e95c-41bb-8be7-af7545512e81.   As such, these exhibits are subject to judicial notice because they are "publicly available document[s], available on a publicly accessible website." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1010 (N.D. Cal. 2020) (taking judicial notice of company's blog post because it was publicly available online, and "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned"); *In re Google Assistant.*, 457 F. Supp. 3d at 813  (taking judicial notice of company blog post "for the fact that Google made the statements it contains").   Accordingly, the Court should take judicial notice of the statements made by the Company that are contained in **Exhibits 15 and 16**.

**Privacy Policies and Security Guides**.   Courts have ruled that it is appropriate to take judicial notice of corporate privacy policies (**Exhibit 8**) where they are publicly available, and where their existence cannot reasonably be questioned. *Facebook*, 477 F. Supp. 3d at 1009  ("It is common for courts to take judicial notice of a company's historical privacy policies."); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) ("The court takes judicial notice of the Yelp Privacy Policies . . . because they were publicly available on the Yelp website and their existence cannot reasonably be questioned.").   As **Exhibit 8** was publicly available on the Company's website, judicial notice is proper.  Similarly, courts will take judicial notice of company guides and manuals that were publicly available. *See, e.g.*, *In re Diamond Foods, Inc., Sec. Litig.*, 2012 WL 6000923, at *17 (N.D. Cal. Nov. 30, 2012) (taking judicial notice of defendant's "Grower Guidelines for Delivery, Grading & Payment"); *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F.Supp.3d 1194, 1201 (C.D. Cal. 2017)  (taking judicial notice of defendant's "Provider Manual For Physicians, Hospitals And Healthcare Providers" because the "documents reflect information published by Defendant itself," and there were no concerns about its accuracy). Thus, it is proper to take notice of Zoom's Security Guides, (**Exhibits 4 and 10**), which, like the Privacy Policy (**Exhibit 8**), were available on the Company's website.

**SEC Filings.**  The Company's Prospectus (**Exhibit 9)** filed with the SEC as part of its initial public offering is also the proper subject of judicial notice. *See e.g., In re Restoration Robotics,*

*Inc. Sec. Litig.*, 417 F. Supp. 3d 1242, 1253 (N.D. Cal. 2019) (company prospectus was a "publicly available document" that is "subject to judicial notice").

**Government Publications.**  Courts routinely take judicial notice of government websites and publications as verifiable matters of public record.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (granting judicial notice of list of approved vendors "made publicly available by government entities").  **Exhibit 11** is a publication by a federal government agency, the Cybersecurity & Infrastructure Security Agency ("CISA"), and is publicly available on the CISA website at https://us-cert.cisa.gov/ncas/tips/ST04-019.  Similarly, **Exhibit 20** is published by the Institute for Telecommunication Sciences, the research laboratory of a federal agency—the National Telecommunications and Information Administration and is available on the ITS website at https://www.its.bldrdoc.gov/fs-1037/fs-1037c.htm.  As such, it is appropriate for this court to take judicial notice of **Exhibits 11 and 20.**  *See Gustavson v. Wrigley Sales Co.*, 2014 WL 60197, at *3 n.2 (N.D. Cal. Jan. 7, 2014) (taking judicial notice of FDA guidance document "because the document is available on a government agency website"); *Dudum v. Arntz*, 640 F.3d 1098, 1101-02 n.6 (9th Cir. 2011) (taking judicial notice of election results posted on Department of Elections' website).

**Earnings Call Transcripts.**  **Exhibits 13 and 19** are transcripts of Zoom's earnings calls for the fourth quarter and fiscal year of 2020 and the first quarter and fiscal year of 2021.  They demonstrate information that Zoom disclosed to investors during and after the class period and may be judicially noticed as a "matter of public record."  *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 830 (N.D. Cal. 2019); *see also In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (taking judicial notice of "transcripts of investor conference calls").

**Analyst Reports.**  **Exhibits 14 and 18** are analyst reports, which are judicially noticeable to demonstrate what information was available to investors.  *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (granting judicial notice of analyst report "not for the truth of [its] contents, but to determine the information available to the market").

**Zoom's Stock Price.**  Finally, Defendants ask the Court to take judicial notice of Zoom's stock prices during and after the Class Period (**Exhibit 21**).  Courts routinely find that a public

company's published stock price is "not subject to reasonable dispute" and "can be accurately and readily determined" from reliable sources. *See Jones,* 400 F. Supp. 3d at 905; *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1064 (9th Cir. 2008) (information about the stock price of publicly traded companies is a proper subject of judicial notice); *In re Copper Mountain Sec. Litig.,* 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same).[5]

## III.   CONCLUSION

For the foregoing reasons, Defendants' request that this Court consider **Exhibits 4, 8-10, and 15-18** under the incorporation by reference doctrine and take judicial notice of **Exhibits 1-21**.

Dated: May 20, 2021                                        COOLEY LLP

By: */s/ Patrick E. Gibbs*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
   Patrick E. Gibbs

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan, and Kelly Steckelberg*

243761181

---

[5] Further, Plaintiff makes numerous references to Zoom's stock price throughout the class period (*see* ¶¶ 11, 12, 15, 33, 36, 53, 61, 65, 78, 83, 97, 99, 102, 104, 106, 109, 112, 115) and his allegations with respect to loss causation and damages necessarily rely on Zoom's share price, making this exhibit admissible under the incorporation by reference doctrine as well. *Khoja, Inc.*, 899 F.3d at 1002.