ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JOHN H. GEORGE (292332)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgeorge@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re ZOOM SECURITIES LITIGATION | ) | Case No. 3:20-cv-02353-JD |
| | ) | |
| This Document Relates To: | ) | LEAD PLAINTIFF'S OPPOSITION TO |
| | ) | REQUEST FOR JUDICIAL NOTICE AND |
| ALL ACTIONS. | ) | CONSIDERATION OF DOCUMENTS |
| | ) | INCORPORATED BY REFERENCE IN |
| | ) | SUPPORT OF DEFENDANTS' MOTION TO |
| | | DISMISS THE CONSOLIDATED CLASS |
| | | ACTION COMPLAINT |

4849-4263-8321.v1

Plaintiff[1] submits this opposition to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint (ECF No. 79) ("RJN"), filed concurrently with Defendants' Motion to Dismiss the Consolidated Class Action Complaint (ECF No. 78) ("MTD").

## I.    INTRODUCTION

Defendants request that the Court incorporate by reference or take judicial notice of 21 exhibits in support of their MTD, but the Court should reject Defendants' efforts to use these doctrines to improperly decide disputed questions of fact critical to the well pled Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 63) (the "Complaint"). Properly used, judicial notice and the incorporation-by-reference doctrine have support. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[2]  However, the "overuse and improper application of [these doctrines] can lead to unintended and harmful results." *Id.* In *Khoja*, the Ninth Circuit specifically warned that defendants may "exploit these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage" by "pil[ing] on numerous documents to their motions to dismiss to undermine the complaint" and presenting their own version of the facts. *Id.* at 998-99.  Here, Defendants improperly ask the Court to accept each document incorporated by reference as true, despite the fact that several contain the alleged misstatements at issue and are thus plainly disputed.  Similarly, Defendants ask the Court to judicially notice numerous "facts" supposedly in the "public realm," regardless of their relevance or whether they are subject to reasonable dispute.  RJN at 7-8.  This amounts to little more than an attempt to raise an improper truth-on-the-market defense at the motion-to-dismiss phase. Defendants' attempt to undermine the Complaint by piling on numerous disputed documents to push their own version of the facts should be rejected.

---

[1]  "Plaintiff" is Lead Plaintiff Adam M. Butt.  "Defendants" are Zoom Video Communications, Inc. ("Zoom" or the "Company") and "Individual Defendants" Eric S. Yuan ("Yuan") and Kelly Steckelberg ("Steckelberg").

[2]  All citations and footnotes omitted and emphasis added unless otherwise indicated.

## II.    LEGAL STANDARD

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). There are two limited exceptions to this rule: the incorporation-by-reference doctrine and judicial notice under Rule 201 of the Federal Rules of Evidence. *Khoja*, 899 F.3d at 998.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, a Court "may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Adjudicative facts are those "'concerning the immediate parties – who did what, where, when, how, and with what motive or intent,'" *i.e.*, "'the facts that normally go to the jury in a jury case.'" Fed. R. Evid. 201 advisory committee note. A fact that is not subject to reasonable dispute is one that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court may also take judicial notice of "'matters of public record,'" but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689.

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document may only be incorporated by reference if "'the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id*. This doctrine prevents plaintiffs from only selecting "portions of documents that support their claims." *Id.* Upon incorporation, a court "'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). However, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pled complaint." *Id*. Incorporation is also improper "if the document merely creates a defense to the well-pleaded allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. at 1002. Improper incorporation prevents plaintiffs from having an opportunity to respond, and the defendant's "newly-expanded version of the complaint" can topple plaintiffs' "otherwise cognizable claims." *Id*. at 1003.

## III.    ARGUMENT

### A.    Incorporation by Reference

Defendants contend the Court should consider RJN Exs. 4, 8-10 and 15-18[3] because they are referenced in the Complaint and are thus incorporated by reference.  Plaintiff does not object to the Court's consideration of these documents, but the Court should reject Defendants' request to adopt the entirety of each document as true.  Contrary to Defendants' assertion (RJN at 5), the Court may not accept the entirety of each incorporated document as true.  *See Khoja,* 899 F.3d at 1003.

