COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
JENNA C. BAILEY (319302)
(jbailey@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, California  92121
Telephone:     +1 858 550 6000
Facsimile:     +1 858 550 6420

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan, and*
*Kelly Steckelberg*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ZOOM SECURITIES LITIGATION | Case No.: 3:20-cv-02353-JD |
| This Document Relates To:<br>ALL ACTIONS. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date:        August 26, 2021<br>Time:        10:00 a.m.<br>Courtroom:   11, 19th Floor<br>Judge:       Hon. James Donato |

## I.   INTRODUCTION

Defendants have requested that this Court incorporate by reference nine documents that Plaintiff relies upon for his claims and allegations, and take judicial notice of publicly available documents such as articles and memoranda, glossaries on public websites, government publications, call transcripts, analyst reports, and Zoom's stock price chart.  (*See* ECF No. 79 ("RJN").)  Generally, Plaintiff "does not object" to Defendants' request for consideration of documents incorporated by reference.  (*See* ECF No. 81 ("Resp.") at 3–5.)  Plaintiff also does not generally object to the Court judicially noticing Defendants' exhibits, but raises unfounded objections to noticing specific facts in particular exhibits.  (*See* Resp. at 5–9.)

Despite Defendants' clear intent only to provide context to Plaintiff's isolated allegations and show what information was available to the market at the time of the challenged statements (*see* RJN), Plaintiff argues that Defendants improperly seek incorporation by reference and judicial notice of documents for their "truth," or to urge the Court to draw improper "interpretation[s]" from the documents.  (*See* Resp. at 3–9.)  Not only are his arguments incorrect, they are also not an appropriate basis for opposing the RJN, as courts in the Ninth Circuit have recently found.  *See, e.g., Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *6 (N.D. Cal. Aug. 7, 2020) ("*Uber*"); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (N.D. Cal. Nov. 27, 2018); *Karrani v. JetBlue Airways Corp.*, 2019 WL 3458536, at *2 (W.D. Wash. July 31, 2019).

Plaintiff also contends that Defendants' request is improper because Defendants use the RJN in an "attempt to undermine" the Complaint by "piling on numerous disputed documents." (*See* Resp. at 1.)  First, Plaintiff does not dispute the accuracy of the documents, and generally concedes that the exhibits are appropriate for incorporation by reference or judicial notice.  (*See generally* Resp.)  Second, he selectively quotes from the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019), while ignoring language endorsing the longstanding principle that courts may assume the truth of the contents of incorporated documents when evaluating a motion to dismiss.  (*See* Resp. at 2–4, 7–9.)  He also ignores Supreme Court authority from *Tellabs, Inc. v*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), requiring courts to consider a complaint in its entirety for a motion to dismiss, including incorporated documents.  (*See generally* Resp.)

The Court should grant in full Defendants' RJN.

## II.   DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IS PROPER

Defendants seek incorporation by reference of Exhibits 4, 8-10, and 15-18 because the documents are quoted and relied upon in Plaintiff's Complaint.  (*See* RJN at 4–7.)  Plaintiff "does not object" to incorporation by reference of Exhibits 4, 8-10, 15, 16, and 18.[1]  (Resp. at 3–5.)  Nor does Plaintiff dispute that he "refers extensively to the document[s] or the document[s] form[] the basis of" his claims.  *Khoja*, 899 F.3d at 1002; *see e.g.,* Resp. at 3–4 ("Plaintiff refers to and quotes [Exhibits 4 and 10] in the Complaint[;] . . . the Complaint specifically refers to [Exhibit 9;] . . . Plaintiff relies on [Exhibits 15 and 16] in the Complaint.").  And Plaintiff does not address Exhibit 17's incorporation by reference and therefore concedes that its incorporation is proper.[2]  *See McCormick v. Cnty. of San Diego*, 2021 WL 913906, at *3 (S.D. Cal. Mar. 10, 2021) (finding "[p]laintiff's lack of opposition, combined with her reference and at least partial reliance" on the exhibit at issue was "sufficient grounds" to incorporate it).  Therefore, the Court should consider Exhibits 4, 8-10, and 15-18 as incorporated by reference into the Complaint.

