ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re ZOOM SECURITIES LITIGATION | ) ) | Case No. 3:20-cv-02353-JD |
| This Document Relates To: | ) ) ) ) | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION |
| ALL ACTIONS. | ) ) ) | DATE:      TBD |
| | ) | TIME:      TBD |
| | | CTRM:      11, 19th Floor |
| | | JUDGE:     Hon. James Donato |

4877-5000-8601.v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................................1

II.   STATEMENT OF THE ISSUES TO BE DECIDED..........................................................2

III.  STATEMENT OF RELEVANT FACTS ...........................................................................2

IV.   ARGUMENT ......................................................................................................................3

      A.    Defendants Have Not Shown Reasonable Diligence in Brining This
            Reconsideration Motion..........................................................................................4

      B.    Defendants' Reconsideration Motion Utterly Fails to Establish Manifest
            Error .......................................................................................................................6

      C.    Defendant's Arguments that the Court Committed Manifest Error in
            Finding the Allegations of Scienter Sufficient Fail for the Same Reasons............11

V.    CONCLUSION..................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Andreiu v. Ashcroft*,
253 F.3d 477 (9th Cir. 2001) ...............................................................................................6

*Berman v. Freedom Fin. Network, LLC*,
2020 WL 6684838 (N.D. Cal. Nov. 12, 2020) ...............................................................4, 12

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008) ...............................................................................................8

*Bigge Crane & Rigging Co. v. Agility Project Logistics, Inc.*,
2021 WL 681255 (N.D. Cal. Feb. 22, 2021) .......................................................................7

*Evanston Police Pension Fund v. McKesson Corp.*,
411 F. Supp. 3d 580 (N.D. Cal. 2019) ...........................................................................4, 11

*Farr v. Acima Credit LLC*,
2021 WL 5161923 (N.D. Cal. Nov. 5, 2021) .....................................................................11

*Farrar v. Workhorse Grp., Inc.*,
2021 WL 5768479 (C.D. Cal. Dec. 2, 2021) .......................................................................8

*Great Am. Ins. Co. v. Chang*,
2013 WL 3965420 (N.D. Cal. July 31, 2013).......................................................................7

*GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*,
2022 WL 562756 (N.D. Cal. Feb. 24, 2022) .......................................................................3

*Hadsell v. U.S., Dep't of Treasury by Internal Revenue Serv.*,
2021 WL 5889174 (N.D. Cal. Dec. 13, 2021)....................................................................11

*In re BioMarin Pharm. Inc. Sec. Litig.*,
2022 WL 597037 (N.D. Cal. Feb. 28, 2022) .......................................................................8

*In re Convergent Techs. Sec. Litig.*,
948 F.2d 507 (9th Cir. 1991) ...............................................................................................8

*In re Finisar Corp. Sec. Litig.*,
2017 WL 1549485 (N.D. Cal. May 1, 2017).......................................................................11

*In re STEC Inc. Sec. Litig.*,
2011 WL 2669217 (C.D. Cal. June 17, 2011) .....................................................................9

**Page**

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) ................................................................................................3

*Largan Precision Co. v. Genius Elec. Optical Co.*,
   2015 WL 2063988 (N.D. Cal. May 4, 2015),
   *aff'd*, 646 F. App'x 946 (Fed. Cir. 2016) .............................................................................5

*Miller v. Thane Int'l, Inc.*,
   519 F.3d 879 (9th Cir. 2008) ................................................................................................8

*Moss v. Tiberon Mins. Ltd.*,
   2008 WL 686833 (N.D. Cal. Mar. 11, 2008),
   *aff'd*, 334 F. App'x 116 (9th Cir. 2009).................................................................................6

*Roshan v. Lawrence*,
   2021 WL 1164743 (N.D. Cal. Mar. 27, 2021)........................................................................4

*Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*,
   2021 WL 5302525 (N.D. Cal. Nov. 15, 2021) .................................................................7, 10

*Wachos v. Tesla, Inc.*,
   985 F.3d 1180 (9th Cir. 2021) ............................................................................................10

