COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
JENNA C. BAILEY (319302)
(jbailey@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

Attorneys for Defendants
*Zoom Video Communications, Inc. and Eric S. Yuan*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ZOOM SECURITIES LITIGATION | Case No.: 3:20-cv-02353-JD |
| | **DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT** |
| This Document Relates To:<br>ALL ACTIONS. | |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**DEFS.' ANSWER TO CONSOLIDATED CLASS
ACTION COMPLAINT; 3:20-CV-02353-JD**

Defendant Zoom Communications, Inc. ("Zoom" or the "Company") and individual Defendant Eric S. Yuan ("Mr. Yuan" or the "Individual Defendant," and collectively with Zoom, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff Adam M. Butt's ("Plaintiff") Consolidated Class Action Complaint (the "Complaint").[1]

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments and thus no response is required. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the Complaint. To the extent that a response to Exhibit A to the Complaint is deemed necessary, Defendants deny any and all allegations in Exhibit A.

Except as explicitly admitted herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any and all allegations in the unnumbered paragraphs on page 1 of the Complaint, headings, subheadings, footnotes, and the prayer for relief. Defendants further answer the numbered paragraphs in the Complaint as follows.

1.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.    In response to the first sentence in Paragraph 2 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a class action under federal securities laws but deny that Plaintiff has met the requirements necessary to do so. In response to the second sentence in Paragraph 2, Defendants admit that Mr. Yuan is Zoom's founder, its Chief Executive Officer, and the Chairman of the Company's Board. The second sentence in Paragraph 2 contains allegations

---

[1] The Court's Order, dated February 16, 2021 (the "Order") granted in part and denied in part Defendants' motion to dismiss the Complaint. Specifically, the Order dismissed all claims against former defendant Kelly Steckelberg ("Ms. Steckelberg"), and as for the remaining Defendants, dismissed all claims relating to Statement Nos. 2-15, and dismissed the sole Section 20(a) claim against Mr. Yuan. Plaintiff elected not to file an amended complaint in response to the Order, and as a result, many allegations in the Complaint relate to claims that the Court dismissed. (Dkt. 86.) Defendants are not obligated to answer those allegations. *E.g.*, *American Fam. Ins. Co. v. Almassud*, 522 F.Supp.3d 1263, 1278 (N.D. Ga. 2021); *Peper v. Dep't of Agric.*, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008); *see also Davanzia, S.L. v. Laserscope, Inc.*, 2007 WL 3460721, at *2 (N.D. Cal. Nov. 14, 2007) (noting that defendant was "not required to respond to dismissed claims and allegations").

regarding a defendant that was dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 2.

3.    Defendants deny each and every allegation in Paragraph 3 of the Complaint.

4.    In response to Paragraph 4 of the Complaint, Defendants admit that Zoom was founded in 2011. Defendants admit that Zoom's S-1 states, "We provide a video-first communications platform that delivers happiness and fundamentally changes how people interact. We connect people through frictionless video, voice, chat and content sharing and enable face-to-face video experiences for thousands of people in a single meeting across disparate devices and locations. Our cloud-native platform delivers reliable, high-quality video that is easy to use, manage and deploy, provides an attractive return on investment, is scalable and easily integrates with physical spaces and applications." Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 4.

5.    In response to the first and second sentences in Paragraph 5 of the Complaint, Defendants admit that Zoom Meetings is one of Zoom's products. In response to the remaining allegations in the first and second sentences in Paragraph 5, Defendants admit that Zoom offers a suite of software products allowing for communications through video, voice, and chat, as well as the ability to share content among users, including hosts and attendees. In response to the third sentence in Paragraph 5, Defendants admit that Zoom conducted its initial public offering ("IPO") on April 18, 2019. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 5.

6.    Defendants deny each and every allegation in Paragraph 6 of the Complaint.

7.    In response to Paragraph 7 of the Complaint, Defendants admit that the Complaint purports to quote portions of analyst reports; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent Paragraph 7 purports to summarize or characterize the analyst reports, Defendants deny the allegations and respectfully refer the Court to the complete reports. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 7.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**8.**     Paragraph 8 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**9.**     Paragraph 9 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 9 of the Complaint.

**10.**     Paragraph 10 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**11.**     Paragraph 11 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**12.**     In response to Paragraph 12, Defendants admit that on March 23, 2020, Zoom's stock price reached a high of $164.94 during intraday trading.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 12 of the Complaint.

