**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Patton L. Johnson
pjohnson@rgrdlaw.com

May 23, 2023

The Honorable James Donato                                          VIA ECF
United States District Judge
United States District Court
    for the Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA  94102

> Re:    *In re Zoom Securities Litigation*, No. 3:20-cv-02353-JD (N.D. Cal.)

Dear Judge Donato:

Pursuant to this Court's Standing Order for Discovery in Civil Cases, and in light of the case schedule, including a discovery cut off of September 1, 2023 (ECF 100), Lead Plaintiff Adam M. Butt ("Plaintiff") hereby respectfully submits this letter to compel defendants to search for and produce certain relevant documents.  I certify that the parties, pursuant to the Court's Order and Civil Local Rule 37-1(a), through their counsel, met in person to confer on these issues on May 18, 2023.

**Issue 1:    Defendants Refuse to Search for and Produce the Requested Documents Concerning End-to-End Encryption**

Federal Rule of Civil Procedure 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "'Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence.'"  *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 288 (N.D. Cal. 2020).  The party resisting discovery "'has the burden to show that discovery should not be allowed.'"  *Id.*

On March 23, 2023, Plaintiff served Zoom Video Communications, Inc. ("Zoom" or the "Company") and Eric S. (Zeng) Yuan ("Defendants") with his first set of discovery requests ("Requests").  Ex. 1.  Request No. 1 calls for documents "concerning encryption or end-to-end encryption of the Company's Zoom Meetings product."  Ex. 1 at 9.  As the Court recognized, Defendants say they "had used the term 'end-to-end encryption' differently from 'the commonly accepted definition.'"  ECF 86 at 4; *see* ECF 90 at 3; ¶¶9(a), 34(a), 47(a), 93-96; ECF 63-1 at 1-3.  Thus, in the context of this case, Request No. 1 calls for a search and production of documents concerning end-to-end encryption that should encompasses both (a) the way Defendants used the term; and (b) the commonly accepted definition.  *See, e.g.*, *Exxon Mobil Oil Corp. v. S. Cal. Edison Co.*, 2014 WL 12629698, at *3 (C.D. Cal. Apr. 3, 2014) ("Whether there is an industry standard, and if so what it is, should be subject to discovery.").

**Robbins Geller
Rudman & Dowd LLP**

The Honorable James Donato
May 23, 2023
Page 2

However, Defendants want to limit discovery into the commonly-accepted definition of end-to-end encryption to only "whether Zoom in fact had access to . . . cryptographic keys," a single aspect of end-to-end encryption, claiming that this interpretation is what is "relevant to the claims and defenses in this action."  Defendants' May 13, 2023 letter; Ex. 2 at 3-4.  Defendants' self-serving limitation on discovery contravenes Rule 26 and misconstrues the allegations.  The Complaint[1] alleges how the University of Toronto's *Citizen Lab* was able to hack into Zoom Meetings, discovering that it was not end-to-end encrypted because "a single AES-128 key is used in ECB mode by all participants" and "the Zoom app uses non-industry-standard cryptographic techniques with identifiable weaknesses."  ¶¶71-74.  Some of these standard cryptographic techniques the *Citizen Lab* report discusses are how Zoom was not using "256-bit encryption," using "AES" in non-industry standard protocols, and invalid "Network Abstraction Layer Units" settings.[2]  Yet, Defendants refuse to search for and produce documents concerning how Zoom was using (or not using) these standard cryptographic techniques.

Thus, Plaintiff seeks to compel Defendants to search for and produce documents concerning end-to-end encryption as Plaintiff requested and as alleged in the Complaint.  This includes the commonly accepted definition, including the standard cryptographic techniques as alleged in the Complaint, and is not limited to the way Defendants' claim to have used the term internally.[3]

**Issue 2:    Time Period for Search and Production**

Plaintiff seeks discovery concerning various post-Class Period events.  The Class Period ended on April 6, 2020, after public articles revealed how Zoom Meetings was not end-to-end encrypted.  ¶¶56-63, 71-75.  As alleged in the Complaint, Zoom then scrubbed its website and blogposts of references to end-to-end encryption.  ¶¶79-82.  In Zoom's April 1, 2020 blogpost that the Court found satisfied Plaintiff's pleading obligations with respect to scienter (ECF 86 at 5-6), Yuan stated that Zoom was creating a 90-day plan to address the encryption issues, would conduct a comprehensive review with third-party experts, and prepare a transparency report.  After the Class Period, the Complaint also alleges various reports, analyst reactions, and how the NYAG and FTC launched investigations into Zoom's end-to-end encryption claims.  ¶¶88-96.  On July 1, 2020, Zoom published another blogpost titled "CEO Report: 90 Days Done, What's Next for Zoom," stating that now "AES 256-bit GMC encryption" was enabled for meetings and that Zoom "started building end-to-end encryption."  Finally, on or about January 13, 2021, Zoom posted on its webpage that "end-to-end (E2EE) encryption for meetings is now available."

