# EXHIBIT 1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
HEATHER G. GEIGER (322937)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hgeiger@rgrdlaw.com
        – and –
PATTON L. JOHNSON (320631)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re ZOOM SECURITIES LITIGATION | ) | Case No. 3:20-cv-02353-JD |
|---|---|---|
| | ) | |
| | ) | LEAD PLAINTIFF'S FIRST SET OF |
| This Document Relates To: | ) | REQUESTS FOR PRODUCTION OF |
| | ) | DOCUMENTS TO DEFENDANTS |
| ALL ACTIONS. | ) | |
| | ) | |

4865-3283-1319.v2

6.    **Compressed Files Types:** Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest-level document or file is extracted.

7.    **Structured Data:** To the extent a response to discovery requires production of electronic information stored in a database, the parties will meet and confer regarding methods of production.   The parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

8.    **Exception Report:** The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type, and the file location.

9.    **Encryption:** To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

10.    **Redactions:** If documents that the parties have agreed to produce in native format need to be redacted, the parties will implement redactions while ensuring that proper formatting and usability are maintained.  Spreadsheets requiring redaction will be redacted using native redaction software and produced in native format.

## V.    RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the requests herein refer to the period from July 1, 2018 through March 18, 2021 (the "Relevant Time Period"), and shall include all documents and information that relate in whole or in part, to such period even if prepared or published outside of the Relevant Time Period.  If a document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any document covered by the request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI.    DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All documents and communications concerning encryption or end-to-end encryption of the Company's Zoom Meetings product, including, but not limited to, assertions that Zoom Meetings was not end-to end encrypted.

REQUEST FOR PRODUCTION NO. 2:

All documents and communications concerning the preparation of the Company's Prospectus concerning the security capabilities of Zoom's products, including, but not limited to, encryption and end-to-end encryption of Zoom product offerings.

REQUEST FOR PRODUCTION NO. 3:

All documents and communications concerning the preparation of the Company's blogposts, whitepapers, and other public postings concerning the security capabilities of Zoom's products, including, but not limited to, encryption and end-to-end encryption of Zoom product offerings.

REQUEST FOR PRODUCTION NO. 4:

All documents and communications concerning the preparation each of the Company's Security Guides published or amended during the Relevant Time Period, including, but not limited to, those identified in the Complaint.

REQUEST FOR PRODUCTION NO. 5:

All documents and communications with or concerning securities analysts, media, or technology publications concerning the security capabilities of Zoom products and Zoom Meetings.

REQUEST FOR PRODUCTION NO. 6:

All documents and communications concerning: (1) *The Intercept* article published on or about March 31, 2020 titled "Zoom Meetings Aren't End-to-End Encrypted, Despite Misleading Marketing"; (2) the Citizen Lab report on or about April 3, 2020 titled "Move Fast and Roll Your Own Crypto A Quick Look at the Confidentiality of Zoom Meetings"; and (3) *The Wall Street Journal* article published on or about April 4, 2020 titled "Zoom CEO: 'I Really Messed Up' on

Security as Coronavirus Drove Video Tool's Appeal," including, but not limited to, documents and communications generated before and after their publication.

REQUEST FOR PRODUCTION NO. 7:

All documents and communications concerning Defendant's (1) April 1, 2020 blog post "A Message to Our Users"; (2) April 1, 2020 blog post "The Facts Around Zoom and Encryption for Meetings/Webinars"; and (3) April 3, 2020 blog post "Response to Research From University of Toronto's Citizen Lab," including, but not limited to, documents both before and after the postings.

REQUEST FOR PRODUCTION NO. 8:

All documents and communications concerning the varying usages of the term "end-to-end encryption" (and its variants, *e.g.*, "E2EE"), including, but not limited to, any difference or discrepancy between the commonly-accepted definition of end-to-end encryption and how Zoom used the term in public documents.

REQUEST FOR PRODUCTION NO. 9:

All documents and communications concerning removal or revisions to references of encryption, including end-to-end encryption, in the Company's blog posts or other public statements.

