# EXHIBIT 2

COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone:     +1 858 550 6000
Facsimile:     +1 858 550 6420

Attorneys for Defendants
*Zoom Video Communications, Inc. and Eric S. Yuan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re ZOOM SECURITIES LITIGATION, | Case No.: 3:20-cv-02353-JD |
|---|---|
| This Document Relates To:<br>ALL ACTIONS. | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

**10.** Defendants object to Instruction # 5 to the extent it purports to require Defendants to identify anything other than a specific claim of privilege or work product and the grounds for such claim. Defendants will meet-and-confer with Plaintiff at an appropriate time concerning a format and timeline for disclosure of Defendants' privilege log.

**11.** Defendants object to Plaintiff's unilateral specification of requested format for production of responsive documents. Defendants are willing to meet-and-confer with Plaintiff on an appropriate format for production of responsive documents.

**12.** Defendants object to the Definition of "Relevant Time Period" as July 1, 2018 through March 18, 2021. The start date, July 1, 2018, is nine months before the only alleged misstatement at issue in this case. The end date, March 18, 2021, is eleven months after the end of the Class Period, which is alleged to run from April 18, 2019 through April 6, 2020. Application of this time period to every Request, regardless of the substance of that Request, is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Unless otherwise specified, Defendants will produce communications that were sent or received, and documents that were last modified, between January 1, 2019 and April 6, 2020.

## RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning encryption or end-to-end encryption of the Company's Zoom Meetings product, including, but not limited to, assertions that Zoom Meetings was not end-to end encrypted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to Request 1 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 1, however, seeks "all" documents and communications about "encryption" generally, which is a much broader

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

topic. Many documents and communications may concern "encryption" in some respect but have nothing to do with any party's claim or defense. Request 1 also inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 1, but they will not produce documents or communications responsive to Request 1 at this time.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the preparation of the Company's Prospectus concerning the security capabilities of Zoom's products, including, but not limited to, encryption and end-to-end encryption of Zoom product offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to Request 2 on the ground that "security capabilities" is vague and ambiguous.

Defendants further object to Request 2 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 2, however, seeks "all" documents and communications concerning "security capabilities" or "encryption" generally, which are much broader topics. For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents and communications between January 1, 2019 and April 6, 2020 concerning Zoom's use of the phrase "end-to-end encryption" in its IPO Prospectus.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning the preparation of the Company's blogposts, whitepapers, and other public postings concerning the security capabilities of Zoom's products, including, but not limited to, encryption and end-to-end encryption of Zoom product offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to Request 3 on the grounds that "public postings" and "security capabilities" are vague and ambiguous.

Defendants further object to Request 3 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 3, however, seeks "all" documents and communications concerning statements about Zoom's "security capabilities" and "encryption" generally, which are much broader topics. In addition, the sole statement at issue appeared in Zoom's IPO Prospectus, not in a blogpost, whitepaper or other "public posting." Documents and communications concerning the preparation of the Company's blogposts, whitepapers, and other "public postings" have limited, if any relevance to the remaining claims. Finally, Request 3 inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 3, but they will not produce documents or communications responsive to Request 3 at this time.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning the preparation each of the Company's Security Guides published or amended during the Relevant Time Period, including, but not limited to, those identified in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to Request 4 as duplicative of Request 3.

Defendants further object to Request 4 on the ground that "Security Guides" is vague and ambiguous.

Defendants further object to Request 4 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 4, however, seeks "all" documents and communications concerning the preparation of Zoom's Security Guides, without regard to topic. In addition, the sole statement at issue appeared in Zoom's IPO Prospectus, not in Zoom's "Security Guides." Documents and communications concerning the preparation of the Company's "Security Guides" have limited, if any relevance to the remaining claims. Finally, Request 4 inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 4, but they will not produce documents or communications responsive to Request 4 at this time.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications with or concerning securities analysts, media, or technology publications concerning the security capabilities of Zoom products and Zoom Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to Request 5 on the grounds that "security capabilities," "Zoom products," and "technology publications" are vague and ambiguous.

