UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re ZOOM SECURITIES LITIGATION | ) | Case No. 3:20-cv-02353-JD |
| | ) | |
| This Document Relates To: | ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

The Court previously granted preliminary approval of the proposed classwide settlement set forth in the Stipulation of Settlement dated July 17, 2023 (the Stipulation).  *See* Dkt. No. 128 (preliminary approval order).  Notice having been given to the Class as required in the preliminary approval order, and based on the record as whole, the Court orders as follows.

1.    All terms used in this judgment and order will have the same meanings as in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court affirms its determinations in the preliminary approval order, which certified, for purposes of effectuating the Settlement, a Class defined as all Persons that purchased or otherwise acquired Zoom common stock or call options on Zoom common stock or sold put options on Zoom common stock or call options on Zoom common stock or sold put options on Zoom common stock (Zoom Securities) between April 18, 2019, and April 6, 2020, inclusive.  Excluded from the Class are Defendants and their families, the officers and directors of Zoom during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any firm, trust, corporation, partnership, or other entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit A.

4.    With respect to the Class, this Court finds for the purposes of effectuating the Settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting

only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Adam Y. Ali as the representative of the Class.  Lead Counsel is also certified as counsel to the class representative and the Class in the Action.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court grants final approval for the Settlement set forth in the Stipulation and finds that:

(a)      in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)      there was no collusion in connection with the Stipulation;

(c)      Lead Plaintiff and Lead Counsel have adequately represented the Class;

(d)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)      the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)      the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff, and the other Class Members and as against each and all of the Released Defendant Parties.

8.    No Person shall have any claim against the Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

9.    Upon the Effective Date, Lead Plaintiff, and each of the Class Members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Lead Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

10.    Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 3:20-cv-02353-JD                                                                - 3 -

11. Upon the Effective Date, the Lead Plaintiff, all Class Members, and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

12. The distribution of the Summary Notice, Notice, and Proof of Claim, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of

Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

14. Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court finds that Defendants have satisfied their financial obligation under the Stipulation by paying or causing to be paid $150,000,000.00 to the Settlement Fund, in accordance with ¶2.1 of the Stipulation.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    The Settling Parties will bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

19.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED:  November 10, 2025

_____

THE HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 3:20-cv-02353-JD

- 6 -

# EXHIBIT A

*In re Zoom Securities Litigation*,
No. 3:20-cv-02353-JD

## VALIDLY AND TIMELY
## REQUESTED EXCLUSIONS

1.  Jonathan D. Soto
2.  Avie C. Walker
3.  Andrew Lulek
4.  Vyron D. Van Houten
5.  Malta Pension Investments
6.  Neila B. Hillan Ko
7.  Jacopo I'enco
8.  Suzanne King