RJN Exs. 4 and 10 purport to reflect true and correct copies of Zoom Security Guides from March 2016 (RJN Ex. 4) and June 2019 (RJN Ex. 10), respectively.  Plaintiff does not object to the incorporation of the Privacy Policy and Security Guides as Plaintiff refers to and quotes the documents in the Complaint; the Court may consider these documents in their entirety.  *Khoja*, 899 F.3d at 1002.  However, it is "improper for the court to assume the truth of an incorporated document, if such assumptions only serve to dispute facts in a well-pleaded complaint." *Id.* at 1003.  Here, Defendants ask the Court to accept their interpretation of language in the Security Guides as truth.  For example, relying on statements in RJN Ex. 10, Defendants contend that they disclosed what Plaintiff alleges they concealed, *i.e.*, that they kept the cryptographic keys despite their claims of end to end encryption.  MTD at 3-4.  Assuming the truth of this document only serves to dispute facts in the well pled Complaint.  *Khoja*, 899 F.3d at 1003.  Thus, the Court should reject Defendants' request to incorporate these documents as truth.

RJN Ex. 8 purports to be a true and correct copy of Zoom's 2019 Privacy Policy.  Plaintiff does not object to the incorporation by reference of the Privacy Policy.  However, Plaintiff does object to Defendants' attempt to improperly insert their own version of the events into the well pled Complaint. *Id.* at 998-99.  For example, Plaintiff alleges Zoom's Privacy Policy misleadingly stated the Company may collect users' personal data, but failed to disclose that Zoom was surreptitiously sending users' data to Facebook – including from users who did not have a Facebook account.  ¶9.[4]

---

[3]   All "RJN Ex. _" citations herein are to Defendants' RJN.

[4]   All "¶_" citations herein are to the Complaint.

Defendants ask the Court to improperly construe and accept as true that the Privacy Policy made "clear" that Zoom could share data with Facebook in this way. MTD at 8. Whether the Privacy Policy provides adequate disclosure is a quintessential question of fact improper for resolution here. Incorporation is not warranted as Defendants are attempting to create a "defense to the well-pled allegations in the [C]omplaint" without giving Plaintiff the opportunity to respond through discovery. *Khoja*, 899 F.3d at 1002.

RJN Ex. 9 purports to be true and correct excerpts of Zoom's 2019 Prospectus and Registration Statement. Plaintiff does not object to incorporation by reference as the Complaint specifically refers to the Registration Statement and Prospectus. The entire Prospectus should not be considered as true however, because it contains the ***very statements*** Plaintiff alleges are false and misleading. ¶¶6, 27, 30. Moreover, Defendants rely on the document to establish their own version of the "facts." For example, Defendants refer to RJN Ex. 9 to contend they "openly advertised features (*i.e.*, cloud recording and phone dial-in access) that are fundamentally incompatible with Plaintiff's definition of E2E." MTD at 7. This is plainly Defendants' interpretation of the information in the Registration Statement and Prospectus, which does not contain the clear conclusion Defendants draw, and is a disputed question of fact that should not be accepted as true.

RJN Exs. 15 and 16 purport to be true and correct copies of blog posts published by Zoom entitled "Zoom's use of Facebook's SDK in iOS Client" and "The Facts around Zoom and Encryption for Meetings/Webinars," respectively. Plaintiff does not object to the incorporation of these posts because Plaintiff relies on them in the Complaint. Plaintiff does object to Defendants' assertion that the statement made by Zoom's founder, Yuan, "we never intended to deceive," is a clear indication of Zoom's lack of intent to deceive. MTD at 11 (emphasis omitted). This statement "merely creates a defense to the well-pled allegations in the [C]omplaint" and allows Defendants to "use the doctrine to insert their own version of events into the [C]omplaint." *Khoja*, 899 F.3d at 1002. It is improper to "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