Plaintiff nonetheless contends that the Court cannot consider the entire contents of these documents as true, because (according to Plaintiff) that will allow Defendants to "insert their own version of the events."  (Resp. at 3.)  But this argument conflates the procedural issue of whether incorporation by reference is proper with the substantive issue of what inference to draw from the document.  This does not provide grounds to refuse to consider the entirety of the documents

---

[1] Exhibits 4, 8-10, and 15-18 consist of Zoom's Security Guides and Privacy Policy, excerpts of Zoom's Prospectus and Registration Statement filed with the SEC, and articles and analyst reports found on public websites.  (*See* RJN, at 2–3.)  Each of these documents was explicitly referenced in Plaintiff's Amended Consolidated Complaint.  (*See, e.g.,* ECF No. 63 ("Complaint").)

[2] Exhibit 17 is an article entitled *Move Fast and Roll Your Own Crypto: A Quick Look at the Confidentiality of Zoom Meetings*, and is cited repeatedly throughout Plaintiff's Complaint. (*See* Complaint, ¶¶ 13, 71–74, 111–12.) While Plaintiff mentions Exhibit 17 (Resp. at 5), he does not set forth any basis for why Exhibit 17 should not be incorporated by reference or judicially noticed. (*See e.g.,* Resp.)

explicitly incorporated by reference in the Complaint.[3]  *See Azar*, 2018 WL 6182756, at *4–5 (rejecting objections to requests for incorporation by reference and for judicial notice where plaintiffs argued defendants used documents to resolve "competing theories" and raise factual disputes).  Contrary to Plaintiff's objections, this Court may properly grant incorporation before moving to "the next issue" of how the documents could be considered.  *See Khoja*, 899 F.3d at 1007–08; *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5, *5 n. 2 (N.D. Cal. June 2, 2020) (finding incorporation by reference proper and separately identifying in a footnote which facts the Court would consider in determining defendants' motion to dismiss); *Karrani*, 2019 WL 3458536, at *2 (overruling objections on request for judicial notice that "chiefly addresse[d] what inferences and conclusions the Court may draw from [documents'] contents).

Plaintiff further argues, citing *Khoja*, that Defendants' request is improper if the documents contain facts that differ from or contradict the facts alleged in the Complaint.  (Resp. at 3–5.)  But Plaintiff misconstrues this precedent.  In *Khoja*, the Ninth Circuit **affirmed** the longstanding incorporation by reference doctrine "that treats certain documents as though they are part of the complaint itself."  899 F.3d at 1002.  Further, in his citations to *Khoja*, Plaintiff omits the Ninth Circuit's observation that it is "generally true" that a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.* at 1003 (citation omitted).  Although Plaintiff is correct that the Ninth Circuit did caution against assumptions that "only serve to dispute facts stated in a well-pleaded complaint," it also noted that the purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id.* at 1002–03.  In fact, Plaintiff does just that when arguing, for example, that Exhibit 9 (containing relevant excerpts of Zoom's Prospectus and SEC Registration Statement) "should not be considered as true . . . because it contains the **very statements** Plaintiff alleges are false and misleading."  (Resp. at 4.)  Plaintiff cites no authority for his claim that a document should

---

[3] In fact, the Ninth Circuit's cautioning against allowing defendants to use incorporation by reference to "insert their own version of events," was only applied to documents that were *not explicitly mentioned* in the complaint. *Khoja*, 899 F. 3d at 1002–03; *see, e.g., id.* at 1007 (finding incorporation of a press release improper when the complaint "[did] not reference or identify [it] at all").

not be incorporated by reference where it contains the allegedly false and misleading statement.[4] And no such authority exists; providing context for those "**very statements**" is precisely why incorporation is necessary. *See Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents that contained allegedly false and misleading statements); *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) ("These documents form the basis of Plaintiff's claims because they contain the allegedly actionable statements and are thus properly incorporated by reference."); *Azar*, 2018 WL 6182756, at *5 (granting judicial notice of transcripts that contained alleged fraudulent statements).

Moreover, nothing in *Khoja* could or did alter the Supreme Court's requirement that courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs,* 551 U.S. at 322; *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (internal citations omitted). *Khoja* itself acknowledges *Tellabs'* binding authority. 899 F.3d at 998. The Court needs the full context of Plaintiff's allegations—not incomplete excerpts. *Id.* at 1002. Cherry-picked allegations do not create a "well-pleaded complaint." *Id.* at 1003.