*Wit v. United Behav. Health*,
   2016 WL 5930576 (N.D. Cal. Oct. 12, 2016)........................................................................6

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 12(a)(4)(A) ..................................................................................................................4

## I.    INTRODUCTION

On February 16, 2022, this Court issued an Order (ECF No. 86) ("Order") granting in part and denying in part Lead Plaintiff Adam M. Butt's ("Plaintiff") Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 63) ("Complaint").  The Court found that Plaintiff adequately alleged the falsity of Defendants'[1] statement that its video conferencing platforms including "Zoom Meetings," offered robust security capabilities including end-to-end encryption.  Order at 2, 4-5.  The Court held that certain alleged facts supported its conclusions, including, "[a]mong other things, [P]laintiff point[ed] to an article published on March 31, 2020, on *The Intercept* website titled, 'ZOOM MEETINGS AREN'T END–TO-END ENCRYPTED, DESPITE MISLEADING MARKETING: The video conferencing service can access conversations on its platform.'"  *Id.* at 4.  The Court also credited "allegations that on April 1, 2020, 'Yuan published "A Message to Our Users" on Zoom's blog'" linked to a post stating, "'we want to start by apologizing for the confusion we have caused by incorrectly suggesting that Zoom meetings were capable of using end-to-end encryption.'"  *Id.* at 5.  These indisputable allegations highlight remarkable acknowledgements of the misleading nature of Defendants' statements concerning Zoom Meetings.

Now, nearly one month later, Defendants argue that the Court committed a manifest error in upholding as false and misleading Defendants' misrepresentation.  They argue that the statement "We offer robust security capabilities, including end-to-end encryption" ("Statement No. 1") (*id.* at 4) is actually literally true, and the Court should have inferred it was made in good faith.  But Defendants' attempts to delay discovery and waste the Court's resources should be ignored.  The Court already held the statement is misleading because it created the impression that Zoom was capable of end-to-end encryption when, in fact, it was not.  And, rather than diligently filing a motion for reconsideration, instead, Defendants sought Plaintiff's agreement to stipulate to an extension for Defendants to respond to the Complaint.  At no time during the stipulation

---

[1]    "Defendants" are Zoom Video Communications, Inc. ("Zoom" or the "Company") and Eric S. Yuan ("Yuan").  All terms not defined herein have the same meaning as in the Complaint.

negotiations, nor in the stipulation filed with the Court on February 25, 2022 (ECF No. 88) (the "Stipulation"), did Defendants mention their intent to seek reconsideration of the Court's Order. With discovery presently set to begin, Defendants request, without merit, that the Court reconsider its Order on the ground that the Court committed manifest error by ignoring facts presented at the motion to dismiss stage.

In sum, Defendants raise no plain and indisputable fact that the Court failed to consider, as required, and instead regurgitate arguments made at the motion to dismiss stage. Defendants' motion for reconsideration (ECF No. 90) ("Reconsideration Motion") twists the Complaint's allegations, burdening the Court for an extra bite at the apple when the Court has already held that Plaintiff's Section 10(b)/Rule 10b-5 claim against Yuan and Zoom was adequately alleged and will go forward. The bar to overturn the Court's Order is high, and Defendants' desperate leap to overcome it falls short. The Court should see through the Reconsideration Motion for what it is and order that discovery commence immediately.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided by the Court are: (1) whether Defendants acted with reasonable diligence in bringing the Reconsideration Motion; and (2) whether Defendants have met the standard for manifest error with respect to the Court's Order.

## III.    STATEMENT OF RELEVANT FACTS

This is a putative securities class action filed on behalf of all persons and entities that purchased or otherwise acquired Zoom common stock from April 18, 2019 through April 6, 2020, inclusive (the "Class Period") and were damaged thereby. The Complaint alleges that Defendants violated §10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. *See* Complaint.