**13.**     Defendants deny each and every allegation in Paragraph 13 of the Complaint.

**14.**     The third sentence in Paragraph 14 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that Paragraph 14 contains selective quotes from an article by CNBC dated April 2, 2020 and an article by *Fortune* on April 6, 2020 that have been modified, taken out of context, and are incomplete. To the extent that the allegations of Paragraph 14 purport to purport to summarize or characterize the articles, Defendants deny the allegations and respectfully refer the Court to the contents of the complete articles.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 14 of the Complaint.

**15.**     In response to Paragraph 15 of the Complaint, Defendants admit that Zoom's stock price closed at $150.88 on March 30, 2020 and closed at $113.75 on April 7, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 15 of the Complaint.

**16.**     Paragraph 16 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.  Defendants admit that

the FTC issued a press release on November 9, 2020. To the extent that Paragraph 16 purports to summarize or characterize the press release, Defendants deny the allegations and respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 16 of the Complaint.

17.    Paragraph 17 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. In response to the second sentence in Paragraph 17, Defendants admit that the Complaint purports to quote portions of a SEC Form 8-K that was filed by Zoom on December 18, 2020 that have been modified, taken out of context, and are incomplete. To the extent that the allegations of Paragraph 17 purport to summarize or characterize the SEC Form 8-K, Defendants deny the allegations and respectfully refer the Court to the contents of the complete articles. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 17 of the Complaint.

18.    Paragraph 18 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

19.    In response to the first sentence in Paragraph 19 of the Complaint, Defendants admit that Plaintiff purports to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 CF.R. § 240.10b-5, promulgated thereunder. In response to the second sentence in Paragraph 19, Defendants admit that Section 27 of the Exchange Act, 15 U.S.C. § 78aa, provides for jurisdiction over this action. In response to the third sentence in Paragraph 19, Defendants admit that Zoom's headquarters are in San Jose and that venue is proper in this district. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 19 of the Complaint.

20.    Defendants deny Plaintiff was harmed in any way by the conduct alleged herein. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint.

21.    Defendants admit the allegations in Paragraph 21.

22.    Defendants admit the allegations in the fourth and sixth sentences in Paragraph 22. Defendants admit that Mr. Yuan is Zoom's founder and has served as Zoom's President and Chief

Executive Officer. Defendants admit that Mr. Yuan has served as the Chairman of the Company's Board. Defendants admit that, prior to founding Zoom, Mr. Yuan worked as an engineer at WebEx, which was acquired by Cisco Systems in or around 2007. Defendants admit that Mr. Yuan, at times, was quoted in various Zoom press releases, spoke during Zoom's earning calls, and that he signed Zoom's S-1 filed with the SEC. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 22 of the Complaint.

23. Paragraph 23 contains allegations regarding a defendant that was dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

24. Paragraph 24 contains allegations regarding a defendant that was dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. Defendants admit that Plaintiff purports to refer to Defendants in this manner but deny to the extent "Individual Defendants" includes Ms. Steckelberg. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendants admit that Mr. Yuan served as Zoom's Chief Executive Officer during the Class Period and that he signed Zoom's S-1 filed with the SEC. The remaining allegations in Paragraph 25 consist of legal conclusions and/or allegations regarding claims and a defendant that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants deny the remaining allegations.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny each and every allegation in Paragraph 27 of the Complaint.

28. Paragraph 28 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

29. Paragraph 29 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

30. Paragraph 30 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

31.     In response to Paragraph 31 of the Complaint, Defendants admit that the Complaint purports to quote portions of analyst reports published in May 2019; however, the quoted portions have been modified, taken out of context, and are incomplete.  To the extent Paragraph 31 purports to summarize or characterize the analyst reports, Defendants deny the allegations and respectfully refer the Court to the complete reports.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 31.

32.     Paragraph 32 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

33.     Defendants admit the allegations in Paragraph 33 of the Complaint.

34.     Paragraph 34 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35.     Paragraph 35 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

36.     Paragraph 36 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

37.     Paragraph 37 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

38.     Paragraph 38 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

39.     Paragraph 39 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

40.     Paragraph 40 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

41.     Paragraph 41 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

42.     Paragraph 42 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

**43.**    Paragraph 43 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**44.**    In response to Paragraph 44 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Guggenheim on November 22, 2019; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 44 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 44.