Defendants object to searching for documents created after the Class Period despite their relation to the facts during the Class Period, claiming that only documents during and prior to the Class Period are

---

[1]    "Complaint" is the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF 63).  All "¶" references herein are to the Complaint unless otherwise indicated.

[2]    The report is available at https://citizenlab.ca/2020/04/move-fast-roll-your-own-crypto-a-quick-look-at-the-confidentiality-of-zoom-meetings/.

[3]    Resolving this issue impacts other Requests.  For example, for Request No. 6, which calls for documents concerning the *Citizen Lab* report itself, or Request No. 7, which calls for documents concerning Defendants' admissions that the Court held showed scienter, Defendants claim they will narrow their search to only documents discussing keys.

4877-9619-1078.v1

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable James Donato
May 23, 2023
Page 3

relevant to show Defendants' knowledge.  But, "[t]he proposed class period dates function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts in this case . . . . [P]ost-class period facts may be relied upon 'to confirm what a defendant should have known during the class period.'"  *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at \*4 (C.D. Cal. Mar. 12, 2012); *In re: Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, 2016 WL 6245899, at \*6 (N.D. Cal. Oct. 26, 2016) ("the parties are not limited to only those materials arising out of the class period").

Thus, Plaintiff seeks an order compelling Defendants to search for documents up to January 13, 2021 for Request Nos. 1, 3-4, 8, 10, 16-17 and 19, and up to June 30, 2020 (a reasonable time after the Class Period) for Request Nos. 5-7, 9, 11, 15 and 18.  If Defendants are already aware of or discover relevant documents outside these periods, they should also be produced.

**Issue 3:    FTC Documents**

Despite Plaintiff's Requests being served two months ago, and Defendants having already collected documents in response to subpoenas from the FTC, SEC, DOJ, and NYAG covering the same issues presented in this action, Defendants have yet to produce one document to Plaintiff.  Request No. 12 calls for documents Defendants produced to the FTC.  These documents are all relevant, have already been reviewed by Defendants' counsel, and thus should be produced immediately.  Fed. R. Civ. P. 1; *see, e.g.*, *ConsumerInfo.com, Inc. v. One Techs. LP*, 2010 WL 11507581, at \*3 (C.D. Cal. May 4, 2010) (ordering production of "all communications . . . all documents attached to or enclosed in such communications and all business records . . . provided to the FTC"); *Newton v. Am. Debt Servs., Inc.*, 2014 WL 2452743, at \*3 (N.D. Cal. May 13, 2014) (communications with federal agencies regarding enforcement actions after the class period are relevant to knowledge during the class period).

The FTC action concerned deceptive and unfair privacy and security practices: (1) Deceptive Representation Regarding End-to-End Encryption; (2) Deceptive Representation Regarding Level of Encryption; (3) Deceptive Representation Regarding Secured Cloud Storage for Recorded Meetings; (4) Unfair Circumvention of Third-Party Privacy and Security Safeguard; and (5) Deceptive Failure to Disclose.  *See* ECF 80-2 (FTC complaint).  The first two counts are expressly relevant.  The third count is relevant because the FTC found that Zoom "recorded Meetings are kept on Zoom's servers for up to 60 days, unencrypted," which shows Zoom Meetings were not end-to-end encrypted.  *Id.*, ¶33.  And the fourth and fifth counts are relevant because covertly installing a web server allowed third-parties to access, unencrypted, the cameras used in Zoom Meetings, and go to Defendants' scienter.  Indeed, Plaintiff's summary chart attached to the Complaint includes this as a reason why Statement No. 1 was false and misleading.  ECF 63-1 at 1-3; *see* ¶¶93-96.  And the Court explicitly stated, "dismissal is denied for Statement No. 1 in plaintiff's summary chart."  ECF 86 at 4.  Accordingly, Plaintiff seeks an order compelling Defendants to produce all documents responsive to Request No. 12 immediately.

Respectfully submitted,

s/ Patton L. Johnson

PATTON L. JOHNSON

4877-9619-1078.v1

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 23, 2029, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Patton L. Johnson
PATTON L. JOHNSON

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: pjohnson@rgrdlaw.com

# Mailing Information for a Case 3:20-cv-02353-JD Drieu v. Zoom Video Communications, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jenna C. Bailey**
  jbailey@cooley.com,jcorrell@cooley.com

- **Tijana Martinovic Brien**
  tbrien@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,efilingnotice@cooley.com,jcorrell@cooley.com,efiling-notice@ecf.pacerpro.com

- **Reza John Harris**
  rjharris@cooley.com

- **Benjamin Heikali**
  bheikali@treehouselaw.com,lchapa@treehouselaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com,PJohnson2019@ecf.courtdrive.com,tdevries@rgrdlaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Heather G. Schlesier**
  hgeiger@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Tamar A Weinrib**
  taweinrib@pomlaw.com,egoodman@pomlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)