REQUEST FOR PRODUCTION NO. 10:

All documents and communications concerning steps taken to encrypt Zoom Meetings leading up to, or after Defendants' April 1, 2021 blog post, including, but not limited to, any board presentations or review, any remediation plans, any terminations or other employee-related remediation, any product builds, any consultant or advisor engagement, and any investor or analyst communications.

REQUEST FOR PRODUCTION NO. 11:

All documents and communications concerning corporate customers no longer using Zoom Meetings due to security concerns.

REQUEST FOR PRODUCTION NO. 12:

All documents and communications concerning any formal and informal investigations by and any settlement with the FTC, including, but not limited to, as disclosed in the Company's Form 10-K filed on March 7, 2022 and *In the Matter of Zoom Video Communications, Inc., a Corporation, d/b/a Zoom*, No. 192 3167.   This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements, whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

REQUEST FOR PRODUCTION NO. 13:

All documents and communications concerning any formal and informal investigations by and any settlement with the DOJ or SEC, including, but not limited to, as disclosed in the Company's blog post "Our Perspective on the DOJ Complaint," dated December 18, 2020 and in the Company's Form 10-K filed on March 7, 2022.   This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

REQUEST FOR PRODUCTION NO. 14:

All documents and communications concerning any formal and informal investigations by and any settlement with the NYAG, including, but not limited to, as described in the Letter Agreement between Zoom and the NYAG, dated May 7, 2020.   This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

REQUEST FOR PRODUCTION NO. 15:

All documents and communications concerning Zoom's stock price movement on or around the dates of disclosures concerning the security capabilities for Zoom Meetings alleged in

the Complaint.  Complaint, ¶¶97-117.  This Request includes documents about analyst or investor reaction to disclosures or contemplated disclosures.

REQUEST FOR PRODUCTION NO. 16:

Documents sufficient to identify Zoom's policies and procedures for making public disclosures, including, but not limited to, in connection with Zoom's IPO, SEC filings, conference calls, whitepapers, blogs and internet posts, and statements to any investor, analyst, or the media.

REQUEST FOR PRODUCTION NO. 17:

Documents sufficient to identify the organizational structure of Zoom (*e.g.*, organizational chart or intranet printout), including, but not limited to, Zoom's executive personnel, divisions, departments or other corporate subdivisions, the relationships among them, and their responsibilities and decision making authority.

REQUEST FOR PRODUCTION NO. 18:

All documents and communications concerning Yuan's holdings and transactions related to Zoom securities, including, but not limited to, any stocks, options or other derivatives, transactions, donations, use of Zoom securities as collateral, lending, margin loans and any SEC Rule 10b5-1 sales plan.

REQUEST FOR PRODUCTION NO. 19:

Documents sufficient to identify each board member, each current or former Zoom employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures and Yuan's personal and business mobile phone numbers, email addresses, and electronic messaging accounts (including, but not limited to, WhatsApp, Slack, Signal, Telegram, WeChat, iMessage, Teams, and Duo).

REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify Defendants' document destruction or retention policies, including, but not limited to, policies with respect to ESI, hardcopy documents, company records, files and email, data on personal devises, and each preservation notice or litigation hold in effect.

REQUEST FOR PRODUCTION NO. 21:

All documents, without limitation as to time, concerning any of Defendants' affirmative and other defenses set forth in Defendants' Answer to Plaintiff's Consolidated Class Action Complaint (ECF 93).

REQUEST FOR PRODUCTION NO. 22:

All documents, without limitation as to time, concerning Defendants' response to any interrogatory or request for admission served by Plaintiff in this action.

REQUEST FOR PRODUCTION NO. 23:

All documents, without limitation as to time, received from any non-party in this action, whether voluntarily given or as the result of an informal or formal request or a subpoena for documents.

DATED: March 23, 2023

ROBBINS GELLER RUDMAN & DOWD LLP
PATTON L. JOHNSON

PATTON L. JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
pjohnson@rgrdlaw.com
ROBBINS GELLER RUDMAN DOWD LLP
SHAWN A. WILLIAMS
HEATHER G. GEIGER
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hgeiger@rgrdlaw.com

Lead Counsel for Lead Plaintiff