Defendants further object to Request 5 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 5, however, seeks "all" documents and communications concerning "security capabilities" for all "Zoom products," which is a much broader topic. In addition, Request 5 inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents and communications between January 1, 2019 and April 6, 2020, concerning statements to securities analysts and the media about "end-to-end encryption."

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning: (1) *The Intercept* article published on or about March 31, 2020 titled "Zoom Meetings Aren't End-to-End Encrypted, Despite Misleading Marketing"; (2) the Citizen Lab report on or about April 3, 2020 titled "Move Fast and Roll Your Own Crypto A Quick Look at the Confidentiality of Zoom Meetings"; and (3) *The Wall Street Journal* article published on or about April 4, 2020 titled "Zoom CEO: 'I Really Messed Up' on Security as Coronavirus Drove Video Tool's Appeal," including, but not limited to, documents and communications generated before and after their publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to Request 6 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 6, however, seeks "all" documents and communications regarding three publications regardless of whether

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

those documents and communications concerned "end-to-end encryption." For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents and communications between January 1, 2019 and April 6, 2020 that referred to both the referenced articles and "end-to-end encryption" for Zoom Meetings.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning Defendant's (1) April 1, 2020 blog post "A Message to Our Users"; (2) April 1, 2020 blog post "The Facts Around Zoom and Encryption for Meetings/Webinars"; and (3) April 3, 2020 blog post "Response to Research From University of Toronto's Citizen Lab," including, but not limited to, documents both before and after the postings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to Request 7 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 7, however, seeks "all" documents and communications regarding three blog posts regardless of whether the documents and communications concerned "end-to-end encryption." The referenced blog posts addressed issues that had nothing to do with "end-to-end encryption," including things such as "Zoombombing" and user education. For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents and communications between January 1, 2019 and April 6, 2020 that referred to both the referenced blog posts and "end-to-end encryption" for Zoom Meetings.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning the varying usages of the term "end-to-end encryption" (and its variants, *e.g.*, "E2EE"), including, but not limited to, any difference or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

discrepancy between the commonly-accepted definition of end-to-end encryption and how Zoom used the term in public documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to Request 8 on the grounds that the phrases "varying usages," "commonly-accepted definition," and "how Zoom used the term" are vague and ambiguous.

Defendants further object to Request 8 as vague and ambiguous to the extent that it purports to require Defendants to draw subjective conclusions, or is predicated on subjective conclusions about what is the "commonly-accepted definition of end-to-end encryption."

Defendants are willing to meet and confer with Plaintiff about Request 8, but they will not produce documents or communications responsive to Request 8 at this time.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning removal or revisions to references of encryption, including end-to-end encryption, in the Company's blog posts or other public statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to Request 9 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 9, however, seeks "all" documents and communications "concerning removal or revisions to references of encryption" generally, which is a much broader topic. In addition, Request 9 inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 9, but they will not produce documents or communications responsive to Request 9 at this time.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning steps taken to encrypt Zoom Meetings leading up to, or after Defendants' April 1, 2021 blog post, including, but not limited to, any board presentations or review, any remediation plans, any terminations or other employee-related remediation, any product builds, any consultant or advisor engagement, and any investor or analyst communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to Request 10 on the grounds that "steps taken to encrypt Zoom Meetings," "terminations," "remediation plans," "employee-related remediation" are vague and ambiguous. Defendants further object to Request 10 on the ground that "April 1, 2021 blog post" is vague, ambiguous, and irrelevant. Defendants are not aware of an April 1, 2021 blog post that concerned any issues in this case.

Defendants further object to Request 10 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 10, however, seeks "all" documents and communications concerning "steps taken to encrypt Zoom Meetings," which goes far beyond "end-to-end" encryption. Request 10 also inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants will not produce documents or communications in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning corporate customers no longer using Zoom Meetings due to security concerns.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to Request 11 on the ground that "security concerns" is vague and ambiguous. Defendants further object to Request 11 as vague and ambiguous to the extent that it purports to require Defendants to draw subjective conclusions about why a corporate customer may no longer use Zoom meetings.