RJN Ex. 18 purports to be a true and correct copy of a Credit Suisse analyst report entitled "Zoom Video Communications, Inc.: Social Distancing Expands TAM & Accelerates Share Gains

but Priced for Perfection; Tactical Downgrade to Underperform."  The Complaint refers to this report to describe how large companies like Tesla stopped using Zoom as a result of Zoom's security failings and how more companies were likely to follow.  ¶75.  Defendants refer to RJN Ex. 18 merely by citing an irrelevant fact that discusses Company growth.  MTD at 2.  Plaintiff does not object to incorporation of this report, although the remaining information in the report is not relevant to the case at the pleading stage.

### B.    Judicial Notice

Defendants seek judicial notice of all 21 RJN Exhibits.  RJN at 7.  The Court should deny their request because admission of these exhibits would clutter the record with Defendants' self-serving statements, which are not relevant to a Rule 12(b)(6) motion and contain facts that are plainly disputed.  Moreover, many of these exhibits fail to meet the criteria required to be judicially noticed: these exhibits are not adjudicative facts, they are subject to reasonable dispute or they are not accurate indicators of what was known or understood by investors.

### 1.    Judicial Notice Is Not Proper for the Documents Defendants Claim to Be Indicators of What Investors Understood

For more than half of Defendants' judicial notice requests – RJN Exs. 1-3, 5-7, 12, 15-17 and 20 – they do not ask for judicial notice of adjudicative facts but rather attempt to use these exhibits to establish as what was in the public realm at the time.  Several of these documents are submitted to create a truth-on-the-market defense, which is plainly improper at this stage.  *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, *6 (N.D. Cal. Aug, 7, 2020).  The remaining documents are hardly indicators of what investors knew at the time of Defendants' misstatements.

RJN Exs. 1 and 5 are a memorandum and blog post that refer to end-to-end encryption, but bear no relevance to what was in the public realm during the time frame relevant to this action.  RJN Ex. 1 is from 1964.  Defendants submit this eight-page memorandum to show the phrase "end-to-end encryption" was used in the 1960s. MTD at 2.  This is not an adjudicative fact and the existence of this article "in the public realm," 56 years before the actions giving rise to this litigation, has no relevance to the facts alleged in the Complaint.  RJN Ex. 5 is a 2016 blog post that discusses "zero-knowledge encryption" and is used by Defendants to contend they did not use the phrase "end-to-end

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCS INCORPORATED BY REFERENCE - 3:20-cv-02353-JD        - 5 -
4849-4263-8321.v1

encryption" in the way Plaintiff alleges. MTD at 3 n.2. This single ambiguous phrase in an article that primarily analogizes encryption with hotel room keys merely serves to contradict Plaintiff's allegations and Defendants' admissions.

Defendants submit RJN Exs. 3, 6-7 and 12 as "articles" about Zoom that give an indication of what was in the public realm at time relevant to this case. RJN at 7-8. However, these are not news articles, but rather four blog posts that mostly predate the Class Period.[5] One blog post is from VSee, a telemedicine software tool that competes with Zoom (RJN Ex. 3), two are from a nonprofit blog, the Civil Liberties Defense Center (RJN Exs. 6, 12), and one is from Telehealth.training, an online therapy website (RJN Ex. 7). Defendants contend these posts show that investors knew the truth about Zoom's encryption misstatements, but while these posts were public, they cannot be taken as a true or accurate indication of what investors understood about Zoom's encryption during the time period relevant to this action.[6] The Court may judicially notice the simple fact that these blog posts were "published on the dates and in the publications that [D]efendants represent they were," *Uber*, 2020 WL 4569846, at *3, but may not notice Defendants' interpretation that these posts indicate the "industry understood Zoom's encryption practices." MTD at 4.