As *Khoja* instructs, the Court may fully incorporate Exhibits 4, 8-10, and 15-18 to ensure that in his repeated references to these very documents, Plaintiff has not selected "only portions of documents that support [his] claims, while omitting portions of those very documents that weaken—or doom—[his] claims." 899 F.3d at 1002–03.

## III. JUDICIAL NOTICE OF EXHIBITS 1-3, 5-7, 11-14, AND 19-21 IS PROPER[5]

To indicate what information was available to the market at the time in question, Defendants requested that this Court take judicial notice of Defendants' publicly available materials (blog posts,

---

[4] Plaintiff repeats this argument when discussing Defendants' requests for judicial notice of Exhibits 4, 8, and 10, but still fails to cite any authority supporting such a conclusion. (Resp. at 9.)
[5] Exhibits 4, 8-10, and 15-18, addressed *supra*, are also properly subject to judicial notice for the reasons discussed herein.

privacy policy, and security guides), SEC filings, earnings call transcripts, analyst reports, government and media publications, and Zoom's stock price chart. This Court and others have held that such documents are properly the subject of judicial notice. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (overruling objections and granting judicial notice of analyst reports, news articles, and conference call transcripts); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (granting judicial notice of press releases); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (collecting cases in which courts have taken judicial notice of publicly available policies and agreements). Plaintiff does not address Exhibit 21 and therefore concedes that it should be judicially noticed.

First, Plaintiff argues that Exhibits 1-3, 5-7, 12, 15-17, and 20 are being used to "create a truth-on-the-market defense."[6]  (Resp. at 5 (citing *Uber*, 2020 WL 4569846, at *6 .)  Even if Defendants raised this argument in their motion to dismiss (they did not), it is irrelevant as to whether judicial notice of documents is appropriate. Plaintiff's own authority confirms that his argument "miss[es] the mark," because, "whether [defendants] may offer a 'truth-on-the-market' defense in a motion to dismiss . . . goes to the substance of the motion . . . not the admissibility of evidence." *Uber*, 2020 WL 4569846, at *3.  Indeed, the court in *Uber* analyzed the merits of the truth-on-the-market defense *after* it granted judicial notice of the documents in question. *Id.*; *see also Karrani*, 2019 WL 3458536, at *2 (noting distinction between decision to take judicial notice of a document from reliance on contents of the document); *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper.").  Similar to Defendants' request here, the court in *Uber* took judicial notice of the requested documents "not for the truth of

---

[6] Exhibits 15-17 consist of publicly available blog posts and articles, which were repeatedly referenced throughout Plaintiff's Complaint and therefore are subject to incorporation by reference as well as judicial notice. (*See* Complaint, ¶¶ 13, 62–63, 71–74, 111–12.)

the matter asserted, but for the purpose of showing that particular information was available to the stock market." 2020 WL 4569846, at *3 (internal quotations omitted) (citing *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6).

Plaintiff also complains that the requested documents are irrelevant due to age or method of publication. (Resp. at 5–6 ("Ex. 1 is from 1964 . . . Exs. 3, 6-7, and 12 . . . are not news articles, but rather four blog posts that mostly predate the Class Period.").)  But again, Plaintiff's objections are not an appropriate basis to oppose a request for judicial notice.  *See, e.g., Uber*, 2020 WL 4569846, at *3 (noticing articles published prior to the class period because "[d]efendants . . . 'supplied the necessary information'—notably, [plaintiff] d[id] not dispute that the articles were published on the dates and in the publications that defendants represent[ed] they were—and judicial notice *must* therefore be taken."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of a Reddit post); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of "news articles published on public websites *and blogs*") (emphasis added).  Although Plaintiff contends otherwise, *In re Google Assistant Privacy Litigation*, 457 F. Supp 3d 797, 813 (N.D. Cal. 2020) remains persuasive. (Resp. at 6.)  In *Google*, the court judicially noticed an article from VRT NWS (a Flemish public broadcaster that was not a "Google company blog post" as Plaintiff claims (Resp. at 6 (internal quotations omitted))) because it "indicate[d] what was in the public realm at the time." *Id.*; *see also Khoja*, 899 F.3d at 1004 (affirming district court's incorporation of a blog post by reference). Indeed, Plaintiff acknowledges that "plainly disputed" documents may be noticed "for the purpose of showing that particular information was available to the stock market." (Resp. at 7 (quoting *Uber*, 2020 WL 4569846, at *8) (internal quotations omitted).)  Similarly, here, the articles and blog posts in question indicate what information was in the public realm and available to the stock market during the Class Period.  Therefore, Exhibits 1, 3, 5-7, 12, and 15-17 are properly subject to judicial notice.[7]