Plaintiff alleges that on April 18, 2019, in Zoom's Registration Statement and Prospectus ("Prospectus") issued in connection with the Company's Initial Public Offering, Yuan and Zoom stated that the Company's product offerings, including its core product offering, Zoom Meetings, was capable of "end-to-end" encryption when, in fact, it was not. ¶27.[2] Zoom repeated these false

___

[2]    All "¶_" citations herein are to the Complaint.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION - 3:20-cv-02353-JD
4877-5000-8601.v1

claims in blog posts and on its website throughout the Class Period, and analysts highlighted the importance of these purported capabilities to investors. *See, e.g.*, ¶¶31-32, 39, 42-44. The Complaint alleges that on or around March 31, 2020, *The Intercept* published an article disclosing that Zoom Meetings did not, in fact, offer end-to-end encryption, and the Company later expressly admitted that it had "incorrectly suggest[ed] that Zoom meetings were capable of using end-to-end encryption" when that capability was not yet developed. ¶¶59, 63, 75.

Plaintiff alleges that the material misrepresentations and omissions caused Zoom's stock to trade at artificially inflated prices, as high as $164.14 on March 23, 2020. ¶97. However, when the truth became apparent through a series of disclosures, Zoom's stock precipitously declined, causing damages to those who purchased the stock at artificially inflated prices. ¶¶97-117.

Plaintiff also alleges that following these disclosures, regulators began investigating Zoom. On May 7, 2020, the New York Attorney General announced an agreement with Zoom to "enhance its encryption protocols by encrypting users' information, both in transit and as stored online on their cloud servers." ¶91. On November 9, 2020, the FTC announced it had entered a proposed consent agreement with Zoom in connection with charges that the Company, *inter alia*, falsely or misleadingly represented that it employed end-to-end encryption. ¶¶93-95. On December 18, 2020, Zoom disclosed that the United States Attorney's Office for the Eastern District of New York had issued grand jury subpoenas in June 2020, seeking information regarding storage of and access to user data and the development and implementation of the Company's privacy policies. ¶96. Similarly, Zoom disclosed that the United States Attorney's Office for the Northern District of California and the SEC issued subpoenas in July 2020, seeking information regarding "various security and privacy matters, including Zoom's encryption, and Zoom's statements." *Id.*

## IV.   ARGUMENT

"Reconsideration of a prior ruling is an 'extraordinary remedy, to be used sparingly.'" *GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, 2022 WL 562756, at *2 (N.D. Cal. Feb. 24, 2022) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).[3] Under the Civil

---

[3]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

Local Rules ("L.R.") the party seeking leave "must specifically show reasonable diligence in bringing the motion." L.R. 7-9(b). In addition, the party seeking leave must show a "***manifest failure*** by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(3).[4]

Accordingly, "a motion for reconsideration 'may not be used to get a second bite at the apple.'" *Roshan v. Lawrence*, 2021 WL 1164743, at *3 (N.D. Cal. Mar. 27, 2021. It "cannot be used to raise arguments or present evidence for the first time." *Berman v. Freedom Fin. Network, LLC*, 2020 WL 6684838, at *1 (N.D. Cal. Nov. 12, 2020). And, it cannot be used to "rehash[] arguments the Court has already rejected." *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 607 (N.D. Cal. 2019). In fact, a motion for reconsideration cannot "repeat any oral or written argument made by the applying party" failure to comply may subject the moving party to "sanctions." L.R. 7-9(c).

### A. Defendants Have Not Shown Reasonable Diligence in Brining This Reconsideration Motion

This District does not have a set deadline for requesting leave to file a motion for reconsideration like other districts. *See, e.g.*, C.D. Cal. Local Civil Rule 7-18: (14 days); D. Az. Local Rule of Civil Procedure 7.2(g)(2): (14 days); W.D. Wash. Civil Rule 7(h): (14 days).[5] However, the "moving party must specifically show reasonable diligence in bringing the motion." L.R. 7-9(b). Despite waiting close to a month from the issuance of the Order, Defendants claim that they were diligent in bringing the Reconsideration Motion because they filed it shortly after the Court's deadline for Plaintiff to amend the Complaint. Reconsideration Motion at 11. But Defendants' Reconsideration Motion, and the arguments asserted therein, are entirely unrelated to

---

[4]   A party can also seek leave for reconsideration by showing "a material difference in fact or law exists from that which was presented to the Court" or the "emergence of new material facts or a change of law," but neither are relevant to Defendants' Reconsideration Motion. L.R. 7-9(b)(1)-(2).