**45.**    Paragraph 45 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**46.**    Paragraph 46 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**47.**    Paragraph 47 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**48.**    Paragraph 48 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**49.**    Paragraph 49 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**50.**    Paragraph 50 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**51.**    Paragraph 51 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**52.**    Paragraph 52 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**53.**    Defendants admit the allegations in Paragraph 53 of the Complaint.

**54.**    Paragraph 54 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**55.**     Paragraph 55 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

**56.**     In response to Paragraph 56 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *The Intercept* on March 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 56 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56 of the Complaint.

**57.**     In response to Paragraph 57 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *The Intercept* on March 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 57 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 57 of the Complaint.

**58.**     In response to Paragraph 58 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *The Intercept* on March 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 58 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 58 of the Complaint.

**59.**     In response to Paragraph 59 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *The Intercept* on March 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 59 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 59 of the Complaint.

**60.**     Paragraph 60 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

61.    In response to first sentence in Paragraph 61 of the Complaint, Defendants admit that on March 30, 2020, Zoom's stock price closed at $150.88 and, on March 31, 2020, Zoom's stock price closed at $146.12 and had an intraday low price of $143.36.  In response to second sentence in Paragraph 61, Defendants admit that on April 1, 2020, Zoom's stock price closed at $137.00 and had an intraday low price of $135.18.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 61 of the Complaint.

62.    Paragraph 62 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of a blog post published by Zoom on April 1, 2020 and attributed to Mr. Yuan; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 62 purports to summarize or characterize the blog post, Defendants deny the allegations and respectfully refer the Court to the complete blog post.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 62 of the Complaint.

63.    In response to Paragraph 63 of the Complaint, Defendants admit that the Complaint purports to quote a portion of a blog post published by Zoom on April 1, 2020 and attributed to Oded Gal, Zoom's Chief Product Officer; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 63 purports to summarize or characterize the blog post, Defendants deny the allegations and respectfully refer the Court to the complete blog post.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 63 of the Complaint.

64.    In response to Paragraph 64 of the Complaint, Defendants admit that the Complaint purports to quote portions of an article published by CNBC on April 2, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete.  To the extent that Paragraph 64 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 64 of the Complaint.

Cooley LLP
Attorneys at Law
Palo Alto

9

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

65.    In response to Paragraph 65 of the Complaint, Defendants admit that on April 1, 2020, Zoom's stock price closed at $137.00.  Defendants also admit that on April 2, 2020, Zoom's stock price closed at $121.93 and had an intraday low price of $114.50.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 65 of the Complaint.

66.    Paragraph 66 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

67.    Paragraph 67 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

68.    Paragraph 68 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

69.    Paragraph 69 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

70.    Paragraph 70 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

71.    Paragraph 71 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.

72.    Paragraph 72 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of a report published by Citizen Lab on April 3, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 72 purports to summarize or characterize the report, Defendants deny the allegations and respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 72.

73.    Paragraph 73 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants admit that the Complaint quotes the titles of articles published by *Forbes* and the BBC on April 3, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 73.

Cooley LLP
Attorneys at Law
Palo Alto

10

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

74. Paragraph 74 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of a blog posted to Zoom's website on April 3, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 74 purports to summarize or characterize the blog post, Defendants deny the allegations and respectfully refer the Court to the complete blog post. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 74.

75. Paragraph 75 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of an article published by *The Wall Street Journal*; however, the quoted portion has been modified, taken out of context, and is incomplete. Defendants deny the article was published on April 3, 2020. To the extent that Paragraph 75 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 75 of the Complaint.

76. In response to Paragraph 76 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Credit Suisse on April 6, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 76 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 76 of the Complaint.

77. Paragraph 77 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of an article published by *Fortune* on April 6, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 77 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as

Cooley LLP
Attorneys at Law
Palo Alto

11

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

expressly admitted herein, Defendants deny each and every allegation in Paragraph 77 of the Complaint.

78. In response to Paragraph 78 of the Complaint, Defendants admit that on April 3, 2020, Zoom's stock price closed at $128.20 and on April 6, 2020, it closed at $122.94. Defendants also admit that Zoom's stock price had an intraday trading price of $108.53 on April 6, 2020.