Defendants further object to Request 11 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The statement at issue concerns whether Zoom offered "end-to-end encryption." Only documents concerning "end-to-end encryption" are relevant to the remaining claims. Request 11, however, seeks "all" documents and communications concerning corporate customers no longer using Zoom meetings due to "security concerns," which is a much broader topic. In addition, Request 11 inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants will not produce documents or communications in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning any formal and informal investigations by and any settlement with the FTC, including, but not limited to, as disclosed in the Company's Form 10-K filed on March 7, 2022 and *In the Matter of Zoom Video Communications, Inc., a Corporation, d/b/a Zoom*, No. 192 3167. This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements, whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to Request 12 as seeking privileged and work product-protected information.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

Defendants further object to Request 12 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Plaintiff is not automatically entitled to all information relating to a government investigation. Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, and each category must be relevant to the claims or defenses. Here, Plaintiff seeks "all" documents and communications related to "any formal and informal investigations by and any settlement with the FTC" without limiting his request to any subject matter or making any attempt to tie those demands to any claim or defense in this case. For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 12, but they will not produce documents or communications responsive to Request 12 at this time.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning any formal and informal investigations by and any settlement with the DOJ or SEC, including, but not limited to, as disclosed in the Company's blog post "Our Perspective on the DOJ Complaint," dated December 18, 2020 and in the Company's Form 10-K filed on March 7, 2022. This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to Request 13 as seeking privileged and work product-protected information.

Defendants further object to Request 13 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Plaintiff is not automatically entitled to all information relating to a government investigation. Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, and each category must be relevant to its claims and defenses. Here, Plaintiff seeks "all" documents and communications related to "any formal and informal investigations by and any settlement with the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

DOJ or SEC" without limiting his request to any subject matter or making any attempt to tie those demands to any claim or defense in this case. For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 13, but they will not produce documents or communications responsive to Request 13 at this time.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning any formal and informal investigations by and any settlement with the NYAG, including, but not limited to, as described in the Letter Agreement between Zoom and the NYAG, dated May 7, 2020. This Request includes any subpoenas, document requests, documents produced in connection with such subpoenas or document requests, memos or transcripts of interviews, testimony or statements whether or not given under oath, correspondence and other communications, presentations, and meeting materials and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to Request 14 as seeking privileged and work product-protected information.

Defendants further object to Request 14 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Plaintiff is not automatically entitled to all information relating to a government investigation. Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, and each category must be relevant to its claims and defenses. Here, Plaintiff seeks "all" documents and communications related to "any formal and informal investigations by and any settlement with the NYAG" without limiting his request to any subject matter or making any attempt to tie those demands to any claim or defense in this case. For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Defendants are willing to meet and confer with Plaintiff about Request 14, but they will not produce documents or communications responsive to Request 14 at this time.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPs
3:20-CV-02353-JD

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning Zoom's stock price movement on or around the dates of disclosures concerning the security capabilities for Zoom Meetings alleged in the Complaint. Complaint, ¶¶97-117. This Request includes documents about analyst or investor reaction to disclosures or contemplated disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to Request 15 on the grounds that "security capabilities" and "contemplated disclosures" are vague and ambiguous.

Defendants further object to Request 15 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case to the extent it seeks information concerning Zoom's stock price movement on or around the "dates of disclosures" prior to March 31, 2020. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. The Court found that Plaintiff adequately alleged corrective disclosures for that statement on March 31, 2020, and April 1, 2020 (and no other time). None of the earlier alleged "disclosures" has any nexus to the one alleged misstatement remaining in this case. For example, the alleged "revelation" by a security researcher on July 8, 2019, was "that a vulnerability for Zoom users on Mac computers allowed malicious websites to enable a user's camera without consent." (Compl. ¶ 98.) That disclosure had nothing to do with "end-to-end encryption." Similarly, the *New York Times* article on March 30, 2020, allegedly related to "data sharing with Facebook and flaws that can allow malicious websites to secretly enable users' webcams. (Compl. ¶ 101). Again, that "alleged "disclosure" had nothing to do with "end-to-end encryption." For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents and communications concerning Zoom's stock price movement between March 31, 2020 and April 6, 2020, inclusive.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPs
3:20-CV-02353-JD