Defendants also rely extensively on *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020), arguing that there, the court judicially noticed an article that "'appear[ed] on [a] publically accessible website'" to indicate the existence of the article's allegations, but did not notice the truth of those allegations. RJN at 7-8 (citing *Google*, 457 F. Supp. 3d at 814). However, Defendants fail to mention that the only articles noticed in *Google* were Google company "blog post[s]." *Google*, 457 F. Supp. 3d at 813. Nowhere in the case did the Court accept blog posts from unknown sources. The information in RJN Exs. 3, 6-7 and 12 must be explored during discovery, and accepting them as an indication of what investors knew is improper.

---

[5]    The "Class Period" is between April 18, 2019 through April 6, 2020, inclusive.

[6]    Moreover, the posts were hardly widely-read or even known to investors. The Civil Liabilities Defense Center's website is not what one would consider popular, ranking below more than 2.1 million other websites. Alexa, https://www.alexa.com/siteinfo/cldc.org (last visited July 9, 2021). By contrast, the New York Times ranks 106th. Alexa, https://www.alexa.com/siteinfo/nytimes.com (last visited July 9, 2021).

Defendants submit RJN Exs. 2 and 20 as glossaries from the Internet Engineering Task Force's ("IETF") Internet Security Glossary (RJN Ex. 2) and Federal Standard 1037C, *Telecommunications: Glossary of Telecommunication Terms* (RJN Ex. 20). Even though Defendants request these definitions be judicially noticed as indicators of what was in the public realm, Defendants treat these definitions as fact in their MTD, using them as their sole asserted definition of end-to-end encryption. MTD at 2-3. For example, RJN Ex. 2 states end-to-end encryption keeps data "encrypted while it passes through any intermediate computers . . . and decrypting it only when it arrives at the intended final destination." RJN Ex. 2 at 3. The interpretation of the definition of "end-to-end encryption" is a plainly disputed question of fact in this case. The existence of publicly available documents may be judicially noticed, but "'not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). When the disputed facts are ignored, these arcane glossaries indicate nothing relevant about what was in the public realm during the relevant time.

RJN Exs. 15 and 16 purport to be true and correct copies of blog posts published by Zoom's blog entitled "Zoom's use of Facebook's SDK in iOS Client" and "The Facts around Zoom and Encryption for Meetings/Webinars," respectively. Plaintiff does not object to RJN Exs. 15 and 16 being noticed because they are blog posts from Zoom's official blog. The facts in these blog posts are plainly disputed, but the Court may notice these documents not for the truth within the documents but "'"for the purpose of showing that particular information was available to the stock market."'" *Uber*, 202 WL 4569846, at *8 (quoting *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020)).

**2.    Judicial Notice Is Not Proper for Many of the Facts Contained in Defendants' RJN Exhibits**

Defendants ask that the remaining 11 RJN Exhibits – RJN Exs. 4, 8-11, 13-14 and 18-21 – be judicially noticed under the standard procedures of Rule 201(b), *i.e.*, permitting judicial notice of "a[n] [adjudicative] fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Notice is not proper for most of these documents because Defendants either attempt to judicially notice facts

that are wholly irrelevant to this action (*Khoja*, 899 F.3d at 1000), do not identify an adjudicative fact to be noticed (*id.* at 999) or identify facts plainly in dispute (Fed. R. Evid. 201(b)(2)).

RJN Ex. 9 includes excerpts of Zoom's 2019 Prospectus and Registration Statement. Defendants assert Plaintiff only highlighted a single line of the prospectus – that Zoom offers "'end-to-end encryption'" – as support for their request to take judicial notice. MTD at 5. However, that statement is the very statement Plaintiff alleges to be false; therefore, that fact cannot be judicially noticed for its truth. *Khoja*, 899 F.3d at 999-1000. Defendants proceed to highlight numerous paragraphs about their mission statement (the platform "delivers happiness") and business model. RJN Ex. 9. These statements do not meet the definition of adjudicative facts – they do not concern the "'what, where, when, how, and with what motive'" of the parties and are not the "'facts that normally go to the jury.'" Fed. R. Evid. 201 advisory committee note. None of these "facts" should be judicially noticed.