Regarding Exhibits 2 and 20 (glossary definitions of encryption-related terms), Plaintiff

---

[7] Exhibits 15-17 are properly incorporated by reference as well. (*See supra* Section II.) Further, Plaintiff "does not object" to judicially noticing Exhibits 15 and 16 and concedes that they "purport to be true and correct copies" of Zoom's published blog posts.  (Resp. at 7.)

contends that Defendants "treat the[] definitions as fact in their MTD." (Resp. at 7.) Not so. Plaintiff's fraud claims are premised on a single, specific definition of "end-to-end encryption." (Complaint, ¶ 9(a) n. 5.) Defendants request judicial notice of documents reflecting alternative definitions of "end-to-end encryption," not for the *truth* of those alternate definitions, but merely to show that multiple definitions existed within the public realm at the time the statements were made. (*See* RJN at 8; ECF No. 78 ("MTD") at 2–3.) Moreover, Plaintiff does not contend that these glossaries contain false or otherwise inaccurate information, and even relies on a case where the court granted judicial notice of published documents "as an indication of what information was in the public realm at the time." (Resp. at 7 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).) Even if the documents were offered for their truth (and they are not), the documents are not subject to reasonable dispute and Plaintiff's objections to these exhibits fail.

Plaintiff devotes Section III.B.2 of his Response to reiterating that certain facts within Exhibits 4, 8-11, 13-14, and 18-21 should not be considered for their truth.[8] But "[w]hether to take judicial notice in the first instance is a separate inquiry from how the Court may rely on the contents of the documents." *Karrani*, 2019 WL 3458536, at *2; *see also City of Miami*, 302 F. Supp. 3d at 1033 n.1 (finding that substantive arguments do not bear on the court's decision to take judicial notice and should instead be made in an opposition to the motion to dismiss). For example, Plaintiff argues that Exhibits 13 and 19 (both transcripts of Earnings Calls) may be judicially noticed for their "existence" but objects to the "characterization of the content of the calls." (Resp. at 8.) In support of this argument, Plaintiff again mischaracterizes *Khoja*. (*Id.*) In *Khoja*, the court held that it was improper to judicially notice a call transcript attached to defendants' motion to dismiss because statements contained within the same transcript were "not entirely consistent"—one statement by the same defendant suggested "the opposite" of what he suggested elsewhere in the transcript. 899 F.3d 999–1000; *see Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (distinguishing *Khoja* because the transcript there was "internally inconsistent"). Here, Plaintiff does not allege

---

[8] Exhibits 4, 8-10, and 18 (Zoom's privacy policy, security guides, and Prospectus, and an analyst report) are properly incorporated by reference and therefore may be considered in full. (*See supra* Section II.)

that the transcripts are inaccurate or internally inconsistent; therefore, Plaintiff's objections to Exhibit 13 and 19 are without merit.

Finally, Plaintiff argues that the analyst reports found at Exhibits 14 and 18 should be excluded because they are irrelevant. However, this Court and many others have held that judicial notice is appropriate for analyst reports to "determine the information available to the market." *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020); *see also In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (judicial notice of analyst reports is appropriate to show "what was or was not discussed in the public realm"). Similarly here, Defendants offer these analyst reports to demonstrate what information was available to investors. (*See* RJN at 10.) Thus, Exhibits 14 and 18 are properly subject to judicial notice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-21 in ruling on Defendants' Motion to Dismiss the Complaint.

Dated: August 9, 2021                                    COOLEY LLP


By:    _/s/ Patrick E. Gibbs_
                    Patrick E. Gibbs

Attorneys for Defendants
*Zoom Video Communications, Inc., Eric S. Yuan, and Kelly Steckelberg*