[5]   Also, under the Federal Rules of Civil Procedure, an answer to a complaint, setting out each defense to each claim and admitting or denying each allegation, after a motion to dismiss is denied, is due within 14 days. Fed. R. Civ. P. 12(a)(4)(A).

the issues on which the Court gave Plaintiff leave to amend.[6]  Any amendment would have been to claims that were "***dismissed***" by the Court, not claims that were upheld.  *See* Order at 3-4, 8-9.  Indeed, as detailed below, Defendants' arguments pertain to the one misrepresentation which the Court did not dismiss.  Simply put, Defendants have utterly failed in the threshold showing of reasonable diligence.  Defendants' excuse for their failure to diligently bring the Reconsideration Motion is wholly unsatisfactory and independently provides grounds for denial.  *See Largan Precision Co. v. Genius Elec. Optical Co.*, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) (Donato, J.), *aff'd*, 646 F. App'x 946 (Fed. Cir. 2016) (waiting more than four weeks to file a motion for reconsideration does not constitute reasonable diligence).

In addition, it is clear that Defendants are using the Reconsideration Motion to delay discovery.  Instead of diligently and quickly filing the Reconsideration Motion, Defendants sought from Plaintiff the Stipulation to delay filing their answer, without mentioning their intent to file the Reconsideration Motion.  Again, on February 25, 2022, without disclosing their belief that the Court committed manifest error in ruling on the Complaint, at Defendants' request, the Court entered the stipulated order setting a schedule for Defendants to answer the Complaint, or otherwise set a responsive pleading schedule.  ECF No. 89 at 2.  On March 14, 2022, Plaintiff requested Defendants schedule a Fed. R. Civ. P. 26(f) conference to commence discovery, which the parties are required to conduct as soon as practicable.  On March 16, 2022, Defendants responded (before the Court Ordered Plaintiff's instant response), taking the position that: "[W]e think it is premature to engage in a 26(f) conference since the [R]econsideration [M]otion ***is essentially a continuation of the motion to dismiss***.[7]  Of course, a mere request for leave to file a motion for reconsideration is not a continuation of the Court's Order, and further, the non-moving party is not even required to respond unless ordered by the Court.  L.R. 7-9(d).  On March 16,

---

[6]  *See* Order at 8-9 ("Plaintiff is granted leave to ***amend all claims dismissed by this order***, and if he wishes to do so, he may file an amended complaint that is consistent with this order by March 9, 2022.  No new claims or defendants may be added without prior approval of the Court.").

[7]  On March 16, 2022, Plaintiff asked Defendants to reconsider this position, but to date no Rule 26(f) conference has been scheduled.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION - 3:20-cv-02353-JD
4877-5000-8601.v1

- 5 -

2022, Defendants also sought from Plaintiff yet another stipulation that their answer be delayed because they had filed their Reconsideration Motion, threatening relief of Court if Plaintiff would not agree.  These tactics are inconsistent with representations made in the Stipulation and Order, which stated that the initial delay of the answer "best serves the goal of conserving both the Parties' and the Court's resources" in order to avoid "unnecessary piecemeal responsive pleadings," and therefore they wished "to suspend Defendants' obligation to file an answer to the Complaint until after March 9, 2022, at which point the operative pleading will be established."  Stipulation at 2.

Indeed, Defendants have failed to demonstrate they acted with reasonable diligence, and "[o]n that basis alone, denial of the request for leave to file a motion for reconsideration is warranted."  *Wit v. United Behav. Health*, 2016 WL 5930576, at *2 (N.D. Cal. Oct. 12, 2016).