79. In response to Paragraph 79 of the Complaint, Defendants admit that the Complaint purports to quote portions of Zoom blog posts available on or around July 20, 2017 and April 6, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent that Paragraph 79 purports to summarize or characterize the blog posts, Defendants deny the allegations and respectfully refer the Court to the complete blog posts. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 79 of the Complaint.

80. In response to Paragraph 80 of the Complaint, Defendants admit that the Complaint purports to quote portions of Zoom blog posts available on or around January 4, 2018 and April 6, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent that Paragraph 80 purports to summarize or characterize the blog posts, Defendants deny the allegations and respectfully refer the Court to the complete blog posts. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 80 of the Complaint.

81. In response to Paragraph 81 of the Complaint, Defendants admit that the Complaint purports to quote portions of Zoom blog posts available on or around July 12, 2019 and April 6, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent that Paragraph 81 purports to summarize or characterize the blog posts, Defendants deny the allegations and respectfully refer the Court to the complete blog posts. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 81 of the Complaint.

82. In response to Paragraph 82 of the Complaint, Defendants admit that the Complaint purports to quote portions of Zoom blog posts; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent that Paragraph 82 purports to summarize or characterize the blog posts, Defendants deny the allegations and respectfully refer the Court to

the complete blog posts.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 82 of the Complaint.

83.   In response to Paragraph 83 of the Complaint, Defendants admit that on April 6, 2020, Zoom's stock price closed at $122.94 and on April 7, 2020, it closed at $113.75.  Defendants also admit that Zoom's stock had an intraday trading price of $109.57 on April 7, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 83 of the Complaint.

84.   Paragraph 84 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  In response to the remaining allegations in Paragraph 84, Defendants admit that the Complaint purports to quote portions of an analyst report published by Argus on April 8, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete.  To the extent Paragraph 84 purports to summarize or characterize the analyst reports, Defendants deny the allegations and respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 84 of the Complaint.

85.   Paragraph 85 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Oppenheimer on April 8, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent Paragraph 85 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 85 of the Complaint.

86.   In response to Paragraph 86 of the Complaint, Defendants admit that the Complaint purports to quote portions of Zoom's Security Guide available on or around April 8, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete.  To the extent that Paragraph 86 purports to summarize or characterize Zoom's Security Guide, Defendants deny the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

**DEFS.' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT; 3:20-CV-02353-JD**

allegations and respectfully refer the Court to the complete document. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 86 of the Complaint.

87.    Paragraph 87 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Morgan Stanley on April 9, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 87 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 87 of the Complaint.

88.    Defendants deny each and every allegation in Paragraph 88 of the Complaint.

89.    In response to Paragraph 89 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Singular Research on April 17, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 89 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 89 of the Complaint.

90.    Paragraph 90 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Zacks Equity Research on April 29, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 90 purports to summarize or characterize the analyst report, Defendants deny the allegations and respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the Complaint purports to quote a

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

portion of a May 7, 2020 letter from New York Attorney General Letitia James to Zoom; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 91 purports to summarize or characterize the letter, Defendants deny the allegations and respectfully refer the Court to the complete letter. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 91 of the Complaint.

92. In response to Paragraph 92 of the Complaint, Defendants admit that the Complaint purports to quote a portion of a response to an analyst's question; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 92 purports to summarize or characterize the response, Defendants deny the allegations and respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 92 of the Complaint.

93. Paragraph 93 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that the FTC issued a press release on November 9, 2020, which announced it had entered a proposed consent agreement with Zoom. To the extent that Paragraph 93 purports to summarize or characterize the FTC's allegations, Defendants deny the allegations and respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 93 of the Complaint.

94. In response to Paragraph 94 of the Complaint, Defendants admit that the Complaint purports to quote a portion of the FTC's allegations; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 94 purports to summarize or characterize the document, Defendants deny the allegations and respectfully refer the Court to the complete document. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 94 of the Complaint.

95. In response to Paragraph 95 of the Complaint, Defendants admit that the Complaint purports to quote a portion of a press release the FTC issued on November 9, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 95 purports to summarize or characterize the press release, Defendants deny the allegations and

Cooley LLP
Attorneys at Law
Palo Alto

15

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 95 of the Complaint.