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify Zoom's policies and procedures for making public disclosures, including, but not limited to, in connection with Zoom's IPO, SEC filings, conference calls, whitepapers, blogs and internet posts, and statements to any investor, analyst, or the media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to Request 16 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Pursuant to the Court's Order re Motion to Dismiss, only one statement made in April 2019 remains at issue out of the 15 statements originally alleged to be false and misleading in the Complaint. That statement was not made in a Zoom conference call, whitepaper, blog, internet post, or statement to investor, analyst, or the media. Rather, the statement appeared in Zoom's Prospectus. Documents relating to Zoom's policies for making statements outside of the context of the IPO Prospectus are not relevant to the claims in this action. Request 16 also inexplicably seeks documents spanning more than 32 months when the alleged Class Period is less than a year (April 18, 2019 through April 6, 2020). For these reasons, the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents sufficient to show Zoom's policies and procedures for making public disclosures in connection with its IPO Prospectus.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify the organizational structure of Zoom (*e.g.*, organizational chart or intranet printout), including, but not limited to, Zoom's executive personnel, divisions, departments or other corporate subdivisions, the relationships among them, and their responsibilities and decision making authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to Request 17 as vague and ambiguous because Zoom's organizational structure changes over time and the Request is not fixed in time.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

Defendants are willing to meet and confer concerning Request 17, but they will not produce documents or communications responsive to Request 17 at this time.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning Yuan's holdings and transactions related to Zoom securities, including, but not limited to, any stocks, options or other derivatives, transactions, donations, use of Zoom securities as collateral, lending, margin loans and any SEC Rule 10b5-1 sales plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to Request 18 on the grounds that it is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Plaintiff did not make any allegations relating to Yuan's stock sales. Nevertheless, the Request inexplicably seeks information about Yuan's holdings and transactions for a period extending nine months before and eleven months after the alleged Class Period.

Subject to Defendants' objections, Defendants will search for and produce non-privileged documents sufficient to show Yuan's ownership of and transactions relating to Zoom securities during the alleged Class Period and any SEC Rule 10b5-1 sales plan effective during the alleged Class Period.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify each board member, each current or former Zoom employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures and Yuan's personal and business mobile phone numbers, email addresses, and electronic messaging accounts (including, but not limited to, WhatsApp, Slack, Signal, Telegram, WeChat, iMessage, Teams, and Duo).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to Request 19 on the ground that the term "board member" is vague and ambiguous. It is unclear whether Plaintiff is referring to current board members, board members during the class period, or both.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

Defendants further object to Request 19 on the ground that the information concerning individual's personal and business mobile phone numbers, email addresses, and electronic messaging accounts are not relevant to any party's claim or defense.

Defendants further object to Request 19 on the ground that it seeks to invade the right of privacy held by Zoom's directors and its current and former employees.

Defendants will not produce documents or communications in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify Defendants' document destruction or retention policies, including, but not limited to, policies with respect to ESI, hardcopy documents, company records, files and email, data on personal devises [sic], and each preservation notice or litigation hold in effect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to Request 20 as seeking privileged and work product-protected information.

Defendants further object to Request 20 because the information sought is not relevant and proportional to the needs of the case, and because it seeks discovery on discovery, which is disfavored. *See Uschold v. Carriage Servs. Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019).

Defendants will not produce documents or communications in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, without limitation as to time, concerning any of Defendants' affirmative and other defenses set forth in Defendants' Answer to Plaintiff's Consolidated Class Action Complaint (ECF 93).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD

documents received by third parties in connection with this litigation, Defendants object to Request 23 on the ground that the Request is premature at this early stage of discovery.

Defendants will not produce documents or communications in response to this request at this time.

Dated: April 24, 2023

COOLEY LLP

By: _____
    Craig TenBroeck

Attorneys for Defendants
*Zoom Video Communications, Inc. and Eric S. Yuan*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

19

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST RFPS
3:20-CV-02353-JD**