RJN Exs. 13 and 19 purport to be true and correct copies of Zoom's Earnings Call Transcripts from March 4, 2020 (RJN Ex. 13) and June 2, 2020 (RJN Ex. 19), respectively. Plaintiff objects to Defendants' characterization of the content of the calls, but does not object to the recognition of the existence of the transcripts themselves. For example, Defendants argue RJN Ex. 13 shows that Zoom was "'working on' a system in which 'the encryption [is] based on the key offered by customers,' *i.e.*, a system where Zoom did not hold the cryptographic key." MTD at 3. Defendants' attempt to have their preferred interpretation of this statement (which is anything but clear) accepted as true is plainly improper and amounts to "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint." *Khoja*, 899 F.3d at 1000. As *Khoja* made clear, judicial notice of a transcript is improper "when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" *Id*. This is exactly the case for RJN Exs. 13 and 19, and neither exhibit should be judicially noticed.

RJN Exs. 11 and 20 purport to reflect true and correct copies of government websites that contain definitions of encryption, RJN Ex. 11 being from the Cybersecurity & Infrastructure Security Agency and RJN Ex. 20 being from Federal Standard 1037C, Telecommunications: Glossary of

Telecommunication Terms. Defendants state the Court must notice these documents because they are "matters of public record." RJN at 10. While a court may take judicial notice of "'matters of public record,'" it "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689. The issues described in the contents of the exhibits are plainly disputed as the interpretation of the encryption definition is at the very center of the dispute in this case, and Defendants' use of these definitions is intended solely to rebut Plaintiff's allegations.

RJN Exs. 8, 4 and 10 are submitted as true and correct copies of Defendants' Privacy Policy (March 19, 2019) and Zoom's Security Guides (March 2016 and June 2019), respectively. As with incorporation by reference of these documents, the existence of the Privacy Policy and Security Guides are not disputed, and the Court may consider these exhibits; but the Court may not accept as true the statements within these documents as they are the very statements that Plaintiff alleges are false and misleading. *See, e.g.*, ¶¶8-9, 32, 34.

RJN Exs. 14 and 18 purport to be true and correct copies of analyst reports from Baird Equity Research (RJN Ex. 14) and Credit Suisse (RJN Ex 18). Defendants only refer to RJN Ex. 14 to mention Zoom's "'ease of use'" as a "'key differentiator'" between Zoom and its competitors. MTD at 2. This is irrelevant, non-adjudicative and improper for judicial notice. *Khoja*, 899 F.3d at 1000 n.5 (finding that taking notice of the date a conference call occurred is theoretically permissible but not relevant); *accord 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure* §5104, at 156 (2d ed. 2005) ("An irrelevant fact could hardly be an 'adjudicative fact. . . .'"). The Court should decline to take notice of these exhibits for their truth.

**IV.   CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' RJN, or not accept as true the disputed information contained in these exhibits.

DATED: July 9, 2021                                    Respectfully submitted,


                                                        s/ Shawn A. Williams
                                                       SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
JOHN H. GEORGE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgeorge@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
CONSIDERATION OF DOCS INCORPORATED BY REFERENCE - 3:20-cv-02353-JD
4849-4263-8321.v1

- 10 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 9, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

4849-4263-8321.v1

## Mailing Information for a Case 3:20-cv-02353-JD Drieu v. Zoom Video Communications, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jenna C. Bailey**
  jbailey@cooley.com,jcorrell@cooley.com

- **Tijana Martinovic Brien**
  tbrien@cooley.com,emadrigal@cooley.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Reza John Harris**
  rjharris@cooley.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,mperetz@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com,emadrigal@cooley.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Tamar A Weinrib**
  taweinrib@pomlaw.com,egoodman@pomlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Armen Zohrabian**
  AZohrabian@rgrdlaw.com,E_File_SD@rgrdlaw.com,azohrabian@ecf.courtdrive.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)