**B.    Defendants' Reconsideration Motion Utterly Fails to Establish Manifest Error**

"'Manifest' describes something that is apparent, clear, indisputable, obvious or plain." *Andreiu v. Ashcroft*, 253 F.3d 477, 489 (9th Cir. 2001).  "A manifest error is an 'error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"  *Moss v. Tiberon Mins. Ltd.*, 2008 WL 686833, at *1 (N.D. Cal. Mar. 11, 2008), *aff'd*, 334 F. App'x 116 (9th Cir. 2009).

The Complaint specifically alleges that Defendants falsely stated that the Company's video conferencing platform, including Zoom Meetings, offered end-to-end encryption capabilities.  *See, e.g.*, ¶27 ("Defendants' April 18, 2019 prospectus falsely touted end-to-end encryption as a key aspect of the robust security capabilities of the Company's offerings, including Zoom Meetings"); *see also* ¶¶6, 9(a), 34(a), 39, 47(a).  The intent and context of Defendants' statement "[w]e offer robust security capabilities, including end-to-end encryption" is clear – Zoom Meetings was the core product offering of Zoom and it was encrypted end-to-end.  ¶27.  Indeed, throughout the Class Period, the Complaint details how the Company repeatedly and falsely assured investors that Zoom Meetings offered end-to-end encryption and analysts and investors understood as much.  *See, e.g.*, ¶¶6-7, 30-32, 42-44.  Defendants now assert that the Court erred because it is possible some ancillary Zoom products might have offered end-to-end encryption.  Reconsideration Motion at 1-

2, 7-9.  This argument fails on multiple fronts.  It improperly reargues facts, misinterprets the law, ignores context, relies on law the Court already distinguished, misconstrues the Complaint's allegations and is no more than a thinly veiled attempt to second guess the Court's findings.  As detailed below, Defendants' Reconsideration Motion fails to show any error, much less manifest error warranting the extraordinary remedy of the Court reversing its prior ruling.

*First*, Defendants' Reconsideration Motion improperly repeats arguments raised in Defendants' motion to dismiss in violation of L.R. 7-9(c).  The crux of Defendants' argument was raised in both their motion to dismiss and reply in support thereof, and assumes the Court overlooked this argument.  For example:

> [E]ven if Plaintiff's preferred definition were the only possible definition of E2EE, the sole statement challenged in Zoom's Prospectus, that Zoom offered "end-to-end encryption" as part of its general "technology and infrastructure" would not be false, because it does not suggest that all Zoom products offered E2EE in all circumstances.  (Ex. A, Stmt. 1).

ECF No. 82 at 2-3; *see also* ECF No. 78 at 7 n.5.  The Reconsideration Motion repeats the exact same argument:

> Even if Plaintiff adequately alleged that Zoom Meetings were not end-to-end encrypted in the way he defined the term, this was insufficient to render Statement No. 1 false, because Plaintiff would have to allege with particularity that Zoom did not offer end-to-end encryption on *any* of its products at the time the statement was made.

Reconsideration Motion at 6-7 (emphasis in original).

Defendants admit they are repeating this argument (Reconsideration Motion at 9), but "[m]otions for reconsideration are designed to bring to the Court's attention clear instances of missed arguments, not simply to make the very same points but more loudly."  *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2021 WL 5302525, at *1 (N.D. Cal. Nov. 15, 2021); *see Great Am. Ins. Co. v. Chang*, 2013 WL 3965420, at *3 (N.D. Cal. July 31, 2013) (denying motion for reconsideration and awarding sanctions for repeating arguments in reconsideration motion); *Bigge Crane & Rigging Co. v. Agility Project Logistics, Inc.*, 2021 WL 681255, at *2 (N.D. Cal. Feb. 22, 2021) (denying reconsideration for "re-asserting arguments it made in its reply brief in violation of Local Rule 7-9(c)").