96.     The first sentence in Paragraph 96 of the Complaint contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.  To the extent a response is required, Defendants admit that Zoom filed a current report on SEC Form 8-K on December 18, 2020.  In response to the second sentence in Paragraph 96, Defendants admit that the Complaint purports to quote portions of Zoom's SEC Form 8-K; however, the quoted portions have been modified, taken out of context, and are incomplete.  To the extent Paragraph 96 purports to summarize or characterize the Zoom's SEC Form 8-K, Defendants deny the allegations and respectfully refer the Court to the complete filing.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 96 of the Complaint.

97.     Paragraph 97 contains Plaintiff's characterizations and legal conclusions, to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

98.     Paragraph 98 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8. Paragraph 98 also contains Plaintiff's characterizations and legal conclusions, to which no response it required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 98 of the Complaint.

99.     In response to Paragraph 99 of the Complaint, Defendants admit that on July 5, 2019, Zoom's stock price closed at $91.88.  Defendants also admit that on July 8, 2019, Zoom's stock price had an intraday trading price of $89.89 and closed at $89.76.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 99 of the Complaint.

100.     Paragraph 100 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 8.  Paragraph 100 also contains Plaintiff's characterizations and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 100 of the Complaint.

**101.** Paragraph 101 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8.

**102.** In response to Paragraph 102 of the Complaint, Defendants admit that on March 30, 2020, Zoom's stock price opened at $160.76 and closed at $150.88. Defendants also admit that Zoom's stock price had an intraday trading price of $147.20 on March 30, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 102 of the Complaint.

**103.** In response to Paragraph 103 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *The Intercept* on March 31, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 103 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 103 of the Complaint.

**104.** In response to Paragraph 104 of the Complaint, Defendants admit that on March 30, 2020, Zoom's stock price closed at $150.88 and on March 31, 2020, it closed at $146.12. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104 of the Complaint.

**105.** Defendants admit that the Complaint purports to quote portions of blog posts published on Zoom's website on April 1, 2020; however, the quoted portions have been modified, taken out of context, and are incomplete. To the extent Paragraph 105 purports to summarize or characterize the blog posts, Defendants deny the allegations and respectfully refer the Court to the complete blog posts. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 105 of the Complaint.

**106.** In response to Paragraph 106 of the Complaint, Defendants admit that on March 31, 2020, Zoom's stock price closed at $146.12 and on April 1, 2020, it closed at $137.00. Defendants also admit that Zoom's stock price had an intraday trading price of $135.18 on April 1, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 106 of the Complaint.

107. In response to Paragraph 107 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by CNBC on April 2, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 107 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 107 of the Complaint.

108. In response to Paragraph 108 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an article published by *Variety* on April 2, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 108 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 108 of the Complaint.

109. In response to Paragraph 109 of the Complaint, Defendants admit that on April 1, 2020, Zoom's stock price closed at $137.00 and on April 2, 2020, it closed at $121.93. Defendants also admit that Zoom's stock price had an intraday trading price of $114.50 on April 2, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 109 of the Complaint.

110. Paragraph 110 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants admit that Paragraph 110 contains selective quotes from an article published by *The New York Times* on April 2, 2020. To the extent that the allegations of Paragraph 110 purport to quote, summarize, or characterize the article, Defendants deny these allegations and respectfully refer the Court to the contents of the article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 110 of the Complaint.

111. Paragraph 111 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 8. To the extent a response is required, Defendants respond as follows: In response to the first and second sentences in Paragraph 111, Defendants admit that Citizen Lab published a report pertaining to Zoom on

April 3, 2020, and other news organizations referenced this report in subsequent articles. To the extent that Paragraph 111 purports to summarize or characterize the report or those articles, Defendants deny the allegations and respectfully refer the Court to the complete articles. In response to the third sentence in Paragraph 111, Defendants admit that the Complaint purports to quote a portion of a blog post published by Zoom on April 3, 2020 and attributed to Mr. Yuan; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent that Paragraph 111 purports to summarize or characterize the blog post, Defendants deny the allegations and respectfully refer the Court to the complete blog post. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 111 of the Complaint.

112.    In response to Paragraph 112 of the Complaint, Defendants admit that on April 2, 2020, Zoom's stock price closed at $121.93 and on April 3, 2020, it had an intraday trading price of $120.11. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 112 of the Complaint.

113.    In response Paragraph 113, Defendants admit that the Complaint purports to quote a portion of an article published by *The Wall Street Journal*; however, the quoted portion has been modified, taken out of context, and is incomplete. Defendants also deny that the article was published on April 4, 2016. To the extent Paragraph 113 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 113.