***Second***, Defendants' argument that the Court committed a manifest error in finding falsity to be sufficiently alleged also misses the mark. Defendants argue that Statement No. 1 is not misleading because it is literally true.[8] But "literal truth is not the standard for determining whether statements in a prospectus are misleading." *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008). Instead, a statement is materially false and misleading when "'read in light of all the information then available to the market [it] conveyed a false or misleading impression.'" *Farrar v. Workhorse Grp., Inc.*, 2021 WL 5768479, at \*5 (C.D. Cal. Dec. 2, 2021) (quoting *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir. 1991)).

Here, the Court correctly determined "Statement No. 1 gave an 'impression of a state of affairs that differs in a material way from the one that actually exist[ed],'" *i.e.*, the impression was that Zoom Meetings did offer end-to-end encryption when in fact it did not. Order at 5 (alteration in original) (quoting and following *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008)); *see In re BioMarin Pharm. Inc. Sec. Litig.*, 2022 WL 597037, at \*6 (N.D. Cal. Feb. 28, 2022) (denying defendants' motion for reconsideration in securities case because "the standard discussed in the Prior Order correctly reflects the law").

***Third***, there is no credible dispute that Defendants' claim in Statement No. 1, that Zoom's platform offered end-to-end encryption, was intended to and actually did include Zoom Meetings. Zoom Meetings was not a secondary or even tertiary derivative product – Zoom meetings was the "cornerstone" offering of the Company. ¶5. Indeed, what investors were looking at when buying Zoom stock was its Zoom Meetings product. Without Zoom Meetings there was no Zoom. *See, e.g.*, ECF No. 78 at 2 (Defendants stating that Zoom Meetings was the "flagship product"); ECF No. 78-10 at 85 ("Zoom Meetings is the cornerstone of our platform that ties all of our other products and features together."); ECF No. 78-10 at 1 ("[w]e provide a video-first communications

---

[8]   *See, e.g.*, Reconsideration Motion at 2 ("Plaintiff's allegation, elsewhere in the Complaint, that Zoom Meetings did not offer end-to-end encryption thus does not render Statement No. 1 false."); *id.* at 7-8 ("Even if Plaintiff adequately alleged that Zoom Meetings were not end-to-end encrypted in the way he defined the term, this was insufficient to render Statement No. 1 false, because Plaintiff would have to allege with particularity that Zoom did not offer end-to-end encryption on ***any*** of its products at the time the statement was made.") (emphasis in original).

platform"); ECF No. 78-5 at 1 ("Zoom unifies cloud video conferencing, simple online meetings, group messaging, and a software-defined conference room solution into one easy-to-use platform."). As such, when Yuan and Zoom made their statements that "[w]e offer robust security capabilities, including end-to-end encryption" investors understood them to be discussing Zoom Meetings. ¶27. The Complaint is explicit on this point alleging that analysts reported on the "the core importance of the purported fact that Zoom's videoconferencing technology was secured with end-to-end encryption, referring to it as a 'key strength,' a 'KEY PLATFORM FEATURE[]' and a 'major source[] of competitive differentiation.'" ¶31; *In re STEC Inc. Sec. Litig.*, 2011 WL 2669217, at *8 (C.D. Cal. June 17, 2011) ("Particular statements made by analysts underscore the plausibility and reasonableness of the false impression that Plaintiffs allege Defendants' statements conveyed.").

The media quoted in the Complaint also confirms that the public understood both that Zoom was essentially Zoom Meetings and Defendants' end-to-end encryption claims about Zoom were referring to Zoom Meetings. *See, e.g.*, ¶56 (*The Intercept*: "Zoom, the video conferencing service whose use has spiked amid the Covid-19 pandemic, claims to implement end-to-end encryption . . . . But despite this misleading marketing, the service actually does not support end-to-end encryption for video and audio content . . . .");[9] ¶72 (Citizen Lab: "Zoom documentation (as well as the Zoom app itself) claims that Zoom offers a feature for 'end-to-end (E2E) encrypted meetings'"); ¶75 (*The Wall Street Journal*: "Among the privacy features Mr. Yuan now promises is an option for end-to-end encryption to safeguard conversations, he told the Journal. Zoom had previously advertised such a feature . . . ."); ¶84 (Argus Research: "While Zoom said its meetings were end-to-end encrypted, its service actually has only standard encryption . . . .").