114.    In response to the first sentence in Paragraph 114 of the Complaint, Defendants admit that the Complaint purports to quote a portion of an analyst report published by Credit Suisse on April 6, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the remaining allegations in Paragraph 114, Defendants admit that the Complaint purports to quote a portion of an article published by *Fortune* on April 6, 2020; however, the quoted portion has been modified, taken out of context, and is incomplete. To the extent Paragraph 114 purports to summarize or characterize the article, Defendants deny the allegations and respectfully refer the

Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 114 of the Complaint.

115.   In response to Paragraph 115 of the Complaint, Defendants admit that on April 3, 2020, Zoom's stock price closed at $128.20 and on April 6, 2020, it closed at $122.94.  Defendants also admit that Zoom's stock price had an intraday trading price of $108.53 on April 6, 2020.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 115 of the Complaint.

116.   Paragraph 116 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

117.   Paragraph 117 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

118.   Paragraph 118 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

119.   In response to Paragraph 119 of the Complaint, Defendants admit that Zoom's stock was traded on the NASDAQ; Zoom filed periodic public reports with the SEC; and Zoom communicated with investors.  The remainder of Paragraph 119 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

120.   Paragraph 120 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

121.   In response to Paragraph 121 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The remainder of Paragraph 121 sets forth Plaintiff's proposed class definition and does not require a response.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 121.

122.   The first and second sentences in Paragraph 122 of the Complaint assert legal conclusions to which no response is required; to the extent a response is required, Defendants deny

each and every allegation therein.  In response to the third sentence in Paragraph 122, Defendants admit that as of December 23, 2020, there were approximately 48 million shares of Zoom's common stock outstanding.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 122.

**123.**   Paragraph 123 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**124.**   Paragraph 124 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**125.**   Paragraph 125 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**126.**   Paragraph 126 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**127.**   In response to Paragraph 127 of the Complaint, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein.

**128.**   Paragraph 128 contains legal conclusions and/or Plaintiff's characterizations, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 128 of the Complaint.

**129.**   Paragraph 129 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**130.**   Paragraph 130 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**131.**   Paragraph 131 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

**132.**   In response to Paragraph 132 of the Complaint, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein.

**133.**   Paragraph 133 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation contained therein.

Cooley LLP
Attorneys at Law
Palo Alto

21

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

## PRAYER FOR RELIEF

The paragraphs in the section entitled "Prayer for Relief" comprise Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

With respect to separate affirmative defenses to the causes of action in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.  The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Justification)

2.  The Complaint, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

3.  If it should be determined that Plaintiff has been damaged, then Defendants are informed and believe, and based thereon allege, that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Basis)

4.  The Complaint, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

5.  The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.  The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.  The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8.  The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff has failed, and continue to fail, to act reasonably to mitigate the damages alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

9.  The Complaint, and each and every cause of action alleged therein, is barred because the alleged statements or acts by Defendants were not the proximate cause of any loss suffered by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

10. The Complaint, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

Cooley LLP
Attorneys at Law
Palo Alto

23

Defs.' Answer to Consolidated Class
Action Complaint; 3:20-cv-02353-JD

**ELEVENTH AFFIRMATIVE DEFENSE**

**(15 U.S.C. § 78u-4(e))**

11. If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Truth)**

12. The Complaint, and each and every cause of action alleged therein, is barred by virtue of the truth of Defendants' assertions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

13. The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff was expressly advised in statements made to them, including in documents and otherwise, regarding the material facts concerning his investment. Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Available Information)**

14. The Complaint, and each and every cause of action alleged therein, is barred because the allegedly misleading statements, if any, were rebutted by contrary information (including both public and non-public information) received by or that was otherwise available to Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Loss Causation)**

15. The Complaint, and each and every cause of action alleged therein, is barred because the damages that Plaintiff seeks were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiff cannot establish loss causation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Scienter)**

16. The Complaint, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact,

omission of material fact, misleading statement, or other challenged statement with respect to which the liability of Defendants is asserted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action)

17. The Complaint, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

18. Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings as permitted by law.  Defendants further reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

## <u>JURY DEMAND</u>

Defendants demand a trial by jury.

Dated: April 22, 2022                                COOLEY LLP


By: */s/ Patrick E. Gibbs*
      Patrick E. Gibbs

Attorneys for Defendants
*Zoom Video Communications, Inc. and
Eric S. Yuan*