A plain reading of the Court's Order demonstrates that the Court also understood this context when it stated that the falsity of Statement No. 1 was adequately alleged. *See* Order at 5 ("Plaintiff has identified defendants' express acknowledgement that they had 'incorrectly

_____

[9]    No other Zoom product flourished like Zoom Meetings during the pandemic, when volume of Zoom Meeting users exploded.

suggest[ed] that Zoom meetings were capable of using end-to-end encryption'") (alteration in original).  It was presumably as clear to the Court, as it was to investors and Defendants, that the alleged misrepresentations incorrectly suggested (*i.e.*, mislead investors into believing) that Zoom Meetings was capable of using end-to-end encryption when it was not.  Order at 4.

Further, especially since the Court already explicitly distinguished *Wachos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021), the rubber in Defendants' four-wheel drive analogy never hits the road.  *Compare* Motion at 9, *with* Order at 5.[10]  Whether Defendants' argument is that "end-to-end encryption" means "how we were using it" or "end-to-end encryption" does not apply to Zoom Meetings, the issue is the same.  The manner in which Defendants now wish to interpret the statement is not the issue; rather, as the Court already correctly found, "Statement No. 1 gave an 'impression of a state of affairs that differs in a material way from the one that actually exist[ed]." Order at 5 (alteration in original).

*Lastly*, Defendants' manifest error argument is entirely premised on a substantial rewrite of the Complaint.  Nowhere does "Plaintiff also allege[] that Zoom *did* offer end-to-end encryption (as he defines it) as to another part of its communications platform: Zoom's out-of-meeting messaging solution, Zoom Chat."  Reconsideration Motion at 1-2 (emphasis in original).  The Complaint alleges that "Defendants *knew the meaning* of end-to-end encryption; and, in fact, they *used the term* accurately in other contexts, including in describing Zoom's end-to-end chat encryption."  ¶¶34(a), 47(a).  But this allegation cannot be construed as an allegation that Zoom actually did offer end-to-end encryption in Zoom Chat, as Defendants claim.  Reconsideration Motion at 1-2, 7-9.  Rather, it shows that Defendants knew the meaning of the term and used the term properly, evidencing Defendants' knowledge of making false statements.

Accordingly, not only is this "incongruity" in the allegations completely contrived by Defendants (Reconsideration Motion at 8), there is no "material fact[]" presented to the Court for

---

[10]   *See Sheet Metal*, 2021 WL 5302525, at *1 (rejecting to reconsider falsity arguments based on cases the Court already considered, including *Wachos*).

the Court to have gotten wrong (L.R. 7-9(b)(3)).[11]   Defendants contrived the material fact and contrived the incongruity, and the Court should ignore it.  *See Hadsell v. U.S., Dep't of Treasury by Internal Revenue Serv.*, 2021 WL 5889174, at *2 (N.D. Cal. Dec. 13, 2021) (rejecting new argument that "does not identify any new material facts").

### C.   Defendant's Arguments that the Court Committed Manifest Error in Finding the Allegations of Scienter Sufficient Fail for the Same Reasons

Defendants argue that the Court committed manifest error in its scienter analysis, contending that the facts actually support an inference of Zoom's "Good Faith."  Reconsideration Motion at 9.  Defendants argue that the April 2020 blog posts cannot "be viewed as a correction of Statement No. 1, much less an admission that Statement No. 1 was knowingly false when made." *Id.* at 10.  Again, here, Defendants made this very argument in their motion to dismiss[12] and a reconsideration is not an opportunity to "rehash[] arguments the Court has already rejected." *Evanston*, 411 F. Supp. 3d at 607.

Defendants also seem to raise a new argument along a similar vein that none of the "'corrective disclosures' . . . sa[y] anything about statements in Zoom's Prospectus at all." Reconsideration Motion at 10.[13]  However, "'a corrective disclosure need not be a "mirror-image" disclosure – a direct admission that a previous statement is untrue;' it must simply 'relate to the same subject matter as the alleged misrepresentation.'" *In re Finisar Corp. Sec. Litig.*, 2017 WL 1549485, at *8 (N.D. Cal. May 1, 2017) (citing cases).  Even still, here, the corrective disclosers are the near mirror-image *mea culpas* that Defendants say are missing.  An even more unequivocal apology is not required.

---

[11]   *See* Reconsideration Motion at 2 (claiming the "key material facts" that the Court missed, which are based on the argument that Zoom Chat was encrypted end-to-end).

[12]   *See* ECF No. 78 at 11 ("And even if Yuan or Steckelberg had acknowledged, ***months to years after making such statements***, that some users may have been confused by Zoom's use of E2E, this does not establish that they knew that any of the statements were false ***when made***.") (emphasis in original).

[13]   *See Farr v. Acima Credit LLC*, 2021 WL 5161923, at *2 (N.D. Cal. Nov. 5, 2021) (rejecting reconsideration argument that "invokes the same logic" as argument in the underlying motion).

Importantly, for both these arguments, the Court already rejected this line of argument as "not persuasive," finding that a "'I knew it all along'" admission is not necessary in this type of case. Order at 5-6. Instead, the Court found that scienter was adequately alleged because of Yuan's degrees, experience, personal knowledge and understanding of what the term "'end-to-end encryption'" meant. *Id.* at 6. "[D]efendants' express acknowledgement that they had 'incorrectly suggest[ed] that Zoom meetings were capable of using end-to-end encryption'" was enough to raise a strong inference of scienter. *Id.* at 5-6 (alteration in original). Defendants raise no manifest error in this finding and their failure to "argue persuasively does not entitle them to a second bite at the apple." *Berman*, 2020 WL 6684838, at \*5.

Further, while Defendants demand that the Court distinguish between end-to-end encryption for Zoom Meetings' platform and end-to-end encryption for Zoom Chat, their own statements to the investment community do not make such a distinction. Reconsideration Motion at 10. For example, Yuan's April 1, 2020 blog post states that Zoom wanted to "clarify the facts around encryption *on our platform*." ¶62. When Yuan is quoted in *The Wall Street Journal* discussing that the "an option for end-to-end encryption" was being developed, there is no mention that Zoom actually did have end-to-end encryption for some products. ¶75.

## V.  CONCLUSION

For all the foregoing reasons, the Court should deny the Reconsideration Motion.[14]

DATED: March 29, 2022

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS

s/ Shawn A. Williams
SHAWN A. WILLIAMS

---

[14] The Court should also reject Defendants' request for a reply to the Reconsideration Motion. Local Rule 7-9 does not permit a reply and Defendants' deficiencies in their Reconsideration Motion cannot be cured by yet another brief on issues that have already been fully considered and decided.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION - 3:20-cv-02353-JD

- 12 -

4877-5000-8601.v1

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 29, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

4877-5000-8601.v1

## Mailing Information for a Case 3:20-cv-02353-JD Drieu v. Zoom Video Communications, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jenna C. Bailey**
  jbailey@cooley.com,jcorrell@cooley.com

- **Tijana Martinovic Brien**
  tbrien@cooley.com,emadrigal@cooley.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,agarcia@cooley.com

- **Reza John Harris**
  rjharris@cooley.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,mperetz@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,PJohnson2019@ecf.courtdrive.com,tdevries@rgrdlaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.com,abarbosa@pomlaw.co

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,emadrigal@cooley.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Tamar A Weinrib**
  taweinrib@pomlaw.com,egoodman@pomlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

- **Armen Zohrabian**
  AZohrabian@rgrdlaw.com,E_File_SD@rgrdlaw.com,azohrabian@ecf.courtdrive.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)